Related DDJ

FILED 2022 NOV 10 PM 1:50
CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES
BY: ___ PAID NOV 10 2022

Name: ZHOIE PEREZ

Address: 14926 TEMPLAR DRIVE

LA MIRADA CA 90638

Phone: 657-239-6005

Fax: ___

In Pro Per

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

ZHOIE PEREZ

Plaintiff

v.

CITY OF LOS ANGELES, OFFICER RIOS, OFFICER WALKER, CLAUDE JABSI, JOHN DOE

Defendant(s).

CASE NUMBER: CV22-8227-SVW (AS)

To be supplied by the Clerk of The United States District Court

**COMPLAINT**

1. Plaintiff ZHOIE PEREZ (hereinafter "Plaintiff/ZHOIE PEREZ) is and at all times relevant herein was a resident in the County of Los Angeles.

2. Plaintiff is informed and believes that the City of Los Angeles, its Officers, Claude Jabsi and John Doe violated her Civil Rights in December 2020.

3. Plaintiff is informed, believes and thereon alleges that at all times relevant and mentioned herein, Defendants, inclusive and each of them were the agents, servants, employees, employers, co-conspirators, and/or joint venturers of their co-Defendants and each of them was acting within the course, scope and authority of said agency (City of Los Angeles).

4. The true name and capacity of John Doe 1-5 inclusive, are unknown to the Plaintiff, who therefore sues said defendant by such fictitious names. the full extent of the facts linking such

CV-126 (09/09)      PLEADING PAGE FOR A COMPLAINT

fictiously sued Defendants is unkown to the Plaintiff. Plaintiff is informed and believes and thereon alleges that the Defendants designated John Doe was and is negligent or in some other actionable manner responsible for the events and happenings hereinafter referred to, and thereby negligently or in some other actionable manner, legally and proximately caused the hereinafter described violations and damages to the Plaintiff. Plaintiff will hereafter seek leave of the Court to amend this Complaint to show the Defendants true name and capacities after the same have been ascertained.

## JURISDICTION AND VENUE

5. The acts which are the subject of this complaint took place in the County of Los Angeles, California.

6. This Court has jurisdiction because the alleged acts and omissions giving rise to the allegations contained herein occured in the County of Los Angeles and the Defendants either live in or conduct business in the State of California, County of Los Angeles.

## GENERAL ALLEGATIONS

7. At all times relevant herein, Plaintiff, a Transgender woman of color, who was, at the time, 47 years old, had her Civil Rights violated by all Defendants. Based on video and audio evidence, information and belief that the Defendants are the City of Los Angeles, the City of Los Angeles' Officers and six other Defendants unrelated to the City of Los Angeles.

8. In December 2020 mid morning the Plaintiff was doing a news story on the Catholic church - St. Anastias - located at 7390 W. Manchester Avenue, Los Angeles California 90045. The news story was about the staff and the congregants violating the Health Department requirements at that time for religious services by not adhering to mask and social distancing mandates. Plaintiff was filming the ongoings from the public sidewalk, never once venturing onto the church's property.

9. Within eleven minutes of filming I was approached by staff and congregants subsequently having them call the police on me for filming on the public sidewalk.

10. Seventeen minutes into the story Defendant, Claude Jabsi arrives in his Range Rover SUV, stops in the driveway and approaches me. He almost immediately grabs me and threatens me. I pull away and show him my pepperspray in an effort to defuse the situation. Claude Jabsi then

16. The actions described hereinabove against the Plaintiff committed by the two LAPD Officers, Claude Jabsi and John Does 1-5 were done intentionally and with the intent to not only cause harm but to violate the Plaintiff's Constitutional Rights. They were done to deprive the Plaintiff of hereof, without limitation, the exercise of her protected Constitutional Rights as a journalist, an Army Veteran and a public citizen to exist on public property and document her experiences.

17. The entire incident was audio and video recorded by the Plaintiff. Plaintiff is informed and knows that the Defendants are also in possession of audio and video documentation of the event. Plaintiff incorporates the audio and video recordings of this incident herein and by reference.

## FIRST CAUSE OF ACTION FOR VIOLATION OF THE RALPH CIVIL RIGHTS ACT
## (BY PLAINTIFF AGAINST ALL DEFENDANTS)

18. Plaintiff incorporates herein by reference, each and every allegation and statement contained in paragraphs 1 - 17, supra, as if the same had been set set forth fully below.

19. Plaintiff is a Transgender woman of color. At all times mentioned herein above, Plaintiff was the subject of harassment, discrimination, threats, intimidation and imprisonment. Said actions were committed against the Plaintiff based upon, without limitation, her actual and/or perceived sex, gender, sexual orientation, race and/or color.

20. Based on information of belief, the Defendants knew that the Plaintiff was a Transgender woman of color.

21. Said acts mentioned constitute, without limitation, a violation of the Ralph Civil Rights Act.

22. As a direct, legal and proximate cause of the aforementioned conduct of the Defendants, each of them inclusive, Plaintiff suffered injuries to her physical and mental health, strength and activity and a shock to her nervous system, all of which said injuries have caused and continue to cause her great mental and nervous pain and suffering. Plaintiff is further informed and believes, and thereon alleges that said injuries may or will result in permanent disability, all to her general damagaes in an amount which will be stated according to proof, but are in an amount that exceeds the minimum jurisdiction of this Court.

23. As a further and proximate cause of the aforementioned conduct of the defendants, Plaintiff will have to employ the services of hospitals, physicians, nurses and the like to care for and to treat the Plaintiff. Incedental expenses were incurred and will be incurred, of which the exact amount will be stated according to proof.

24. The conduct of the Defendants, each of them, was willful, malicious, oppressive and/or reckless and done with the intent to oppress the Plaintiff and with a conscious disregard for the Plaintiff's safety, well-being and deprivation of her liberty. Further, the foregoing intentional acts subjected the Plaintiff to cruel and unjust hardship in conscious disregard to Plaintiff's rights. As a result of the foregoing, Plaintiff is entitled to punitive damages against Defendants and each of

them, in an amount according to proof.

## SECOND CAUSE OF ACTION FOR VIOLATIONS OF THE BANE CIVIL RIGHTS ACT
### (BY PLAINTIFF AGAINST ALL DEFENDANTS)

25. Plaintiff incorporates herein by reference, each and every allegation and statement contained paragraphs 1 - 17, supra, as if the same had been set forth fully below.

26. At all times mentioned herein above, Plaintiff was the subject of harassment, discrimination, violence and intimidation by all Defendants, due at least in part to, without limitation, Plaintiff's actual or perceived sex, gender, sexual orientation, race and/or color.

27. The Defendants attempted to and indeed did interfere - through violence and intimidation - with the Plaintiff's exercise and enjoyment of her First Amendment Rights to free speech and her right to be free from violence motivated by, without limitation, her actual and/or perceived sex, gender, sexual orientation and/or color.

28. As a direct, legal and proximate cause of the aforementioned conduct of all of the Defendants, Inclusive, Plaintiff suffered injuries to her physical and mental health, and shock to her nervous system, all of which said injuries have caused, and continue to cause her great physical, mental and nervous pain and suffering. Plaintiff is further informed and believes, and thereon alleges that said injuries may or will result in permanent disability, all to her general damages in an amount which will be stated according to proof, but are in an amount that exceeds the minimum jurisdiction of this Court.

29. As a further and proximate cause of the aforementioned conduct of Defendants, Inclusive, Plaintiff has employed and will have to employ the services of hospitals, physicians, nurses and the like to care for and treat the Plaintiff. Medical, professional and incidental services were incurred and will be incurred, of which the amount will be stated according to proof.

30. Furthermore, as a result of Defendants and each of their wrongful and illegal conduct as alleged herein, Plaintiff is also entitled to three times their actual damages, which in no case shall be less than $4,000.00.

31. The conduct of the Defendants, each of them, was willful, malicious, oppressive and/or reckless, and done with the intent to oppress the Plaintiff and with a conscious disregard for the Plaintiffs safety, well-being and deprivation of her liberty. Further, the foregoing intentional acts subjected the Plaintiff to cruel and unjust hardship in conscious disregard of the Plaintiffs rights. As a result of the foregoing, Plaintiff is entitled to punitive damages against the Defendants, and each of them, in an amount according to proof.

32. Plaintiff shall further be entitled to appropriate equitable remedies to be proven at trial.

### THIRD CAUSE OF ACTION FOR FALSE IMPRISONMENT
### (BY PLAINTIFF AGAINST ALL DEFENDANTS)

33. Plaintiff incorporates herein by reference, each and every allegation and statement contained in paragraphs 1 - 17, supra, as if the same had been set forth fully below.

34. After law enforcement arrived on the scene persuant to multiple 911 calls, the Defendants worked with the the officers to falsely and knowingly and without cause say that my actions were in violation of law when in fact they were not.

35. At no time did the Plaintiff consent to her unlawful and unreasonable detention, confinement, false imprisonment and/or deprivation of her liberty which was instigated, perpetuated and carried out by the Defendants.

### FOURTH CAUSE OF ACTION FOR FIRST AMENDMENT VIOLATION
### 42U.S.C. 1983
### (BY PLAINTIFF AGAINST ALL DEFENDANTS)

36. Plaintiff brings this claim against all Defendants because their rights violations were driven by the fact the Plaintiff was excercising her rights to free press.

FIFTH CAUSE OF ACTION FOR ILLEGAL SIEZURE

42 U.S.C. 1983

(BY PLAINTIFF AGAINST CITY OF LOS ANGELES, OFFICER RIOS, OFFICER WALKER)

37. In December 2020 the defendants were acting under the color of law within the meaning of 42 U.S.C. 1983, siezed the Plaintiff without probable cause, thereby depriving the plaintiff of her rights under the fourth and fourteenth amendments to the Constitution of the United States in a direct violation of 42 U.S.C. 1983. These Defendants violated the Plaintiffs right to be free from unlawful siezure.

SIXTH CAUSE OF ACTION FOR FOURTH AMENDMENT VIOLATION

UNLAWFUL SEARCH AND SIEZURE

42 U.S.C. 1983

(BY PLAINTIFF AGAINST CITY OF LOS ANGELES, OFFICER RIOS, OFFICER WALKER)

38. In December of 2020, the Defendants identified the Plaintiff by force, thereby depriving the Plaintiff of her fourth Amendment rightsunder the Constitution of the United States in direct violation of 42 U.S.C. 1983.

PRAYER FOR RELIEF

WHEREFORE, Plaintiff ZHOIE PEREZ prays for judgement against all Defendants, and each of them Inclusive, as follows:

On the Plaintiff's first cause of action for violation of the Ralph Civil Rights Act:

1. For general damages in the amount to be proven at triual;
2. For special damages in an amount to be proven at trial;
3. For a civil penalty of $25,000.00;
4. For exemplary and punitive damages according to proof at the time of trial.

On the Plaintiff's second cause of action for violation of the Bane Civil Rights Act:

1. For general damages in the amount to be proven at triual;
2. For special damages in an amount to be proven at trial;
3. For treble actual damages, which in no case shall be less than $4,000.00;
4. For a civil penalty of $25,000.00;
5. For exemplary and punitive damages according to proof at the time of trial.

On the Plaintiff's third action of cause for False Imprisonment:

1. For general damages in an amount to be proven at trial.
2. For special damages in an amount to be proven at trial.
3. for exemplary and punitive damages according to proof at the time of trial.

On the Plaintiff's fourth action of cause for violating First Amendment Rights;

1. For general damages in an amount to be proven at trial.
2. For special damages in an amount to be proven at trial.
3. for exemplary and punitive damages according to proof at the time of trial.

On the Plaintiff's fifth cause of action for Illegal Siezure

1. For general damages in an amount to be proven at trial.
2. For special damages in an amount to be proven at trial.
3. for exemplary and punitive damages according to proof at the time of trial.

On the Plaintiff's sixth cause of action for violating Fourth Amendment Rights;

1. For general damages in an amount to be proven at trial.
2. For special damages in an amount to be proven at trial.
3. for exemplary and punitive damages according to proof at the time of trial.

Dated; 11-04-2022                                ZHOIE PEREZ


                                                 ZHOIE PEREZ
                                                 14926 TEMPLAR DRIVE
                                                 LA MIRADA CA 90638
                                                 657-239-6005

DEMAND FOR JURY TRIAL

PLAINTIFF ZHOIE PEREZ HEREBY DEMANDS A TRIAL OF ALL CAUSES BY JURY.

Dated: 11-04-2022

ZHOIE PEREZ

_____
ZHOIE PEREZ
14926 TEMPLAR DRIVE
LA MIRADA CA 90638
657-239-6005

CV-126 (09/09)    PLEADING PAGE FOR A COMPLAINT