UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | CV 22-08227-SVW (AS) | Date | December 13, 2022 |
|---|---|---|---|
| Title | *Zhoie Perez v. City of Los Angeles, et. al.,* | | |

| Present: The Honorable | Alka Sagar, United States Magistrate Judge |
|---|---|
| Alma Felix | N/A |
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not present | Not present |

**Proceedings (In Chambers):**     **ORDER REGARDING SCHEDULING IN CIVIL RIGHTS CASE**

1.  Case Management Report

Each party must file and serve a Case Management Report on or before **February 13, 2023.** The Case Management Report must contain the following information:

A.  A brief description of the factual and legal issues raised in this case.
B.  A statement of the parties' discovery plans, including the completion of discovery to date, anticipated discovery to be conducted before the cut-off date, and any disputes / motions likely to be presented to the Court.
C.  A description of any motions that the parties anticipate filing. If the defense does not intend to file a case dispositive motion, this information will be included.
D.  The number of witnesses anticipated to testify at trial, and the nature of any expert witness testimony.
E.  The parties' time estimate for trial, and whether the matter will be a jury or bench trial.
F.  An explanation of the likelihood of settlement, and a statement of anticipated settlement or mediation methods to be used before trial.
G.  Any other information that the parties deem important to bring to the Court's attention.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | CV 22-08227-SVW (AS) | Date | December 13, 2022 |
|---|---|---|---|
| Title | *Zhoie Perez v. City of Los Angeles, et. al.,* | | |

2. Discovery

Discovery is the process by which the parties request information from each other about their claims and defenses. A party may serve interrogatories (written questions), requests for admissions of facts, and document requests in compliance with the Federal Rules of Civil Procedure. A party may also conduct depositions, which are question-and-answer sessions recorded by a court reporter. **Each party must bear the cost of conducting discovery.** The Court is not involved in the discovery process; Rule 5(d) *prohibits* filing discovery disclosures with the Court unless required for use in a proceeding or motion.

All discovery in this action – including expert discovery – must be completed by or before **August 14, 2023**. The parties are encouraged to serve discovery requests promptly to ensure the completion of depositions, production of records, and return of other written discovery by that date. No discovery may be conducted after that date without prior approval of the Court for good cause shown.

Except as otherwise specifically provided in this Order, discovery is governed by the Federal Rules of Civil Procedure and applicable Local Civil Rules of the Court. *Pro se* litigants are entitled to discovery to the same extent as are litigants represented by counsel. The Court may, however, order a complete or partial stay of discovery in appropriate circumstances, including when a defense of qualified immunity is raised.

3. Motions

Discovery motions must be filed and served by or before **October 16, 2023**. All other motions (including motions for summary judgment) must be filed and served by or before **November 16, 2023**. Any opposition to the motion must be filed within 21 days from service of the motion. Any reply must be filed within 14 days from service of the opposition, unless otherwise ordered by the Court. Motions will be considered on the papers unless otherwise ordered by the Court.

**The failure to file a timely opposition to a motion may constitute that party's consent to relief sought pursuant to Local Civil Rule 7-12 and/or result in a recommendation that this action be dismissed for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | CV 22-08227-SVW (AS) | Date | December 13, 2022 |
|---|---|---|---|
| Title | *Zhoie Perez v. City of Los Angeles, et. al.,* | | |

4. <u>Compliance with Federal Rules of Civil Procedure and Local Rules of Court</u>

All parties must comply with the Federal Rules of Civil Procedure and the Local Civil Rules of the Court. All counsel and *pro se* parties are bound by Federal Rule of Civil Procedure 11, including the provision allowing the Court to impose sanctions for violations of those rules.

5. It is Plaintiff's responsibility to notify the Court and defense counsel of any change of address and the effective date of the change. If Plaintiff fails to keep the Court informed of a correct mailing address, this case may be dismissed under Local Rule 41-6, which states as follows:

> **If mail directed by the Clerk to a *pro se* plaintiff's address of record is returned undelivered by the Postal Service, and if, within fifteen days of the service date, such plaintiff fails to notify, in writing, the Court and opposing parties of said plaintiff's current address, the Court may dismiss the action with or without prejudice for want of prosecution.**

<u>**THE COURT EXPECTS STRICT COMPLIANCE WITH ALL TERMS OF THIS ORDER AND THE LOCAL RULES OF COURT**</u>