**HYDEE FELDSTEIN SOTO**, City Attorney (10686x)
**SCOTT MARCUS**, Chief Assistant City Attorney –SBN 184980
**CORY M. BRENTE**, Senior Assistant City Attorney – SBN 115453
**EMILY S. COHEN**, Deputy City Attorney – SBN 285709
200 North Main Street, 6th Floor, City Hall East
Los Angeles, CA 90012
Phone No.: (213) 645-9926
Fax No.:   (213) 978-8785
Email: emily.s.cohen@lacity.org

Attorneys for Defendant **CITY OF LOS ANGELES, CHRISTOPHER WALKER** and **EDUARDO RIOS**

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ZHOIE PEREZ, an individual,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF LOS ANGELES, OFFICER RIOS, OFFICER WALKER, CALUDE JABSI; and JOHN DOE 1-5,<br><br>Defendants. | **CASE NO. CV22-08227-SWV(ASx)**<br>*Hon. Stephen V. Wilson, Courtroom 10A*<br>*Mag. Judge Alka Sagar.*<br><br>**DEFENDANTS CITY OF LOS ANGELES, ET AL OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE A FIRST AMENDED COMPLAINT; DECLARATION OF DEPUTY CITY ATTORNEY EMILY COHEN; EXHIBIT** |

**TO THE HONORABLE COURT, PLAINTIFF AND DEFENDANT JABSI:**

LAPD Defendants hereby respectfully submit their opposition to Plaintiffs' Motion to for leave to file a First Amended Complaint ("FAC"). The Motion appears failed to comply with L.R. 7-3. Also, Plaintiff has failed to attach the amended complaint or explain in her motion that she has exercised due diligence, or how the

i

1  amendment wouldn't be futile or prejudicial. For the additional reasons stated herein,
2  the Motion should be denied.

4  Dated: February 28, 2023         **HYDEE FELDSTEIN SOTO,** City Attorney
                                    **SCOTT MARCUS**, Chief Assistant City Atty.
                                    **CORY M. BRENTE,** Senior Assistant City Atty.

                                    By:   _/s/ Emily S. Cohen_
                                          **EMILY S. COHEN**, Deputy City Attorney
                                    Attorneys for Defendants **CITY OF LOS
                                    ANGELES, CHRISTOPHER WALKER** and
                                    **EDUARDO RIOS**

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Plaintiffs Zhoie Perez seeks leave to file her proposed First Amended Complaint ("FAC"). Although Plaintiff's declaration to her complaint states that she has attached the FAC as Exhibit 1, no such document appears to be attached to the motion. Plaintiff's pleadings nonetheless claim that she only wants to add (1) Nivia Brito, (2) Leszek Semik, and (3) The Archdiocese of Los Angeles Risk Management Corporation to this § 1983 action. Defendants City of Los Angeles, Officer Rios, and Officer Walker (hereinafter referred to as "LAPD Defendants") oppose this motion.

Plaintiff filed her original Complaint on November 10, 2022. At that time, Plaintiff alleged she was unaware of the identities of John Doe 1-5. (Complaint, Paragraph 4). On December 13, 2022, this Court issued an Order Regarding Scheduling in Civil Rights Case. (Docket No. 15) The last words on the order are "THE COURT EXPECTS STRICT COMPLIANCE WITH ALL TERMS OF THIS ORDER AND THE LOCAL RULES OF COURT."

As this Court is well-aware, L.R. 7-3 sets forth the requirements of a meet and confer, as well as the timing of that conference:

> ***L.R. 7-3 Conference of Counsel Prior to Filing of Motions.*** In all cases not listed as exempt in L.R. 16-12, and except in connection with discovery motions (which are governed by L.R. 37-1 through 37-4) and applications for temporary restraining orders or preliminary injunctions, counsel contemplating the filing of any motion shall first contact opposing counsel to discuss thoroughly, preferably in person, the substance of the contemplated motion and any potential resolution. The conference shall take place at least seven (7) days prior to the filing of the motion. If the parties are unable to reach a resolution which eliminates the necessity for a hearing, counsel for the moving party shall include in the notice of motion a statement to the following effect:
>
> "This motion is made following the conference of counsel pursuant to L.R. 7-3 which took place on (date)."

Plaintiff never sought to meet and confer with LAPD Defendants prior to filing

1

this motion. It is unknown if Plaintiff attempted to meet and confer with co-Defendant Jabsi. Plaintiff did not include the meet and confer statement, as required by the local rules. LAPD Defendants' position is that Plaintiffs should have complied with LR 7-3 and on that basis, the Motion should be denied.

## II. PLAINTIFF CANNOT SHOW GOOD CAUSE UNDER RULE 16

Since the Court issued a scheduling order on December 13, 2022, and Plaintiff filed her motion February 14, 2023, she must comply with FRCP 15 and 16. Plaintiff has failed to satisfy the good cause standard and obtain leave to file the FAC. Therefore, a party seeking to amend its pleading after the scheduling order has been issued "must first show 'good cause' for amendment under Rule 16(b), then, if 'good cause' be shown, the party must demonstrate that amendment was proper under Rule 15." *Johnson*, 975. F.2d at 608 (citing *Forstmann*, 114 F.R.D. at 85 ["A party who requests leave to amend after the date specified in the initial scheduling order must satisfy two prerequisites."]).

This Court issued its Scheduling Order on December 13, 2022. (Docket No. 15) The "good cause" inquiry focuses on whether scheduling deadlines could not be met despite a party's diligence. *Johnson*, 975. F.2d at 609; *Jackson v. Laureate, Inc.*, 186 F.R.D. 605, 609 (E.D. Cal. 1999). The movant must show "new and previously unavailable information" to justify any amendment. *Eckert Cold Storage v. Behl*, 943 F. Supp. 1230, 1233 (E.D. Cal. 1996). Plaintiff selected the church that she chose to "audit" in this case. She has been aware of the location since before the incident even occurred in 2020. The discovery exchanged so far makes no mention of the Archdiocese of Los Angeles. Therefore, it is unclear how she can claim that she was unaware of the identity of The Archdiocese of the Los Angeles. Additionally, she has failed to show how the information of the parties was unavailable to her, considering it was in a police report that was available to her. So far, she has failed to demonstrate why she could not identify the parties, despite her diligence.

"'A court's evaluation of good cause is not coextensive with an inquiry into the

propriety of the amendment under … Rule 15.'" *Johnson*, 975. F.2d at 609 (quoting *Forstmann*, 114 F.R.D. at 85). "Unlike Rule 15(a)'s liberal amendment policy which focuses on the bad faith of the party seeking to interpose an amendment and the prejudice to the opposing party, Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment." *Id*. Indeed, if the moving party "was not diligent, the inquiry should end." *Id*.

In general terms, "[t]he district court may modify the pretrial schedule 'if it cannot reasonably be met despite the diligence of the party seeking the extension.'" *Id*. (quoting Fed. R. Civ. Proc. 16, Advisory Committee Notes (1983 Amendment)). Thus, "good cause" for modifying a scheduling order "might exist if, for example, plaintiff uncovered previously unknown facts during discovery that would support an additional cause of action." *Forstmann*, 114 F.R.D. at 86 n.1. "Good cause" might also exist where there has been a "change in the law" or "other changed circumstance." *Hartis v. Chicago Title Ins. Co.*, 694 F.3d 935, 948 (8th Cir. 2012). On the other hand, simple "carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief." *Johnson*, 975. F.2d at 609.

Plaintiffs' lack of diligence is inconsistent with a showing of "good cause." See *Zivkovic v. S. Calif. Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002) (motion to amend scheduling order properly denied where plaintiff did not show diligence); *Johnson*, 975. F.2d at 610 (denying motion made more than four months after the amendment cutoff). Plaintiff has made no showing of good cause nor even explained how she was diligent in her moving papers. For these reasons, the Motion should be denied.

### III. PLAINTIFF FAILS TO MEET THE RULE 15 STANDARD

Even if the Court determines Rule 16 does not apply, Plaintiff cannot meet the rule 15 standard either. The request to add three defendants should be denied pursuant to Rule 15. Also, the First Claim for Relief in the proposed FAC should not

be permitted even pursuant to the Rule 15 standard. Under Rule 15, after a party may no longer "amend its pleading once as a matter of course," "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. Proc. 15(a)(1). Although the policy favoring amendment is to be applied with "extreme liberality" (*Sonoma County Ass'n of Retired Employees v. Sonoma County*, 708 F.3d 1109, 1117 (9th Cir. 2013), "it is not to be granted automatically" (*In re Western States Wholesale Nat. Gas Antitrust Litig.*, 715 F.3d 716, 738 (9th Cir. 2013) (citation omitted)). The Ninth Circuit has held that "[a]mendments seeking to add claims are to be granted more freely than amendments adding parties." *Id.*, citing *Union Pac. R. Co. v. Nevada Power Co.*, 950 F.2d 1429, 1432 (9th Cir. 1991).

The granting or denial of leave to amend rests in the sound discretion of the trial court and will be reversed only for abuse of discretion. See *Swanson v. United States Forest Serv.*, 87 F.3d 339, 343 (9th Cir. 1996). Nevertheless, courts typically decline to grant leave to amend "only if there is strong evidence of 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposition party by virtue of allowance of the amendment, [or] futility of amendment, etc.'" *Sonoma County Ass'n of Retired Employees*, 708 F.3d at 1117 (quoting *Foman v. Davis*, 371 U.S. 178, 182, 83 S. Ct. 227, 9 L. Ed. 2d 222 (1962)). "Undue delay is a valid reason for denying leave to amend." *Contact Lumber Co. v. P.T. Moges Shipping Co., Ltd.*, 918 F.2d 1446, 1454 (9th Cir. 1990).

Here, Plaintiff does not wish to add additional claims, but rather three additional parties. Plaintiff has failed to explain in her motion why the amendment wouldn't be futile. Plaintiff does not identify which persons would be added to which claims. So, for example, if Plaintiff is attempting to add the new parties, which LAPD Defendants understand to be the church and two private citizens, she will not be able to show that they acted under the color of state law for purposes of a 1983 claim, which would make their addition to the Fourth, Fifth, and Sixth claim fatally

*implausible*. (*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Further, the facts that are currently on the Complaint do not indicate any facts to indicate what these three individuals did to warrant being part of this lawsuit. Plaintiff's motion also does not address this issue.

Additionally, although it is unknown to LAPD Defendants exactly what Defendant Jabsi's position is, LAPD Defendants assume that Defendant Jabsi will object to the amendment as it will prejudice him. LAPD Defendants assume Defendant Jabsi will request the court deny the FAC on the grounds of prejudice. *United States v. Webb,* 655 F.2d 977, 980 (1981). Defendant Jabsi has previously been deposed in this matter, as LAPD Defendants sought to diligently pursue discovery when the court issued its scheduling order. (See Exhibit 1) Adding additional parties to the litigation may subject Jabsi to additional depositions. Additionally, Plaintiff's proof of service attached to the motion only includes the City Attorney's Office and does not include Mr. Jabsi, so it is unclear if he is even aware of this motion.

Finally, there may be a violation of the statute of limitations as the date of the incident, based on police reports, was December 12, 2020 and Plaintiff did not seek to add additional parties that were known or could have been known to her until February 14, 2023.

## IV. CONCLUSION

Based on the foregoing, Defendants respectfully request that the Court deny Plaintiffs' Motion in its entirety, or in the alternative, as it deems appropriate.

Dated: February 28, 2023  **HYDEE FELDSTEIN SOTO,** City Attorney
**SCOTT MARCUS**, Chief Assistant City Atty.
**CORY M. BRENTE,** Senior Assistant City Atty.

By: */s/ Emily S. Cohen*

**EMILY S. COHEN**, Deputy City Attorney
Attorneys for Defendants **CITY OF LOS ANGELES, CHRISTOPHER WALKER** and **EDUARDO RIOS**

5

## DECLARATION OF EMILY COHEN

I, Emily Cohen, declare and state as follows:

1. I am a Deputy City Attorney with the Los Angeles City Attorney's Office. I am assigned with the responsibility of representing Defendants City of Los Angeles and Los Angeles Police Department in the matter of *Zhoie Perez v. City of Los Angeles, et al,* 2:22-CV-08227-SVW-AS. I am admitted to practice before the United States District Court - Central District of California. I make this declaration upon my own personal knowledge, except upon those matters stated upon information and belief.

2. I do not represent Claude Jabsi and I am informed that he represents himself. His deposition was noticed on February 3, 2023. His deposition was taken on February 17, 2023 where both I deposed him as did Plaintiff.

3. A true and correct copy of his notice of deposition is attached as "Exhibit 1."

4. According to the police report in this case, the incident date is December 12, 2020.

5. Plaintiff did not meet and confer with me prior to the filing of this motion, either via email, telephone, or in person.

I declare, under penalty of perjury, pursuant to the laws of the United States of America, and the State of California that the foregoing is true and correct.

Executed this 27th day of February, 2023, at Los Angeles, California.

*Emily S. Cohen*
EMILY S. COHEN, Declarant

6

# PROOF OF SERVICE

I, INGRID FARINO, declare as follows:

At the time of service I was over 18 years of age and not a party to this action. My business address is 200 N. Main Street, 6th Floor, City Hall East, Los Angeles, California 90012, which is in the County, City and State where this mailing occurred.

On February 28, 2023, I served the foregoing documents described as **DEFENDANTS CITY OF LOS ANGELES, ET AL OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE A FIRST AMENDED COMPLAINT; DECLARATION OF DEPUTY CITY ATTORNEY EMILY COHEN; EXHIBIT** on all interested parties in this action by placing copies thereof enclosed in a sealed envelope addressed as follows:

| | |
|---|---|
| PLAINTIFF IN PRO SE | CO-DEFENDANT IN PRO SE |
| ZHOIE PEREZ | CLAUDE JABSI |
| 14926 Templar Drive | 8501 Pershing Drive, Unit No. 4 |
| La Mirada, CA 90638 | Playa Del Rey, CA 90293 |
| Ph: (657) 239-6005 | Ph: (323) 630-6303 |

[X] BY MAIL    [ ]    I deposited such envelope in the mail at Los Angeles, California, with first class postage thereon fully prepaid.
    [X]    I am readily familiar with the business practice for collection and processing of correspondence for mailing. Under that practice, it is deposited with the United States Postal Service on that same day, at Los Angeles, California, in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postage cancellation date or postage meter date is more than one (1) day after the date of deposit for mailing in affidavit; and/ or

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made. I declare under penalty of perjury that the foregoing is true and correct.

Executed on February 28, 2023, at Los Angeles, California.

/s/ *Ingrid Farino*
-----------------------------
INGRID FARINO

7