ZHOIE PEREZ
14926 TEMPLAR DRIVE
LA MIRADA, CA 90638
657-239-6005

FILED
2023 MAR -6 PM 12:37
CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES
BY____

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ZHOIE PEREZ, AN INDIVIDUAL<br><br>Plaintiff,<br><br>vs.<br><br>CITY OF LOS ANGELES, OFFICER RIOS, OFFICER WALKER CLAUDE JABSI, AND JOHN DOE 1-5,<br><br>Defendants | Case No.: CV22-08227-SVW-(AS)<br><br>**PLAINTIFFS RESPONSE TO DEFENDANTS OPPOSITION TO MOTION FOR LEAVE TO FILE A FIRST AMENDED COMPLAINT.** |

## To the Honorable Court and Defendants:

I, the Plaintiff, Zhoie Perez am respectfully submitting my response to the City of Los Angeles' opposition to me adding the JOHN DOES listed in the original complaint. It is accused that I did not exercise due diligence. I will be addressing that as well as the other accusations made herein. To hopefully have the Court see why these JOHN DOES should be added to the complaint.

Dated: March 03, 2023          **ZHOIE PEREZ, PRO SE**

1

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. Introduction

It is accused that the Defendants were never informed that I was going to add more Defendants (JOHN DOES). This is untrue, at the deposition we had for Defendant Claude Jabsi, I have entered into evidence for the Court to view, I will call this "Exhibit 1". In the video you will see the deposition and at minute marker 1 hour and 19 minutes and 30 seconds to 1 hour and 20 minutes and 30 seconds I clearly alert all current Defendants as to my intention to add the three named JOHN DOES to the complaint. Neither party stated any concerns or objections then or afterward.

**II.** In response to the accusation that I did not exercise due diligence in trying to obtain the names of the new Defendants I wish to add that were listed as JOHN DOES in the original complaint. Multiple attempts were made to get the police report. It is claimed that I should have obtained the police report in order to get the names of the JOHN DOES in a timely fashion. I tried multiple times to get the police report from

2

the Defendants. I went to the police station in person to obtain a report first and they told me I would have to make a records request in writing. I will be submitting a Freedom of Information Act (FOIA) that I submitted that has the day and time the file was created, 2 days (December 14, 2020) after the incident for this complaint. The FOIA request will be "EXHIBIT 2". I will also be submitting a Cashiers Check as "EXHIBIT 3". The FOIA request went unanswered by LAPD. I then mailed LAPD my request with the $24 dollar fee for the police report. LAPD sent back my check claiming that since I was the "SUSPECT" in the report, LAPD would not be providing me with a report. As the Court will be able to see, the check is NOT cashed and is paid to LAPD and under the memo section the Court will be able to see "Records Request". I was named the "SUSPECT" in the police report and because of that fact, LAPD was never going to allow me to obtain a copy of the report. I wasn't able to ascertain if the Church would be a defendant without the police report, it was not until I finally received the police report via the discovery process that I realized that both Leszek Semik and Nivia Brito

were employed by the Archdiocese of Los Angeles. This is why I have asked the Court to add the Archdiocese of Los Angeles.

I was able to Identify Defendant Claude Jabsi because after he ran me over with his vehicle, I filmed his license plate and was able to get a name from that and found Mr. Jabsi through a Google search.

After reviewing the police report I found out that the newly added Defendants made false claims in order to have me arrested thus stopping me from freely exercising my First Amendment rights also by making the false criminal complaints they violated my Fourth Amendment rights from being searched, seized and identified by the police.

I have also made multiple attempts in trying to obtain the police body worn camera footage from the Defendants. The Defendants have provided me with a fraction of what I have requested in discovery. I do believe there will be at least one more JOHN DOE to add from the footage contained in the body worn camera footage, but without the cooperation of the Defendants I cannot submit that information in a timely manner. The defendant Claude Jabsi has also vehemently

expressed that he will not comply at all with the discovery requests and again made that assertion in his deposition ("EXHIBIT 1" minute marker 1 hour 49 minutes and 17 seconds). He is also preventing me from identifying the last JOHN DOE for this complaint by withholding the discovery requested.

The Defendant (CITY of LOS ANGELES) has made a false assumption not of fact by stating that Defendant Claude Jabsi will also be objecting despite Mr. Jabsi being clearly informed of my intentions during his deposition and having no objections.

**III.** There was NO bad faith or undue delay on my part with attempting to introduce these new Defendants. It was beyond my control having the police report withheld from me. As stated above, I was restrained from the multiple attempts at trying to obtain the police report (please refer to "Exhibits 2 and 3"). The Court can see that I immediately went to the police station to get a copy of the report and upon being told to get it by submitting a request in writing I, Zhoie Perez the Plaintiff submitted my FIOA request on 2 days later on December 14, 2020. I subsequently

submitted a separate Records Request on Jan. 25, 2022 that was also denied. The claim that adding more Defendants (JOHN DOES) will be an inconvenience to the Defendants, but in the service of justice it is imperative that all parties that were responsible for this unfortunate matter to occur be included in this complaint. It is a greater inconvenience that the Defendants in this complaint process, are withholding vital discovery for this matter. By delaying the discovery, the Defendants are delaying the addition of the other JOHN DOES.

## IV. Conclusion

Based on the explanations above and the Exhibits provided, the Plaintiff respectfully requests that the Court approves my ability to Amend the Complaint to add the additional Defendants.

# DECLARATION OF ZHOIE PEREZ

I, The Plaintiff, Zhoie Perez declare and state as follows:

1. I made multiple attempts at trying to obtain the police report for the incident on December 12, 2020.

2. I did bring up the fact that I was adding new Defendants to all defendants at the time of the deposition for Defendant Claude Jabsi.

I declare, under the penalty of perjury, pursuant to the laws of the United States of America, and the State of California that the above statements are true and correct.

Executed this 3rd day of March, 2023 at Los Angeles, California.

_____
ZHOIE PEREZ, Declarant



PAGE 8     EXHIBIT 3

**Foia.rtf**      1 KB

Modified: Today, 3:42 PM

Add Tags

▼ General:
- Kind: Rich Text Document
- Size: 1,043 bytes (4 KB on disk)
- Where: ULTRASUPERDRIVE • Users • darliebrewsterMP • Desktop
- Created: Monday, December 14, 2020 at 12:17 PM
- Modified: Friday, March 3, 2023 at 3:42 PM

☐ Stationery pad
☐ Locked

▼ More Info:
- Last opened: Friday, March 3, 2023 at 3:45 PM
- Content created: Monday, December 14, 2020 at 12:17 PM
- Content modified: Friday, March 3, 2023 at 3:42 PM

▼ Name & Extension:

Foia.rtf

☐ Hide extension

▼ Comments:

▼ Open with:

TextEdit.app (default)

Use this application to open all documents like this one.

Change All...

▼ Preview:

12/14/2020

To the LAPD Pacific Police,

This is a demand to preserve all police body camera and video footage of the incident of December 13th 2020 at the Saint Anastasia Church 7390 W Manchester Ave, Los Angeles, CA 90045. This will include the church cameras and the detainment footage, in car cameras as well as entrances and hallways. All footage obtained from 9am to 6pm December 13th 2020. We will be FOIA requesting the police reports as well.

Respectfully

Zhoie Perez

PAGE 9

EXHIBIT 2

# PROOF OF SERVICE

I, Darlie Brewster declare as follows:

At the time of service I was over the age of 18 and not a party to this action. I live in Los Angeles which is in the County, City and State where this mailing occurred.

On March 4, 2023, I served the foregoing documents described as **PLAINTIFFS RESPONSE TO DEFENDANTS OPPOSITION TO MOTION FOR LEAVE TO FILE A FIRST AMENDED COMPLAINT,** on all interested parties in this action as follows:

**DEFENDANT IN PRO SE**
Claude Jabsi
8501 Pershing Drive Unit 4
Playa Del Rey, CA 90293
Ph: (323) 630-6303

**CITY OF LOS ANGELES**
**OFFICER RIOS**
**OFFICER WALKER**

200 North Main Street
6th Floor City Hall East
Los Angeles, CA 90012

[X]  BY MAIL
[X]  I am readily familiar with the business practice for the collection and processing of correspondence for mailing. Under that practice, it is deposited with the United States Postal Service on that same day, at Los Angeles, California, in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postage cancellation date or postage meter date is more than one (1) day after the date of deposit for mailing in affidavit.

I hereby certify under penalty of perjury that the foregoing is true and correct. Executed on this day 3rd day of March, 2023 at Los Angeles California.

DARLIE BREWSTER