FILED

ZHOIE PEREZ
14926 TEMPLAR DRIVE
LA MIRADA, CA 90638
657-239-6005

2023 MAR 14  AM 11:15

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| ZHOIE PEREZ, AN INDIVIDUAL | Case No.: CV22-08227-SWV-(AS) |
|---|---|
| Plaintiff, | |
| vs. | PLAINTIFF ZHOIE PEREZ' NOTICE OF MOTION AND MOTION FOR AN ORDER TO COMPEL FURTHER RESPONSES TO DEFENDANTS SUBPOENA TO PRODUCE DOCUMENTS AND FOR SANCTIONS (FRCP 37(B)(III), 37) |
| CITY OF LOS ANGELES, OFFICER RIOS, OFFICER WALKER CLAUDE JABSI, AND JOHN DOE 1-5, | |
| Defendants | HONORABLE STEPHEN V. WILSON |
| | MAG. JUDGE ALKA SAGAR |

To Defendant CLAUDE JABSI:

Please take notice that the Plaintiff, ZHOIE PEREZ hereby moves this court for an order pursuant to Rule 37 of the Federal Rules and Local Rules of Civil Procedure, for an order compelling Defendant, City of Los Angeles to provide further written responses, documents and things to Plaintiff's subpoena to produce documents. Plaintiffs further requests monetary sanctions under local rule 37-4 and F.R.C.P. 37(a)(4).

The motion will be based upon this notice of motion and motion, the accompanying memorandum of points and authorities, the declaration of Plaintiff ZHOIE PEREZ, exhibits submitted, all pleadings and papers on file in this action, and such other matters as may properly be presented at or before any hearing on the motion.

Executed within the United States on MARCH 14, 2023.

ZHIOE PEREZ, Plaintiff In Pro Per

1

Local Rule 37 Compliance

Plaintiff attempted to meet and confer with the Defendant by mail and telephone to attempt to reach a resolution and/or prepare a stipulation, however received no cooperation or response whatsoever. Defendant has not responded in a timely fashion under the local rules.

### MEMORANDUM OF POINTS AND AUTHORITIES

**I. Summary of Action**

Plaintiff (herein "PEREZ") filed their complaint against the Defendant (herein "JABSI") on November 10, 2022, alleging causes of action for 1) Violation of the RALPH Civili Rights Act; 2) Violation of the BANE Civil Rights Act; 3) False Imprisonment; 4) First Amendment Violation (32 U.S.C. 1983); 5) Illegal Seizure (42 U.S.C. 1983); 6) Unlawful Search and Seizure. **PEREZ DECLARATION 5**. JABSI answered claim in December 2022. **PEREZ DECLARATION 6** The Court issued a scheduling order on December 13, 2022. Pursuant to the courts scheduling order, all discovery motions are to be filed and served by October 16, 2023. **PEREZ DECLARATION 7**

**II. The Subpoena to Produce Documents and Defendants Failure to Respond**

PEREZ caused a subpoena for production of documents to be served upon JABSI on Jan. 2023. The subpoena requested the production of documents for the car insurance for JABSI's Range Rover vehicle with the policy number as well. **PEREZ DECLARATION 8.** JABSI provided his response in Feb. 2023. **PEREZ DECLARATION 9.** Jabsi has not complied with the subpoena. **PEREZ DECLARATION10.**

## III. Relevant Law

### A. Order Compelling Discovery

Any party may, on notice to all other parties and "all affected persons," apply for an order compelling discovery or disclosure. [FRCP 37(a)(1)]

The party opposing the motion to compel must support each ground on which it refused discovery: "Objections asserted in a party's initial response to discovery requests but not reasserted in response to a motion to compel are waived and deemed abandoned." [DIRECTV, Inc. v. Puccinelli (D KS 2004) 224 FRD 677, 681, fn. 1]. Failure to bring a motion to compel waives the right to challenge objections raised to the discovery request. I.E., the discovering party cannot, at the time of trial, claim the responding party's objections were invalid or not made in good faith. [Helfand v. Gerson (9th CIR. 1997) 105 F3d 530, 536 (citing text) – by failure to bring motion to compel, Plaintiff's waived objection to Defendant's assertion of privilege].

Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable. [Federal Rules of Civil Procedure Rule 26(b)(1)].

A party is obliged to produce all specified relevant and nonprivileged documents or other things that are in his "possession, custody, or control" on the date and place specified in the

request or at some other "reasonable time" as stated in the response. [FRCP 34(a)(1), (b)(2)(B); Rockwell Int'l Corp v. H. Wolfe Iron & Metal Co. (WD PA 1983) 576 F. Supp. 511, 512].

The party who prevails on a motion to compel is entitled to his or her expenses, including reasonable attorney fees, unless the losing party was substantially justified in making or opposing the motion (or other circumstances make such an award unjust).

### B. Local Rules Related to Discovery Motions

Before any discovery motion can be filed, counsel must meet "in good faith effort" to eliminate or narrow the dispute. An in person meeting is required if both parties are in the same county; otherwise, by telephone. [Central District of California Local Rule 37-1].

The moving party must send a letter requesting a conference, identifying each issue or discovery request in dispute, and stating briefly the moving party's position and supporting legal authority. Within 10 days of receipt of such letter, the party's shall confer in person (unless court orders otherwise). The conference shall be held at the office of the moving party's office unless one of the party's is located in a different county or both agree to meet elsewhere.[CD-CA Rule 37-1]. Failure to attend the meeting or cooperate in "good faith" in preparation of the stipulation is ground for sanctions. [Central District of California Local Rule 37-4].

### IV. Application of Facts of Law

#### A. Claude Jabsi's Failure to Meet and Confer

On Feb. 07, 2023 PEREZ had hand delivered a meet and confer request asking Jabsi to provide his vehicle insurance information (company and policy number) requested by the subpoena. **PEREZ DECLARATION 11.** The meet and confer request went unanswered by Jabsi and Perez has made attempts to reach Jabsi by phone unsuccessfully. **PEREZ DECLARATION 12.** To Date, Jabsi has made no attempt to

meet and confer with the Plaintiff. Jabsi's conduct has put Perez in a position where she cannot comply with the local rule requirement of filing a joint statement regarding this discovery dispute. PEREZ has made a good faith effort to meet and confer with Jabsi to resolve this matter and has received no attempt from the opposing party to try and resolve this matter without court intervention.

Good cause exists for the court to hear this motion as PEREZ 'failure to file a motion to compel further responses could be considered a waiver of any defects in the responses from Jabsi. Additionally, the conduct of Claude Jabsi is sanctionable both under Rule 37 and Central District of California Local Rule 37-4.

### B. Jabsi's Failure to Provide Documents Pursuant to Request

If Jabsi is allowed to withhold the discovery request, this will deny the Plaintiff the opportunity to add one of the JOHN DOES to this complaint as Jabsi is, to the Plaintiff's knowledge, the only one with this information.

### C. Claude Jabsi Should be Sanctioned for His Conduct

The Plaintiff has made several good faith attempts to meet and confer with Jabsi to attain the information listed in the subpoena. All efforts have gone unanswered by the Defendant.

Sanctions should be ordered against Defendant Jabsi pursuant to Central District of California Local Rule 37-4 which states that the failure to attend the meeting or cooperate in "good faith" in preparation of the stipulation is ground for sanctions. Furthermore, pursuant to Federal Rule of Civil Procedure 37(a)(5), the party who prevails on a motion (or other circumstances make such an award unjust). PEREZ

respectfully requests that the Court Sanction Defendant Jabsi in the amount of $600, PEREZ' total fees for assistance in the preparation and filing of this motion.

### V. Conclusion

Based upon the foregoing, PEREZ respectfully requests that the Court make an order compelling Jabsi to provide further responses and documents related to his vehicle insurance company and policy number with said company. Furthermore, PEREZ respectfully requests that the court sanction Defendant Jabsi for failing to meet and confer as required by local rule and for his misuse of the discovery process in the amount of $600.00 to account for the fees expended in the assistance in the preparation and filing of this motion.

Respectfully submitted on ___MARCH 14___, 2023.

_____

ZHOIE PEREZ, Plaintiff In Pro Per

# PROOF OF SERVICE

I, Darlie Brewster declare as follows:

At the time of service I was over the age of 18 and not a party to this action. I live in Los Angeles which is in the County, City and State where this mailing occurred.

On March 14, 2023, I served the foregoing documents described as **PLAINTIFFS RESPONSE TO DEFENDANTS OPPOSITION TO MOTION FOR LEAVE TO FILE A FIRST AMENDED COMPLAINT,** on all interested parties in this action as follows:

**DEFENDANT IN PRO SE**
Claude Jabsi
8501 Pershing Drive Unit 4
Ph: (323) 630-6303

[X]   BY MAIL
[X]   I am readily familiar with the business practice for the collection and processing of correspondence for mailing. Under that practice, it is deposited with the United States Postal Service on that same day, at Los Angeles, California, in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postage cancellation date or postage meter date is more than one (1) day after the date of deposit for mailing in affidavit.

I hereby certify under penalty of perjury that the foregoing is true and correct. Executed on this day 14TH day of March, 2023 at Los Angeles California.

_____
DARLIE BREWSTER