FILED

ZHOIE PEREZ
14926 TEMPLAR DRIVE
LA MIRADA, CA 90638
657-239-6005

2023 MAR 14 AM 11: 14

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES
BY: EEC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ZHOIE PEREZ, AN INDIVIDUAL<br><br>Plaintiff,<br><br>vs.<br><br>CITY OF LOS ANGELES, OFFICER RIOS, OFFICER WALKER CLAUDE JABSI, AND JOHN DOE 1-5,<br><br>Defendants | Case No.: CV22-08227-SWV-(AS)<br><br>**DECLARATION OF ZHOIE PEREZ IN SUPPORT FOR AN ORDER TO COMPEL FURTHER RESPONSES TO DEFENDANTS SUBPOENA TO PRODUCE DOCUMENTS AND FOR SANCTIONS (FRCP 37(A)(1), 37 (B)(III), 37**<br><br>**HONORABLE STEPHEN V. WILSON**<br>**MAG. JUDGE ALKA SAGAR** |

I, ZHOIE PEREZ, hereby depose and declare as follows:

1. I am over the age of 18.

2. This declaration is based on personal knowledge and is in support of my Motion to Compel.

3. I am the Plaintiff in Pro Per in this matter.

4. If called as a witness I would testify to the following.

5. I filed my complaint against Defendant on November 10, 2022, alleging causes of action for 1) Violation of the Ralp Civil Rights Act; 2) Violation of the Bane Civil Rights Act; 3) False Imprisonment; 4) First Amendment Violation (32 U.S.C. 1983); 5) Illegal Siezure (42 U.S.C. 1983); and 6) Unlawful Search and Seizure.

6. Claude Jabsi filed his answer on Feb. 14, 2023.

7. The court issued a scheduling order on December 13, 2022. Pursuant to the Courts scheduling order, all discovery motions are to be filed and served by October 16, 2023.

8. I caused a subpoena for production of documents to be served upon Claude Jabsi on Jan. 08, 2023. The subpoena requested the production of one document that contained the Defendants vehicle insurance company and policy number.

9. Claude Jabsi provided his response to this request Feb. 2023. A true and correct copy of this response to my subpoena is attached hereto as **Exhibit A.**

10. Claude Jabsi has failed to comply with the request both on the response to my subpoena and again in person at his deposition.

11. Claude Jabsi stated that he would under no circumstance comply with the subpoena.

12. On Feb. 07, 2023, I hand delivered a meet and confer request asking Claude Jabsi to provide me with the document requested in the original subpoena. A true and correct copy of the meet and confer request is attached hereto as **Exhibit B**.

13. The meet and confer request went unanswered and I later called and attempted to further communicate with Claude Jabsi to set a date to meet and confer in person. My calls were unanswered.

14. To date, Claude Jabsi has not returned my calls, nor has he acknowledged the written meet and confer letter hand delivered to him.

15. If Claude Jabsi would be able to withhold this vital information, it would prejudice me in the matter as to naming one of the JOHN DOE Defendants in the matter.

16. I have expended a total of $600.00 in this matter for assistance with the preparation and filing of this motion.

17. I respectfully request that the court grant my motion to compel in it's entirety and award me sanctions against Claude Jabsi in the amount of $600.00

1  I declare under penalty of perjury that the foregoing is true and correct.

3  Executed within the United States on ___MARCH 14___, 2023.

_____
ZHIOE PEREZ, Declarant

Exhibit A

4

CLAUDE JABSI, DEFENDANT IN PRO PER
8501 PERSHING DRIVE, UNT #4
PLAYA DEL REY, CA 90293
(323) 639-6403

CLAUDE JABSI, DEFENDANT IN PRO PER

UNITED STATEDS DISTRICT COURT

for the

CENTRAL DISTRICT OF CALIFORNIA

| ZHOIE PEREZ, | **CASE NUMBER**: CV22-8227-SVW (AS) |
|---|---|
| Plaintiff(s), | **DEFENDANT, CLAUDE JABSI'S RESPONSES TO PLAINTIFF ZHOIE PEREZ' REQUEST FOR PRODUCTION OF DOCUMENTS (F.R.C.P. 33-34)** |
| vs. | |
| CITY OF LOS ANGELES, OFFICER RIOS, OFFICER WALKER, CLAUDE JABSI, JOHN DOE | SET NUMBER: ONE |
| Defendant(s) | |

**PROPOUNDING PARTY: ZHOIE PEREZ**

**RESPONDING PARTY:   CLAUDE JABSI**

**SET NO.:           ONE**

Pursuant to Federal Rules of Civil Procedure 33 and 34 of the Federal Rules of Civil Procedure and the Local Rules of this Court, Defendant responds and objects to Plaintiff Zhoie Perez' ("Plaintiff") first Request for Production of Documents as follows:

### PRELIMINARY STATEMENT

1.   Defendant's investigation and development of all facts and circumstances relating to this action is ongoing. These responses and objections are made without prejudice to, and are not a

1
DEFENDANT, CLAUDE JABSI'S RESPONSES TO
PLAINTIFF ZHOIE PEREZ' REQUEST FOR PRODUCTION OF DOCUMENTS (F.R.C.P. 33-34)

5

waiver of, Defendant's right to rely on other facts or documents at trial.

2.      By making the accompanying responses and objections to Plaintiff's requests for documents, Defendant does not waive, and hereby expressly reserves, its right to assert any and all objections as to the admissibility of such responses into evidence in this action, or in any other proceedings, on any and all grounds including, but not limited to, competency, relevancy, materiality, and privilege. Further, Defendant makes the responses and objections herein without in any way implying that it considers the requests, and responses to the requests, to be relevant or material to the subject matter of this action.

3.      Defendant will produce responsive documents only to the extent that such documents are in his possession, custody, or control, as set forth in the Federal Rules of Civil Procedure. Defendant's possession, custody, or control does not include any constructive possession that may be conferred by Plaintiff's right or power to compel the production of documents or information from third parties.

4.      A response to a document request stating that objections and/or indicating that documents will be produced shall not be deemed or construed that there are, in fact, responsive documents, that Defendant performed any of the acts described in the document request, or definitions and/or instructions applicable to the document request, or that Defendant acquiesces in the characterization of the conduct or activities contained in the document request, or definitions and/or instructions applicable to the document request.

5.      Defendant expressly reserves the right to supplement, clarify, revise, or correct any or all of the responses and objections herein, and to assert additional objections or privileges, in one or more subsequent supplemental response(s).

6.      Defendant will make available for inspection at Defendant's offices responsive documents. Alternatively, Defendant will produce copies of the documents.

7.      Publicly available documents including, but not limited to, newspaper clippings, court papers, and documents available on the Internet, will not be produced.

## GENERAL OBJECTIONS

1. Defendant objects to each instruction, definition, document request, to the extent that it purports to impose any requirement or discovery obligation greater than or different from those under the Federal Rules of Civil Procedure and the applicable Rules and Orders of the Court.

2. Defendant objects to each document request that is overly broad, unduly burdensome, or not reasonably calculated to lead to the discovery of admissible evidence.

3. Plaintiff's document request calls for the production of documents and information that were produced to the Defendant by other entities and that may contain confidential information.

4. To the extent any of Plaintiff's document requests seek documents or answers that include expert material, including but not limited to survey materials, Defendant objects to any such requests as premature and expressly reserves the right to supplement, clarify, revise, or correct any or all responses to such requests, and to assert additional objections or privileges, in one or more subsequent supplemental response(s) in accordance with the time period for exchanging expert reports set by the Court.

5. Defendant incorporates by reference every general objection set forth above into each specific response set forth below. A specific response may repeat a general objection for emphasis or some other reason. The failure to include any general objection in any specific response does not waive any general objection to that request. Moreover, Defendant does not waive its right to amend its responses.

## OBJECTIONS AND RESPONSES TO DOCUMENT REQUESTS

**DOCUMENT REQUEST NO. 1:**

All documents related to insurance policies issued to JABSI on his Range Rover automobile for the months of October, November, and December of 2020. Including, but not limited to policies, statements, and insurance cards.

**RESPONSE TO DOCUMENT REQUEST NO. 1:**

Defendant objects to this document request as vague and ambiguous to the extent that it relies on the term "all documents," which is not defined in Plaintiff's First Request for Production of Documents. Defendant will treat this request as if it called for documents (1) that contain,

include, or are derived from any and "ALL" correspondences, invoices, documents, writings, notes, photographs, claims, verbatim statements, and electronic communications.

Defendant also objects to this request as burdensome to the extent that it calls for "ALL DOCUMENTS" from the months of October, November, and December of 2020.

Subject to the above objections, Defendant has no responsive documents in its possession, custody, or control.

Defendant further objects to this request because the only possible purpose of this request is to harass and cause hardship to the defendant and needlessly to increase the cost of litigation to the defendant.

Defendant further objects to this request as vague, ambiguous, overbroad, and unduly burdensome to the extent it asks Defendant to produce "all documents".

Furthermore, this request is not relevant to this case.

Respectfully submitted,

Date: February 14, 2023                 _____
                                        CLAUDE JABSI, DEFENDANT IN PRO PER

## CERTIFICATE OF SERVICE

1. CASE NAME: ZHOIE PEREZ v. CITY OF LOS ANGELES, OFFICER RIOS, OFFICER WALKER, CLAUDE JABSI, JOHN DOE

2. CASE NUMBER: CV22-8227-SVW (AS)

3. DOCUMENT SERVED: DEFENDANT, CLAUDE JABSI'S RESPONSES TO PLAINTIFF ZHOIE PEREZ' REQUEST FOR PRODUCTION OF DOCUMENTS (F.R.C.P. 33-34)

4. XXX    PLACED IN U.S. FIRST CLASS MAIL

5. MAILED TO: ZHOIE PEREZ
   14926 TEMPLAR DRIVE
   LA MIRADA, CA 90638

6. DATE MAILED: FEBRUARY 14, 2023

7. PERSON MAILED: FREDA DUREN
   226 E. REGENT STREET
   INGLEWOOD, CA 90301

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

DATED:    FEBRUARY 14, 2023

*/s/ Freda Duren*
FREDA DUREN
226 E. REGENT STREET
INGLEWOOD, CA 90301

Exhibit B

10

ZHOIE PEREZ v CLAUDE JABSI
CV22-08227

CASE #

## DISCOVERY REQUEST MISSING

As of today, 02-07-2023, I, Zhoie Perez the Plaintiff in the above mentioned lawsuit has **NOT** received the requested discovery documents (insurance policy information for Mr. Jabsi's Range Rover) from the Defendant, Claude Jabsi. We're a couple days away from the court requirement of 30 days for you to produce said documents. I am writing you to again request that you produce the discovery requested. I will wait 2 weeks further (02-21-2023). If the discovery is **NOT** received by then I will be asking the court to intervene and ask the court to implement possible sanctions against the Defendant.

Your cooperation is appreciated as I am trying to keep the court out of th matter as much as possible. Hopefully working together we can resolve t unfortunate matter without involving the court any further.

hoie Perez

**aintiff**

# PROOF OF SERVICE

I, Darlie Brewster declare as follows:

At the time of service I was over the age of 18 and not a party to this action. I live in Los Angeles which is in the County, City and State where this mailing occurred.

On March 14, 2023, I served the foregoing documents described as **PLAINTIFFS RESPONSE TO DEFENDANTS OPPOSITION TO MOTION FOR LEAVE TO FILE A FIRST AMENDED COMPLAINT,** on all interested parties in this action as follows:

**DEFENDANT IN PRO SE**
Claude Jabsi
8501 Pershing Drive Unit 4
Ph: (323) 630-6303

[X] BY MAIL
[X] I am readily familiar with the business practice for the collection and processing of correspondence for mailing. Under that practice, it is deposited with the United States Postal Service on that same day, at Los Angeles, California, in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postage cancellation date or postage meter date is more than one (1) day after the date of deposit for mailing in affidavit.

I hereby certify under penalty of perjury that the foregoing is true and correct. Executed on this day 4TH day of March, 2023 at Los Angeles California.

_____
DARLIE BREWSTER