FILED

ZHOIE PEREZ
14926 TEMPLAR DRIVE
LA MIRADA, CA 90638
657-239-6005

2023 MAR 14 AM 11:15

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES
BY: EEE

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ZHOIE PEREZ, AN INDIVIDUAL<br><br>Plaintiff,<br><br>vs.<br><br>CITY OF LOS ANGELES, OFFICER RIOS, OFFICER WALKER CLAUDE JABSI, AND JOHN DOE 1-5,<br><br>Defendants | Case No.: **CV22-08227-SWV-(AS)**<br><br>PLAINTIFF ZHOIE PEREZ' NOTICE OF MOTION AND MOTION FOR AN ORDER TO COMPEL FURTHER RESPONSES TO DEFENDANTS SUBPOENA TO PRODUCE DOCUMENTS AND FOR SANCTIONS (FRCP 37(B)(III), 37)<br><br>HONORABLE STEPHEN V. WILSON<br>MAG. JUDGE ALKA SAGAR |

To Defendant City of Los Angeles and its attorney of record:

Please take notice that the Plaintiff, ZHOIE PEREZ hereby moves this court for an order pursuant to Rule 37 of the Federal Rules and Local Rules of Civil Procedure, for an order compelling Defendant, City of Los Angeles to provide further written responses, documents and things to Plaintiff's subpoena to produce documents. Pliantiffs further requests monetary sanctions under local rule 37-4 and F.R.C.P. 37(a)(4).

The motion will be based upon this notice of motion and motion, the accompanying memorandum of points and authorities, the declaration of Plaintiff ZHOIE PEREZ, exhibits submitted, all pleadings and papers on file in this action, and such other matters as may properly be presented at or before any hearing on the motion.

Executed within the United States on MARCH 14, 2023.

ZHIOE PEREZ, Plaintiff In Pro Per

Local Rule 37 Compliance

Plaintiff attempted to meet and confer with Defendant's counsel by mail and telephone to attempt to reach a resolution and/or prepare a stipulation, however received no cooperation or response whatsoever. Defendant have not responded in a timely fashion under the local rules.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. Summary of Action

Plaintiff (herein "PEREZ") filed their complaint against Defendant (herein "CITY OF LA") on November 10, 2022, alleging causes of action for 1) Violation of the RALPH Civil Rights Act; 2) Violation of the BANE Civil Rights Act; 3) False Imprisonment; 4) First Amendment Violation (32 U.S.C. 1983); 5) Illegal Seizure (42 U.S.C. §1983) and; 6) Unlawful Search and Seizure. **PEREZ DECLARATION ¶5.** CITY OF LA filed it's answer on December 5, 2022. **PEREZ DECLARATION ¶6.** The court issued a scheduling order on December 13, 2022. Pursuant to the courts scheduling order, all discovery motions are to be filed and served by October 16, 2023. **PEREZ DECLARATION ¶7.**

### II. The Subpoena to Produce Documents and Defendants Failure to Respond

PEREZ caused a subpoena for production of documents to be served upon CITY OF LA on January 6, 2023. The subpoena requested the production of documents and things as follows: 1) All body-worn camera footage from officer Rios (Badge #16793) and Officer Walker (Badge #17769) related to the incident on December 13, 2020, involving Plaintiff Zhoie Perez; 2) The police and or incident report for the above-mentioned incident including any police and or incident report taken related to any vehicle collision involving "Zhoie Perez" on the date of the incident. 3) Any and all documents, including but not limited to internal emails and memos related to or mentioning "Zhoie Perez" or the YouTube channel "Furry Potato" between December 1, 2020, and January 1, 2023. **PEREZ DECLARATION ¶8.**

CITY OF LA provided it's responses to the subpoena for production of documents on January 20, 2023. **PEREZ DECLARATION ¶9, Exhibit A.** CITY OF LA complied with request number two in its entirety by providing police and incident reports related to the incident. **PEREZ DECLARATION ¶10.** The City responded to request number one by stating it would comply in providing body worn camera videos for both Officers Walker and Rios under protective order, but to date have failed to produce the videos or a protective order and have refused and continue to refuse to communicate with Plaintiff regarding the production of said videos. **PEREZ DECLARATION ¶11.** CITY OF LA failed to comply with request number three in its entirety arguing that the request was "vague, ambiguous, and overbroad as to "any and all documents". Overly broad as to time and scope. Unduly burdensome. Attorney-client privilege. Attorney Work Product Privilege. Irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Right to privacy" and that "Plaintiff fails to demonstrate good cause for the request." **PEREZ DECLARATION ¶12.**

### III. Relevant Law

#### A. Order Compelling Discovery

Any party may, on notice to all other parties and "all affected persons," apply for an order compelling discovery or disclosure. [FRCP 37(a)(1)]

The party opposing the motion to compel must support each ground on which it refused discovery: "[O]bjections asserted in a party's initial response to discovery requests but not reasserted in response to a motion to compel are waived and deemed abandoned." [DIRECTV, Inc. v. Puccinelli (D KS 2004) 224 FRD 677, 681, fn. 1] Failure to bring a motion to compel waives the right to challenge objections raised to the discovery request. I.e., the discovering party cannot, at the time of trial, claim the responding party's objections were invalid or not made in good faith. [Helfand v. Gerson (9th Cir. 1997) 105 F3d 530, 536 (citing text)—by failure to bring motion to compel, plaintiffs waived objection to defendant's assertion of privilege]

Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense

and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable. [Federal Rules of Civil Procedure Rule 26(b)(1)].

A party is obliged to produce all specified relevant and nonprivileged documents or other things that are in his or her "possession, custody, or control" on the date and place specified in the request or at some other "reasonable time" as stated in the response. [FRCP 34(a)(1), (b)(2)(B); Rockwell Int'l Corp. v. H. Wolfe Iron & Metal Co. (WD PA 1983) 576 F.Supp. 511, 512]

The party who prevails on a motion to compel is entitled to his or her expenses, including reasonable attorney fees, unless the losing party was substantially justified in making or opposing the motion (or other circumstances make such an award unjust). [FRCP 37(a)(5); H. K. Porter Co., Inc. v. Goodyear Tire & Rubber Co. (6th Cir. 1976) 536 F2d 1115, 1124-1125; Kannaday v. Ball (D KS 2013) 292 FRD 640, 651]

### B. Local Rules Related to Discovery Motions

Before any discovery motion can be filed, counsel must meet "in a good faith effort" to eliminate or narrow the dispute. An in-person meeting is required if both counsel are in the same county; otherwise, by telephone. [Central District of California Local Rule 37-1].

The moving party's counsel must send a letter requesting a conference, identifying each issue or discovery request in dispute, and stating briefly the moving party's position and supporting legal authority. Within 10 days after receipt of such letter, the attorneys shall confer in person (unless the court orders otherwise). The conference shall be held at the office of moving party's counsel unless one of the attorneys is located in a different county or the parties agree to meet elsewhere. [CD CA Rule 37-1]. Failure to attend the meeting or cooperate in "good faith" in preparation of the stipulation is ground for sanctions. [Central District of California Local Rule 37-4]

### IV. Application of Facts to Law

#### A. City of LA's Failure to Meet and Confer

On February 7, 2023, PEREZ hand delivered a meet and confer request asking that CITY OF LA provide the documents requested by subpoena. **PEREZ DECLARATION ¶13, Exhibit B.** The meet and confer request went unanswered and PEREZ later attempted to communicate with CITY OF LA to set up a date to meet and confer in person. PEREZ left voicemail messages for counsel for CITY OF LA on February 27 and 28th. **PEREZ DECLARATION ¶14.** To date, CITY OF LA has not returned PEREZ' calls, nor have they acknowledged the written meet and confer letter hand delivered to them. The conduct of CITY OF LA and it's counsel has put PEREZ in a position where he cannot comply with the local rule requirement of filing a joint statement regarding this discovery dispute. PEREZ has made a good faith effort to meet and confer with CITY OF LA to resolve this matter and has receive no attempt from opposing counsel to try and resolve this matter without court intervention.

Good cause exists for the court to hear this motion as PEREZ' failure to file a motion to compel further responses could be considered a waiver of any defects in the responses from CITY OF LA. Additionally, the conduct of CITY OF LA and it's counsel is sanctionable both under Rule 37 and Central District of California Local Rule 37-4.

#### B. City of LA's Failure to Provide Documents Pursuant to Request Number One

Request for production number one requests that CITY OF LA produce "All body-worn camera footage from Officer Rios (Badge #16793) and Officer Walker (Badge #17739) related to the incident on December 13, 2020, involving Plaintiff Zhoie Perez".

CITY OF LA responded by reserving it's objection that the request is "Vague, ambiguous, and overbroad", further stating that they would turn over body worn video footage from Officer Rios and Officer Walker, for December 13, 2020 for the incident, subject to a protective order. This response was provided on January 20, 2023 and no communication or attempt to communicate with

PEREZ has been made by CITY OF LA in regard to producing this body worn video footage, or a proposed protective order for that matter. CITY OF LA has failed to properly respond to this request by stating that it would comply with the request, but failing to follow through with the production of the requested body worn video footage.

If CITY OF LA is allowed to withhold this body worn footage, it would prejudice PEREZ in the matter as the entirety of the encounter and subsequent interaction between PEREZ and Defendants would have been recorded on Officer Rios and Officer Walker's body worn video footage. **PEREZ DECLARATION ¶16.** CITY OF LA's response does not make any privacy objections or argument for the proposition that a protective order is or should be required. CITY OF LA is purposefully being evasive by stating that the body worn video footage would be turned over, but failing to do so and furthermore failing to communicate with PEREZ prior to, or after meet and confer attempts were initiated by PEREZ.

### C. City of LA's Failure to Provide Documents Pursuant to Request Number One

Request for production number three requests that CITY OF LA produce "Any and all documents, including but not limited to internal emails and memos related to or mentioning "Zhoie Perez" or the YouTube channel "Furry Potato" between December 1, 2020, and January 1, 2023".

CITY OF LA responded by objecting that the requests are: 1) Vague, ambiguous, and overbroad as to "any and all documents"; 2) Overly broad as to time and scope. Unduly burdensome; 3) Attorney-client privilege; 4) Irrelevant and not reasonably calculated to lead to the discovery of admissible evidence; 5) Right to privacy and 6) Plaintiff fails to demonstrate good cause for the request. No documents or things were produced in response to this request.

Firstly, CITY OF LA fails to follow procedure in regard to an objection of attorney-client/attorney work product privilege. Parties withholding documents as privileged should identify and describe the documents in sufficient detail to enable the demanding party "to assess the claim" of privilege or protection. [FRCP 26(b)(5)(A)(ii); and see FRCP 45(e)(2)(A) (applicable to documents withheld under subpoena); Ramirez v. County of Los Angeles (CD CA 2005) 231 FRD

407, 410—failure to provide sufficient information may constitute waiver of privilege]. The court has discretion to reject a claim of privilege where an insufficient privilege log is provided. [United States v. Construction Products Research, Inc. (2nd Cir. 1996) 73 F3d 464, 473; see United States v. British American Tobacco (Investments) Ltd. (DC Cir. 2004) 387 F3d 884, 890-891]. The fact that CITY OF LA failed to produce a privilege log further demonstrates that they are attempting to be evasive and misuse the discovery process to the detriment of PEREZ. There is no other articulable objection that would allow withholding the requested documents other than the claim of privilege made. The response provided does not necessarily state whether documents responsive to the request exist, if they do, PEREZ has the right by way of production of a privilege log assess any privilege claim made. Furthermore, CITY OF LA's argument that PEREZ fails to demonstrate good cause for the request falls flat, as in federal privilege cases, the party resisting discovery has the burden of specifically identifying the disputed records so the requesting party has an opportunity to challenge the assertion of the privilege. Miller v. Pancucci, 141 F.R.D. at 299. Interestingly enough, in the *Soto* case cited by CITY OF LA, an individual brought a § 1983 action against city and police officers, alleging violation of constitutional rights from use of excessive force during arrest. The individual moved to compel production of police department internal affairs records, personnel files, psychological and physical health records, citizen complaints, and police guidelines, directives, and policy statements. The District Court, James, United States Magistrate Judge, held that: (1) subject to "tightly drawn" protective order, plaintiff was entitled to production of internal affairs investigative materials, personnel records, psychological evaluations, and citizen complaint records; (2) psychiatric evaluations of officers made by nonparties, and psychological and physical health records would be reviewed in camera for consideration of relevance and privacy concerns. CITY OF LA is once again attempting to be evasive and prejudice PEREZ by failing to disclose at the very least, the existence of the documents requested. Their failure to produce a privilege log should be viewed by the court as what it was, a complete failure to respond truthfully and completely to discovery requests.

///

///

## D. City of LA Should Be Sanctioned for Their Conduct

PEREZ has made several good faith attempts to meet and confer with counsel for CITY OF LA. On February 7, 2023, PEREZ hand delivered a meet and confer request asking that CITY OF LA provide the documents requested by subpoena. The meet and confer request went unanswered and PEREZ later attempted to communicate with CITY OF LA to set up a date to meet and confer in person. PEREZ left voicemail messages for counsel for CITY OF LA on February 27 and 28th. To date, CITY OF LA has not returned PEREZ' calls, nor have they acknowledged the written meet and confer letter hand delivered to them.

Sanctions should be ordered against CITY OF LA pursuant to Central District of California Local Rule 37-4 which states that failure to attend the meeting or cooperate in "good faith" in preparation of the stipulation is ground for sanctions. Furthermore, pursuant to Federal Rule of Civil Procedure 37(a)(5), the party who prevails on a motion to compel is entitled to his or her expenses, including reasonable attorney fees, unless the losing party was substantially justified in making or opposing the motion (or other circumstances make such an award unjust). PEREZ respectfully requests that the court sanction CITY OF LA and it's counsel in the amount of $600.00, PEREZ' total fees for assistance in the preparation and filing of this motion. **PEREZ DECLARATION ¶18.**

## V. Conclusion

Based upon the foregoing, PEREZ respectfully requests that the court make an order compelling CITY OF LA to provide further responses, documents and things related to the following requests: Request number one for "All body-worn camera footage from officer Rios (Badge #16793) and Officer Walker (Badge #17769) related to the incident on December 13, 2020, involving Plaintiff Zhoie Perez" and request number three for "Any and all documents, including but not limited to internal emails and memos related to or mentioning "Zhoie Perez" or the YouTube channel "Furry Potato" between December 1, 2020, and January 1, 2023.".

Furthermore, PEREZ respectfully requests that the court sanction CITY OF LA and it's counsel for failing to meet and confer as required by local rule and for its misuse of the discovery

- 8 -

process in the amount of $600.00 to account for the fees expended by PEREZ for assistance in the preparation and filing of this motion.

Respectfully submitted on __MARCH 14__, 2023

_____

ZHOIE PEREZ, Plaintiff In Pro Per

## Certificate of Service by U.S. Mail

## FED R CIV P 5(b), (d)

I certify that, before 5:00 p.m. on _MARCH 14_, 2023, I placed a true and correct copy of the attached DEFENDANT ZHOIE PEREZ' NOTICE OF MOTION AND MOTION FOR AN ORDER TO COMPEL FURTHER RESPONSES TO DEFENDANTS SUBPOENA TO PRODUCE DOCUMENTS AND FOR SANCTIONS (FRCP 37(A)(1), 37(B)(iii), 37) , in the United States mail, in a properly-addressed envelope, with first class postage duly paid and affixed to the envelopes, and with the envelopes addressed to:

1. Hydee Feldstein Soto
   C/O City Attorney's Office
   200 North Main Street 6th Floor, City Hall East
   Los Angeles, CA 90012

   Attorneys for Defendants

I declare under penalty of perjury that all of the statements made in this Certificate of Service are true and correct and that if called to testify as a witness in this matter, I could and would competently testify to each of the facts set forth in the Certificate.

This Certificate was executed on _MARCH 14_, 2023 at Los Angeles CA.

Signature _[signature]_
(PRINTED NAME) _DARLIE BREWSTER_

- 10 -