ZHOIE PEREZ
14926 TEMPLAR DRIVE
LA MIRADA, CA 90638
Phone: (657)-239-6005
Plaintiff, *In Pro Per*

FILED
2023 MAR 14  AM 11: 15
CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES
BY: _____

# UNITED STATES DISTRICT COURT

ZHOIE PEREZ,

Plaintiff,

v.

CITY OF LOS ANGELES, OFFICER RIOS, OFFICER WALKER, CLAUDE JABSI, JOHN DOE,

Defendants.

) 2:22-CV-08227-SVW-AS
)
) DECLARATION OF ZHOIE PEREZ IN SUPPORT OF MOTION FOR AN ORDER TO COMPEL FURTHER RESPONSES TO DEFENDANTS SUBPOENA TO PRODUCE DOCUMENTS AND FOR SANCTIONS (FRCP 37(A)(1), 37(B)(iii), 37)
)
) Hon. Stephen V. Wilson
) Mag. Judge Alka Sagar

I, ZHOIE PEREZ, hereby depose and declare as follows:

1. I am over the age of 18.
2. This declaration is based on personal knowledge and is in support of my Motion to Compel.
3. I am the Plaintiff In Pro Per in this matter.
4. If called as a witness I would testify to the following.
5. I filed my complaint against Defendant on November 10, 2022, alleging causes of action for 1) Violation of the RALPH Civil Rights Act; 2) Violation of the BANE Civil Rights Act; 3) False Imprisonment; 4) First Amendment Violation (32 U.S.C. 1983); 5) Illegal Seizure (42 U.S.C. §1983) and; 6) Unlawful Search and Seizure.
6. CITY OF LA filed it's answer on December 5, 2022.
7. The court issued a scheduling order on December 13, 2022. Pursuant to the courts scheduling order, all discovery motions are to be filed and served by October 16, 2023.
8. I caused a subpoena for production of documents to be served upon CITY OF LA on January 6, 2023 . The subpoena requested the production of documents and things as follows: 1) All body-worn camera footage from officer Rios (Badge #16793) and Officer Walker (Badge #17769) related

- 1 -

to the incident on December 13, 2020, involving Plaintiff Zhoie Perez; 2) The police and or incident report for the above-mentioned incident including any police and or incident report taken related to any vehicle collision involving "Zhoie Perez" on the date of the incident.  3) Any and all documents, including but not limited to internal emails and memos related to or mentioning "Zhoie Perez" or the YouTube channel "Furry Potato" between December 1, 2020, and January 1, 2023.

9. CITY OF LA provided it's responses to the subpoena for production of documents on January 20, 2023. A true and correct copy of Defendant City of Los Angeles' Response to Subpoena to Produce Documents is attached hereto as **Exhibit A.**

10. CITY OF LA complied with request number two in its entirety by providing police and incident reports related to the incident.

11. The City responded to request number one by stating it would comply in providing body worn camera videos for both Officers Walker and Rios under protective order, but to date have failed to produce the videos or a protective order and have refused and continue to refuse to communicate with me regarding the production of said videos.

12. CITY OF LA failed to comply with request number three in its entirety arguing that the request was "vague, ambiguous, and overbroad as to "any and all documents". Overly broad as to time and scope. Unduly burdensome. Attorney-client privilege. Attorney Work Product Privilege. Irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Right to privacy" and that "Plaintiff fails to demonstrate good cause for the request."

13. On February 7, 2023, I hand delivered a meet and confer request asking that CITY OF LA provide the documents requested by subpoena. A true and correct copy of the meet and confer request is attached hereto as **Exhibit B.**

14. The meet and confer request went unanswered and I later attempted to communicate with CITY OF LA to set up a date to meet and confer in person. I left voicemail messages for counsel for CITY OF LA on February 27 and 28th.

15. To date, CITY OF LA has not returned my calls, nor have they acknowledged the written meet and confer letter hand delivered to them.

16. If CITY OF LA is allowed to withhold this body worn footage, it would prejudice me in the matter as the entirety of the encounter and subsequent interaction between myself   and

Defendants would have been recorded on Officer Rios and Officer Walker's body worn video footage.

17. I have expended a total of $600.00 in this matter for assistance with the preparation and filing of this motion.

18. I respectfully request that the court grant my motion to compel in it's entirety and award me sanctions against CITY OF LA and its counsel in the amount of $600.00.

I declare under penalty of perjury that the foregoing is true and correct.

Executed within the United States on  MARCH 14 , 2023.

_____
ZHOIE PEREZ, Declarant

- 3 -

Exhibit A

HYDEE FELDSTEIN SOTO, City Attorney (10686x)
SCOTT MARCUS, Chief Assistant City Attorney –SBN 184980
CORY M. BRENTE, Senior Assistant City Attorney – SBN 115453
EMILY S. COHEN, Deputy City Attorney – SBN 285709
200 North Main Street, 6th Floor, City Hall East
Los Angeles, CA 90012
Phone No.: (213) 645-9926
Fax No.: (213) 978-8785
Email: emily.s.cohen@lacity.org

Attorneys for Defendants, CITY OF LOS ANGELES, CHRISTOPHER WALKER and EDUARDO RIOS

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ZHOIE PEREZ, an individual,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF LOS ANGELES, OFFICER RIOS, OFFICER WALKER, CALUDE JABSI; and JOHN DOE 1-5,<br><br>Defendants. | **CASE NO. CV22-08227-SVW-AS**<br>*Hon. Stephen V. Wilson, Courtroom 10A*<br>*Mag. Judge Alka Sagar*<br><br>**DEFENDANT CITY OF LOS ANGELES' RESPONSE TO PLAINTIFF'S SUBPOENA TO PRODUCE DOCUMENTS** |

**PROPOUNDING PARTY:** Plaintiff, **ZHOIE PEREZ**

**RESPONDING PARTY:** Defendant, **CITY OF LOS ANGELES**

**SET NUMBER:** ONE

Defendant City of Los Angeles (hereinafter, "CITY" or "DEFENDANT") hereby responds to Plaintiff Zhoie Perez's Subpoena to Produce Documents as follows:

///

///

1

## PRELIMINARY STATEMENT & GENERAL OBJECTIONS

The following responses and objections of are given without prejudice to the responding party's right to produce evidence of any subsequently discovered documents or documents which the responding party may later recall or discover, or documents not known to the responding party, which, in good faith, were overlooked or omitted in responding to the Request. The City responds to all of the requests on the Request only upon information and belief. The City specifically reserves the right to present additional documents as may be disclosed through its continuing discovery and investigation. The City reserves the right to amend and/or modify these responses in the event of error, inadvertent mistake and/or omission.

The following General Objections are incorporated into each response to the Request whether or not specific reference is made thereto.

1. The City objects to each and every Request on the grounds that discovery is continuing in this action and it has not completed its factual investigation. Accordingly, without asserting an obligation to do so, and without waiving the objections asserted herein, the City reserves the right to amend and/or supplement these responses as and when additional facts or documents are discovered. Additionally, as the City's responses are based on facts and documents which the City has identified to date, they do not preclude the City from later relying on facts or documents discovered or generated pursuant to or subject to further investigation or discovery.

2. The City objects to each and every Request on the grounds that individually and taken as a whole, they are overbroad, unduly burdensome and harassing.

3. The City objects to each and every Request to the extent that it is vague and ambiguous, and the City is unable to determine the meaning of Plaintiff's request. Because of the nature of the form of the request, the City makes no representation that the scope of the request responded to is the same as that contemplated by Plaintiff.

4. The City objects to each and every Request to the extent that it seeks privileged information, including, without limitation, information protected from discovery by the

attorney work product doctrine, the attorney client privilege, and any other applicable privilege.

5. The City objects to each and every Request to the extent that the answers to the same are equally available to the propounding party from documents and information that are public and/or currently in its possession, or under its control or in the possession and control of its attorneys or agents.

6. The City objects to each and every Request on privacy grounds to the extent that it seeks information about non-parties to this action. The City is not authorized to and cannot waive these non-parties' privacy rights protected under the U.S. and California State Constitutions.

7. The City objects to each and every Request to the extent that it calls for information not relevant to the subject matter of the pending action and is not reasonably calculated to lead to the discovery of admissible evidence.

8. The City objects to each request to the extent that it seeks disclosure of confidential information protected by Govt. Code Section 6250 et seq., California Civil Code § 1798 et seq., Penal Code Sections 832.5, 832.7, 832.8 and/or Section 11075, et seq., and Evidence Code Sections 1040, 1041. 1043. 1045.

9. The City objects to each and every Request to the extent that the City's responses or disclosure of any document described in its responses is not, and shall not be, construed as an admission of any unlawful conduct alleged in Plaintiff's Complaint, or that any such information does not exist or a waiver of any applicable privilege or objection.

10. The City objects to each request to the extent that it seeks information concerning IA investigations and said investigations are currently ongoing and any release of information would jeopardize the integrity of the investigation pursuant to Gov't. Code Section 6254, Penal Code Sections 832.5, 832.7, 832.8 and Evidence Code Sections 1040 et seq.

///

Without waiving any objections and responding as to how it reasonably understands the requests, Defendant responds as follows:

### RESPONSES TO REQUEST FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1:**

All body-worn camera footage from Officer Rios (Badge #16793) and Officer Walker (Badge #17739) related to the incident on December 13, 2020, involving Plaintiff Zhoie Perez.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

Objection. Vague, ambiguous, and overbroad. Without waiving the preceding objections and subject to them, Defendants will turn over the body worn video footage from Officer Rios and Officer Walker, for December 13, 2020 for the incident involving the Plaintiff, subject to a protective order, once City Defendants confirm that it exists.

**REQUEST FOR PRODUCTION NO. 2:**

The police and or incident report for the above-mentioned incident including any police and or incident report taken related to any vehicle collision involving "Zhoie Perez" on the date of the incident.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

Objection. Vague, ambiguous, and overbroad. Without waiving the preceding objections, and subject to them, Defendants will turn over police reports and incidents reports, Bate stamped DEFT 1001-1006 and DEFT 1007-1011, involving "Zhoie Perez" from the date and time of the incident.

**REQUEST FOR PRODUCTION NO. 3:**

Any and all documents, including but not limited to internal emails and memos related to or mentioning "Zhoie Perez" or the YouTube channel "Furry Potato" between December 1, 2020 and January 1 2023.

///
///

4

**RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

Objection. Vague, ambiguous, and overbroad as to "any and all documents". Overly broad as to time and scope. Unduly burdensome. Attorney-client privilege. Attorney Work Product Privilege. Irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Right to privacy. Plaintiff fails to demonstrate good cause for the request. (See also Soto v. City of Concord, 162 F.R.D. 603, 613 (N.D. Cal. 1995)).

Without waiving the preceding objections, and subject to them, Defendants refer Plaintiff to Defendants discovery responses.

Dated: January 20, 2023

As to the objections only,

**HYDEE FELDSTEIN SOTO**, City Attorney
**SCOTT MARCUS**, Chief Assistant City Attorney
**CORY M. BRENTE**, Senior Assistant City Attorney

By: /s/ *Emily S. Cohen*
**EMILY S. COHEN**, Deputy City Attorney
*Attorneys for Defendants* CITY OF LOS ANGELES, CHRISTOPHER WALKER and EDUARDO RIOS

Exhibit B

ZHOIE PEREZ v CITY OF LOS ANGELES

CASE # CV22-08227

DISCOVERY REQUEST MISSING

As of today, 02-07-2023, I, Zhoie Perez the Plaintiff in the above mentioned lawsuit has **NOT** received major portions of the requested discovery documents (Body camera footage and ant and all documrnts with my name, Zhoie Perez and the YouTube channel name Furry Potato) from the Defendant, City of Los Angeles. We're at the court requirement of 30 days for you to produce said documents. I am writing you to again request that you produce the discovery requested. I will wait 2 weeks further (02-21-2023). If the discovery is **NOT** received by then I will be asking the court to intervene and ask the court to implement possible sanctions against the Defendant.

Your cooperation is appreciated as I am trying to keep the court out of this matter as much as possible. Hopefully working together we can resolve this unfortunate matter without involving the court any further.

Zhoie Perez

**Plaintiff**

1

## Certificate of Service by U.S. Mail

## FED R CIV P 5(b), (d)

I certify that, before 5:00 p.m. on MARCH 14, 2023, I placed a true and correct copy of the attached DECLARATION OF ZHOIE PEREZ' IN SUPPORT OF MOTION FOR AN ORDER TO COMPEL FURTHER RESPONSES TO DEFENDANTS SUBPOENA TO PRODUCE DOCUMENTS AND FOR SANCTIONS (FRCP 37(A)(1), 37(B)(iii), 37) , in the United States mail, in a properly-addressed envelope, with first class postage duly paid and affixed to the envelopes, and with the envelopes addressed to:

1. Hydee Feldstein Soto

   C/O City Attorney's Office

   200 North Main Street 6th Floor, City Hall East

   Los Angeles, CA 90012

   Attorneys for Defendants

I declare under penalty of perjury that all of the statements made in this Certificate of Service are true and correct and that if called to testify as a witness in this matter, I could and would competently testify to each of the facts set forth in the Certificate.

This Certificate was executed on MARCH 14, 2023 at Los Angeles CA.

Signature _____

(PRINTED NAME) CHARLIE BREWSTER

- 4