UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | CV 22-08227-SVW (AS) | Date | March 15, 2023 |
|---|---|---|---|
| Title | *Zhoie Perez v. City of Los Angeles, et al.* | | |

| Present: The Honorable | Alka Sagar, United States Magistrate Judge |
|---|---|
| Alma Felix | N/A |
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not present | Not present |

**Proceedings (In Chambers):**      **ORDER GRANTING MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT (Dkt. No. 22)**

On February 14, 2023, Plaintiff filed a motion for leave to file a First Amended Complaint against Defendants City of Los Angeles, Officer Rios, Officer Walker, and Claude Jabsi, along with a supporting declaration, to allow for the substitution of certain Doe Defendants. ("Motion," Dkt. No. 22).[1] On February 28, 2023, Defendants City of Los Angeles, Officer Rios, and Officer Walker (collectively, "LAPD Defendants") filed an opposition to Plaintiff's motion, along with the declaration of Emily S. Cohen. ("Opposition," Dkt. No. 27). Defendant Jabsi did not file an opposition to the motion.[2] On March 6, 2023, Plaintiff filed a response to LAPD Defendants' opposition. ("Reply," Dkt. No. 29). For the reasons set forth below, Plaintiff's motion for leave to amend is GRANTED.

Under Rule 15, after a responsive pleading is filed, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2).[3] "The court should freely

---

[1] The Court notes that Plaintiff did not list Defendant Jabsi on the proof of service she attached to the motion. (Motion at 8). The Court warns Plaintiff that failure to file a proof of service as to all Defendants will cause the Court to strike Plaintiff's future filings.

[2] See Local Rule 7-12 ("The failure to file any required document . . . may be deemed consent to the granting or denial of the motion[.]").

[3] A different standard applies, under Rule 16(b), to motions to amend pleadings when filed after a pleading-amendment deadline set forth in a Rule 16 scheduling order. See Coleman v. Quaker Oats Co.,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | CV 22-08227-SVW (AS) | Date | March 15, 2023 |
|---|---|---|---|
| Title | Zhoie Perez v. City of Los Angeles, et al. | | |

give leave when justice so requires." Id. A court considers the following factors to determine whether to grant leave to amend: "bad faith, undue delay, prejudice to the opposing party, and/or futility." Serra v. Lappin, 600 F.3d 1191, 1200 (9th Cir. 2010) (quoting William O. Gilley Enters. v. Atl. Richfield Co., 588 F.3d 659, 669 n. 8 (9th Cir. 2009)). "Not all of the factors merit equal weight. As this circuit and others have held, it is the consideration of prejudice to the opposing party that carries the greatest weight." Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003) (citing DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 185 (9th Cir. 1987)). "The party opposing amendment bears the burden of showing prejudice." DCD Programs, 833 F.2d at 187.

Plaintiff seeks leave to file her First Amended Complaint to substitute the names of three Doe Defendants: 1) Nivia Brito, 2) Leszek Semik, and 3) The Archdiocese of Los Angeles Risk Management Corporation. (Motion at 3). She contends that adding the names of these Defendants would not cause undue prejudice to the existing Defendants, and that justice requires that this Court grant her leave to amend the Complaint. (Motion at 4). She asserts that she could not ascertain the identities of these Doe Defendants until she received the police report from the December 12, 2020 incident via the discovery process. (Reply at 2-6). LAPD Defendants argue that Plaintiff's motion should be denied because (1) Plaintiff failed to meet and confer with them prior to filing the motion, (2) she cannot show good cause under Rule 16, and (3) she fails to meet the Rule 15 standard. (Opposition at 1-5). As discussed supra, the Court finds the applicable legal standard is provided by Rule 15.

---

232 F.3d 1271, 1294 (9th Cir. 2000) ("[T]he district court correctly found that it should address the issue under Federal Rule of Civil Procedure 16 because it had filed a pretrial scheduling order that established a timetable for amending the pleadings, and the deadline had expired before [plaintiffs] moved to amend."). Here, however, the Court's scheduling order did not set a deadline to amend pleadings (see Dkt. No. 15), and thus does not trigger the stricter Rule 16(b) standard for Plaintiff's motion. See Gamino v. KPC Healthcare Holdings, Inc., 2022 WL 2964831, at *1 (C.D. Cal. July 5, 2022) (applying Rule 15 standard where the case management order did not contain a deadline to move to amend the pleadings and would not be affected by the requested motion); Overpeck v. FedEx Corp., 2020 WL 2542030, at *3 (N.D. Cal. May 19, 2020) (applying Rule 15(a) alone where "no deadline for amending the pleadings was ever set in a case management or pretrial scheduling order").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | CV 22-08227-SVW (AS) | Date | March 15, 2023 |
|---|---|---|---|
| Title | *Zhoie Perez v. City of Los Angeles, et al.* | | |

LAPD Defendants claim that Plaintiff's failure to meet and confer prior to filing her motion, pursuant to Local Rule 7-3, warrants denial of the motion. (Opposition at 1-2). It does not appear that Plaintiff conferred with LAPD Defendants regarding her proposed amendment to the Complaint, and Plaintiff explained that she merely indicated her intent to add certain Defendants during Defendant Jabsi's deposition. (Reply at 2). Plaintiff's mention of her intent to amend the Complaint during the deposition is not a substitute for the meet and confer conference required by Local Rule 7-3. While the Court will not deny Plaintiff's motion due to failure to meet and confer, the Court cautions Plaintiff that further requests for rulings on motions will not be entertained unless she certifies that the parties have met and conferred in good faith as to the substance of any contemplated motions and any potential resolutions. See Local Rule 7-3.

LAPD Defendants argue that futility supports denying Plaintiff's motion for leave to amend the Complaint under Rule 15. (Opposition at 4-5). They claim that Plaintiff has failed to explain why amendment would not be futile, and that she will be unable to demonstrate that the three new Defendants acted under the color of state law for the purposes of a Section 1983 claim. (Id.). "[L]eave to amend should be denied as futile only if no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense." Barahona v. Union Pac. R.R. Co., 881 F.3d 1122, 1134 (9th Cir. 2018) (citation and internal quotation marks omitted). Although Plaintiff did not attach her proposed complaint to her motion, she alleges that the Defendants she seeks to add made false claims in order to have her arrested and made false criminal complaints, thereby violating her First and Fourth Amendment rights. (Reply at 4). The Court finds that Plaintiff's claims are not so facially frivolous that it would be futile to permit her to amend.

LAPD Defendants do not maintain that they would suffer any undue prejudice as a result of the addition of these three Defendants, particularly at this early stage in the litigation. Rather, LAPD Defendants "assume" that Defendant Jabsi will object to the motion on the grounds of prejudice because he has already been deposed. (Id. at 5). However, as discussed supra, Defendant Jabsi did not oppose Plaintiff's motion, which may be deemed consent to granting the motion. See Local Rule 7-12. As such, Defendants have not met their burden of showing prejudice if the proposed amendment is allowed. DCD Programs, 833 F.2d at 187.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | CV 22-08227-SVW (AS) | Date | March 15, 2023 |
|---|---|---|---|
| Title | *Zhoie Perez v. City of Los Angeles, et al.* | | |

Accordingly, Plaintiff's motion for leave to file a First Amended Complaint is GRANTED. Plaintiff shall file a First Amended Complaint within thirty (30) days of the date of this Order. All Defendants are ORDERED to respond to the First Amended Complaint no later than thirty (30) days after it is filed.

Plaintiff is warned that failure to file a First Amended Complaint may result in a recommendation that this action be dismissed with prejudice under Federal Rule of Civil Procedure 41(b) for failure to prosecute and obey court orders.

**IT IS SO ORDERED.**

cc:  Stephen V. Wilson
     United States District Judge

                                                    0    :  00
                              Initials of Preparer   AF