**HYDEE FELDSTEIN SOTO,** City Attorney (10686x)
**SCOTT MARCUS,** Chief Assistant City Attorney –SBN 184980
**CORY M. BRENTE,** Senior Assistant City Attorney – SBN 115453
**EMILY S. COHEN,** Deputy City Attorney – SBN 285709
200 North Main Street, 6th Floor, City Hall East
Los Angeles, CA 90012
Phone No.: (213) 645-9926
Fax No.:    (213) 978-8785
Email: emily.s.cohen@lacity.org

Attorneys for Defendants **CITY OF LOS ANGELES, CHRISTOPHER WALKER** and **EDUARDO RIOS**

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ZHOIE PEREZ, an individual,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF LOS ANGELES, OFFICER RIOS, OFFICER WALKER, CLAUDE JABSI, NAVIA BRITO, LESZEK SEMIK, THE ARCHDIOCESE OF LOS ANGELES RISK MANAGEMENT CORPORTATION AND JOHN DOE 1-2<br><br>Defendants. | CASE NO.  CV22-08227-SVW-ASx<br>*Hon. Stephen V. Wilson, Courtroom 10A*<br>*Mag. Judge Alka Sagar*<br><br>**DEFENDANT CITY OF LOS ANGELES' OPPOSITION TO PLAINTIFF'S MOTION FOR AN ORDER TO COMPEL FURTHER RESPONSES TO DEFENDANTS SUBPOENA TO PRODUCE DOCUMENTS AND FOR SANCTIONS**<br><br>[Filed concurrently with Declaration of Emily S. Cohen and Exhibits] |

///

///

///

///

i

1    **TO THE COURT AND PARTIES IN PRO PER:**

2           Defendants CITY OF LOS ANGELES, CHRISTOPHER WALKER and

3    EDUARDO RIOS submit the following opposition to Plaintiff's Motion to Compel

4    Further Responses and Request for Sanctions ("Motion") (Docket No. 33).

5

6    Dated: March 30, 2023            **HYDEE FELDSTEIN SOTO,** City Attorney
                                       **SCOTT MARCUS,** Chief Assistant City Attorney
7                                      **CORY M. BRENTE,** Senior Assistant City Attorney

8                                      By:    /s/ *Emily S. Cohen*

9                                             **EMILY S. COHEN,** Deputy City Attorney
                                       Attorneys for Defendants **CITY OF LOS**
10                                     **ANGELES, CHRISTOPHER WALKER** and
                                       **EDUARDO RIOS**

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                          ii

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I.   INTRODUCTION

Complainant Zhoie Perez views herself as a First Amendment auditor. She operates a YouTube channel under the name "Furry Potato." She films locations and people in an attempt to provoke a reaction, which she later posts on her YouTube channel.

On December 13, 2020, Plaintiff was filming congregants at St. Anastasia's Church. Plaintiff began yelling "Allah Akbar" at them. Plaintiff pepper sprayed at least two congregants and brandished a knife. LAPD Officers Walker and Rios were dispatched to the location after several people called 911 alleging that a suspect had assaulted them. When Officers arrive, there is a crowd yelling at Plaintiff. Plaintiff is handcuffed to ensure the safety of everyone involved, and is found with both a knife and pepper spray.

Plaintiff refused to cooperate with officers at the scene and alluded to the lawsuit she intended to file. Plaintiff provided no evidence at the scene that she is a victim of a crime, including video footage or statements, so officers are unaware of her potential status as a victim until she was already handcuffed and driven back to the police station. At the police station, she explains to officers that Mr. Jabsi tried to run her over with his vehicle. Officers subsequently take a report and release her from custody.

This is a civil rights case in which Plaintiff is alleging in her First Amended Complaint ("FAC") that the Los Angeles Police Department, Officer Walker, and Officer Rios violated her civil rights. She is alleging: (1) violation fo the Ralph Civil Rights Act; (2) Violation of the Bane Civil Rights Act; (3) False Imprisonment; (4)Violation of the First Amendment; (5) Illegal Seizure; and (6) Violation of the Fourth Amendment.

On January 6, 2023, Plaintiff served the Los Angeles Police Department with a subpoena duces tecum ("SDT"). LAPD then forwarded the SDT to the Los Angeles

1  City Attorney's Office. Plaintiff requested: (1) all body worn camera footage from
2  Officer Rios and Officer Walker related to the incident on December 13, 2020
3  involving Plaintiff Zhoie Perez; (2) the police and or incident report for the above
4  mentioned incident, including any police and or incident report taken related to any
5  vehicle collision involving Zhoie Perez on the date of the incident; and (3) all
6  documents, including but not limited to internal emails and memos related to or
7  mentioning Zhoie Perez or the YouTube channel "Furry Potato" between December
8  1, 2020 and January 1, 2023.

9      City Defendants have turned over the following documents between 1/20/23
10  and 1/24/23: (1) police report; (2) follow up investigation report; (3) Incident Recall
11  02_201213001150; Incident Recall 03_201213001595; (4) four videos taken by
12  Plaintiff Zhoie Perez; (5) 10 audio recordings relating to dispatch and/or the 911 call;
13  (6) affidavit regarding the authenticity of the calls.

14  **II.   MEMORANDUM OF POINTS AND AUTHORITIES**

15          **a. Plaintiff Did Not Meet and Confer in Good Faith**

16      Plaintiff bases her motion on the fact that she has not received the body worn
17  videos or internal emails or memos related to or mentioning Zhoie Perez between
18  December 1, 2020 and January 1, 2023.

19      "Good faith under 37(a)(2)(B) contemplates, among other things, honesty in
20  one's purpose to meaningfully discuss the discovery dispute, freedom from intention
21  to defraud or abuse the process, and faithfulness to one's obligation to secure
22  information without court action… it mandates a genuine attempt to resolve the
23  discovery dispute through non-judicial means." *Shuffle Master, Inc. v. Progressive*
24  *Games, Inc.*, 170 F.R.D. 166, 171 (Nev. 1996). Ms. Perez states that she mailed a
25  letter, although she does not include an address that letter is mailed to. She also states
26  that she left two voicemails. To date, I have not received a letter or voicemails.

27      However, giving Plaintiff the benefit of the doubt that those actions were taken,
28  Plaintiff has been communicating with me via email for the entirety of the litigation.

1  She has received a response to every email that she has sent. It is unclear why she

2  would not even attempt to send an email if she was not receiving a response otherwise.

3  In fact, when Plaintiff canceled her noticed deposition, this was the method of

4  communication that she chose to utilize. When Plaintiff served her interrogatory

5  responses, this is the method of communication she chose to utilize. If she truly wished

6  to resolve the matters without Court intervention, it is unclear why she did not send

7  an email.

8  ### b. There is No Dispute for the Court to Decide

9  ### i. Plaintiff and City Defendants Agree on the Body Worn Video

10  Further, this matter does not require court intervention. City Defendants agreed

11  to produce the videos pursuant to the protective order. Plaintiff did not attempt to send

12  a protective order to the City Defendants. On March 28, 2023, City Defendants sent a

13  proposed protective order to Plaintiff and indicated that we would produce the body

14  worn videos requested once the protective order had been signed. We have not

15  received a response. Where Plaintiff and Defendant agree on the course of action for

16  discovery, there is no need for court intervention.

17  ### ii. City Defendants Do Not Have "Emails" or "Memos"

18  Plaintiff's Second Request is for internal emails and "memos" related to

19  Plaintiff and her YouTube channel. There are no internal emails that pertain to

20  Plaintiff and her YouTube channel. After making a request, the only emails that I am

21  aware of are emails to or from myself, which would be confidential work product or

22  attorney client privilege. Further, the LAPD doesn't generate "memos" regarding

23  incidents, it generates police reports and follow up investigation reports. Those

24  documents have already been turned over to Plaintiff.

25  ### iii. Plaintiff Has Failed to Identify Which Documents She Believes

26  ### Are Missing.

27  In both the objections served on Plaintiff and the emails exchanged between

28  Plaintiff and myself, I have told Ms. Perez that her request for all documents is too

3

1  broad, but that if she would like to serve requests for production, to specifically
2  enumerate documents she believes have not been turned over, that I would try to
3  accommodate those requests. As of the filing of this motion, I have not received a
4  response.

5  Further, Ms. Perez does not appear to have any objection to the City Defendants
6  having more time to comply with discovery requests, as stated in her March 24, 2023
7  email. Plaintiff has broadened her request from just the body worn video footage of
8  Officers Walker and Rios to the body worn video footage of "four officers and the
9  scene and 1 sergeant" (Exhibit 2) Additional discovery requests should not be the
10  subject of this motion, and Plaintiff should be required to propound a request for
11  production just like any other litigant.

12  This only furthers the City Defendant's position that this motion can be resolved
13  informally. If the City Defendant's are trying to comply with Ms. Perez's request and
14  Ms. Perez has no objection to the City having additional time to provide documents,
15  there is no dispute for the court to rule on at this time.

16  **c. Sanctions are Inappropriate**

17  "When justified, discovery sanctions must be applied diligently both to penalize
18  those whose conduct may be deemed to warrant such a sanction, and to deter those
19  who might be tempted to such conduct in the absence of such a deterrent." *Infanzon*
20  *v. Allstate Insurance Company*, 335 F.R.D. 305, 310 (C.D. Cal. 2020). The rule's
21  purpose is to protect courts and opposing parties from delaying or harassing tactics
22  during the discovery process. *Id.*, citing *Cunningham v. Hamilton County*, 527 U.S.
23  198, 208 (1999).

24  This case is not a case where City Defendants deserve to be penalized. To begin,
25  City Defendants have turned over not only all of the documents requested in the SDT,
26  but also the documents identified in our initial disclosures. Thus the discovery turned
27  over has exceeded what was requested. Second, Plaintiff did not elect to communicate
28  with City Defendants through email, which had given her a 100% response rate in the

past. Had she elected to do so, there is a very high likelihood that this matter could have been resolved informally. The protective order has already been sent to Ms. Perez for review. The City has already agreed to turn over body worn video pursuant to the protective order. Where Plaintiff agrees to the protective order and the City agrees to turn over the body worn video, <u>there is no dispute</u>.

Second, Plaintiff does not identify what documents she seeks in her third request. There are no emails or "memos," only police reports which have been turned over. The City has already said that it believes all responsive documents have been turned over. However, should Plaintiff identify another document she seeks, it is likely that the City and Ms. Perez can work out an agreement. The City should not be sanctioned for not turning over a document Ms. Perez has not even identified.

Further, as the court can see in Plaintiff's Exhibit A, Defendants responded that Discovery Request Number 3 was too broad. Even if Defendants had received Plaintiff's Exhibit B, Plaintiff is not specific as to what documents she believes are missing. Nor has Plaintiff identified what documents she believes are missing in an email. The City should at least be entitled to know what documents Ms. Perez believes are missing before being required to pay sanctions. City Defendants have demonstrated that we are willing to work with Ms. Perez and that we want to informally resolve discovery disputes, which is not conduct that is deserving of being penalized, nor can Plaintiff show any delaying or harassing tactics that would lead the court to deter conduct in the future.

Additionally, Plaintiff seeks $600 in sanctions. Sanctions are awarded to pay the movant's reasonable expenses incurred, including attorneys fees. Here, Plaintiff is representing herself, and therefore, there are no attorney's fees. It is unclear where she has come up with the $600 amount.

///

///

5

III.   **CONCLUSION**

In conclusion, Defendants City of Los Angeles, Officer Walker, and Officer Rios ask that the court deny the motion in its entirety.

Dated: March 30, 2023

**HYDEE FELDSTEIN SOTO**, City Attorney
**SCOTT MARCUS**, Chief Assistant City Attorney
**CORY M. BRENTE**, Senior Assistant City Attorney

By:  /s/ *Emily S. Cohen*
_____

**EMILY S. COHEN**, Deputy City Attorney
Attorneys for Defendants **CITY OF LOS ANGELES, CHRISTOPHER WALKER** and **EDUARDO RIOS**

# PROOF OF SERVICE

I, MELINDA CROWE, declare as follows:

At the time of service I was over 18 years of age and not a party to this action. My business address is 200 N. Main Street, 6th Floor, City Hall East, Los Angeles, California 90012, which is in the County, City and State where this mailing occurred.

On March 30, 2023, I served the foregoing documents described as **DEFENDANT CITY OF LOS ANGELES' OPPOSITION TO PLAINTIFF'S MOTION FOR AN ORDER TO COMPEL FURTHER RESPONSES TO DEFENDANTS SUBPOENA TO PRODUCE DOCUMENTS AND FOR SANCTIONS** on all interested parties in this action by placing copies thereof enclosed in a sealed envelope addressed as follows:

PLAINTIFF IN PRO SE
ZHOIE PEREZ
14926 Templar Drive
La Mirada, CA 90638
Ph: (657) 239-6005
Email:
contact.zhoieperez@yahoo.com

DEFENDANT IN PRO SE
CLAUDE JABSI
8501 Pershing Drive, Unit No. 4
Playa Del Rey, CA 90293
Ph: (323) 630-6303
Email: playaspita@gmail.com

[X] BY MAIL    [ ]    I deposited such envelope in the mail at Los Angeles, California, with first class postage thereon fully prepaid.
            [ ]    I am readily familiar with the business practice for collection and processing of correspondence for mailing. Under that practice, it is deposited with the United States Postal Service on that same day, at Los Angeles, California, in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postage cancellation date or postage meter date is more than one (1) day after the date of deposit for mailing in affidavit; and/ or

[ ] BY ELECTRONIC SERVICE: I caused the documents to be sent to the persons at the electronic notification addresses listed above. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on March 30, 2023, at Los Angeles, California.

_Melinda Crowe_
MELINDA CROWE, Declarant

1