MATHEW R. GROSECLOSE (SBN 264680)
mgroseclose@polsinelli.com
**POLSINELLI LLP**
2049 Century Park East, Suite 2900
Los Angeles, CA 90067
Telephone:   (310) 556-1801
Facsimile:   (310) 556-1802

*Attorneys for Defendant,*
*Archdiocese of Los Angeles Risk Management Corporation*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ZHOIE PEREZ<br><br>Plaintiff(s),<br><br>v.<br><br>CITY OF LOS ANGELES, OFFICER RIOS, OFFICER WALKER, CLAUDE JABSI, NAVIA BRITO, LESZEK SEMIK, THE ARCHDIOCESE OF LOS ANGELES RISK MANAGEMENT CORP., AND JOHN DOE 1-2<br><br>Defendant(s). | Case No. 2:22-cv-08227-SVW-(AS)<br><br>**ARCHDIOCESE OF LOS ANGELES RISK MANAGEMENT CORPORATION'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF MATHEW R. GROSECLOSE**<br><br>*[Filed Concurrently with Proposed Order]*<br><br>Hearing Date: June 5, 2023<br>Hearing Time: 1:30 p.m.<br>Department: Courtroom 10A, 10th Floor<br>Judge: Honorable Stephen V. Wilson |

**TO THE HONORABLE STEPHEN WILSON OF THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA, TO ALL PARTIES HEREIN AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on June 5, 2023 at 1:30 p.m., or as soon thereafter as the matter may be heard in the United States District Court for the Central District of California, located at First Street Courthouse, 350 W. 1st Street, Courtroom 10A, 10th Floor, Los Angeles, California 90012, Defendant Archdiocese of Los Angeles Risk Management Corporation ("Archdiocese") will and hereby does move this Court for an Order, pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure, dismissing Plaintiff Zhoie Perez's ("Plaintiff") First Amended Complaint ("Complaint") as to the Archdiocese, without leave to amend.

This Motion is based on the grounds that: (1) There is no subject matter jurisdiction for the claims alleged against the Archdiocese; and (2) Plaintiff fails to state a claim upon which relief can be granted. Counsel for the Archdiocese attempted to resolve the issues raised herein without motion practice; however, Plaintiff refused to dismiss or amend the Complaint, thereby necessitating the filing of this Motion. (Declaration of Mathew R. Groseclose).

This Motion is based upon this Notice, the below Memorandum of Points and Authorities in support thereof, the Declaration of Mathew R. Groseclose, the records and pleadings on file herein, and any other evidence and argument as may be presented at the time of the hearing on this Motion.

DATED: April 20, 2023              **POLSINELLI LLP**

                                   By:  */s/ Mathew R. Groseclose*
                                        Mathew R. Groseclose, Esq.
                                   *Attorneys for Defendant, Archdiocese of Los Angeles Risk Management Corporation*

**TABLE OF CONTENTS**

I. INTRODUCTION ........................................................................................... 1

II. STATEMENT OF FACTS............................................................................. 1

III. LEGAL ARGUMENT .................................................................................... 2

    A.    The Complaint Does Not Establish Subject Matter Jurisdiction. ....... 2

    B.    Plaintiff's Complaint Fails To State A Claim for Relief Against The Archdiocese. ........................................................................................ 3

IV. CONCLUSION ............................................................................................... 5

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Ashcroft v. Iqbal*,
　556 U.S. 662 (2009) ............................................................................................... 4

*Bay Shore Union Free Sch. Dist. v. Kain*,
　485 F.3d 730 (2d Cir. 2007) ................................................................................... 2

*Bell Atl. Corp. v. Twombly*,
　550 U.S. 544 (2007) ............................................................................................... 4

*Carrico v. City and Cty. of San Francisco*,
　656 F.3d 1002 (9th Cir. 2011) ................................................................................ 4

*Catsouras v. Department of California Highway Patrol*,
　181 Cal.App.4th 856 (2010) ................................................................................... 3

*Empire Healthchoice Assur., Inc. v. McVeigh*,
　547 U.S. 677 (2006) ............................................................................................... 2

*Jones v. Williams*
　(9th Cir. 2002) 297 F.3d 930 ................................................................................. 3

*Kokkonen v. Guardian Life Ins. Co. of Am.*,
　511 U.S. 375 (1994) ............................................................................................... 2

*Nowak v. Ironworkers Local 6 Pension Fund*,
　81 F.3d 1182 (2d Cir. 1996) ................................................................................... 3

*Safe Air for Everyone v. Meyer*,
　373 F.3d 1035 (9th Cir. 2004) ................................................................................ 2

*Schreiber Distrib. Co. v. Serv-Well Furniture Co.*,
　806 F.2d 1393 (9th Cir. 1986) ................................................................................ 4

*Seismic Reservoir 2020, Inc. v. Paulsson*,
　785 F.3d 330 (9th Cir. 2015) .................................................................................. 4

*SmileCare Dental Grp. v. Delta Dental Plan of California, Inc.*,
　88 F.3d 780 (9th Cir. 1996) .................................................................................... 4

*Starr v. Baca*,
　652 F.3d 1202 (9th Cir. 2011) ................................................................................ 4

*United Food & Commercial Workers Union, Local 919, AFL-CIO v. CenterMark*
　*Prop. Meriden Square, Inc.*,
　30 F.3d 298 (2d Cir. 1994) ..................................................................................... 2

Polsinelli LLP
2049 Century Park East, Suite 2900
Los Angeles, CA 90067
(310) 556-1801

*United States v. Stanley*,
  483 U.S. 669 (1987)..........................................................................................................4

*Warren v. Fox Family Worldwide, Inc.*,
  328 F.3d 1136 (9th Cir. 2003) ..........................................................................................2

**Statutes**

28 U.S.C. § 1331...................................................................................................................2

28 U.S.C. § 1332...................................................................................................................2

Bane Act (California Civil Code section 52.1)....................................................................3

Ralph Civil Rights Act (California Civil Code section 51.7) ..............................................3

**Other Authorities**

Fed. R. Civ. P. 12(b)(1).........................................................................................................2

Fed. R. Civ. P. 12(h)(3).........................................................................................................2

Federal Rule of Civil Procedure 12(b)(6) ....................................................................2, 3, 4

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Plaintiff's Complaint does not belong in any court. Procedurally, the Complaint fails to state facts demonstrating the existence of subject matter jurisdiction over the claims alleged against the Archdiocese. Substantively, the Complaint fails to allege any of the requisite facts to sustain a claim for relief against the Archdiocese. The Court should therefore grant this Motion, without leave to amend.

## II. STATEMENT OF FACTS

Plaintiff alleges that, one morning in December of 2020, Plaintiff was doing a news story at a church. (Complaint, ¶ 7.) [Docket No. 37.] Plaintiff alleges that staff and congregants informed plaintiff that they had called police regarding plaintiff's activities. (Complaint, ¶ 9.) Plaintiff alleges that a physical altercation ensued, and thereafter, officers from the Los Angeles Police Department arrested plaintiff. (Complaint, ¶ 13.)

Based on these allegations, plaintiff asserts the following claims for relief against the Archdiocese: (1) Violation of the Ralph Civil rights Act; (2) Violation of the Bane Civil Rights Act; (3) False Imprisonment; and (4) Violation of the First Amendment. The Complaint does not allege facts sufficient to support any of these claims. In fact, there is only one allegation in the entire Complaint that mentions the Archdiocese:

> "The actions described hereinabove against the Plaintiff committed by the two LAPD Officers, Claude Jabsi, Navia Brito, Leszek Semik, the Archdiocese of Los Angeles Risk Management Corporation and John Doe 1-2 were done intentionally and with the intent to not only cause harm but to violate the Plaintiff's Constitutional Rights." (Complaint, ¶ 16.)

This lone, factually-devoid allegation cannot sustain plaintiff's claims, even if there had been jurisdiction for the matter. Because no reasonably conceivable amendment can cure the Complaint's deficiencies, the Complaint should be dismissed as to the Archdiocese, without leave to amend.

## III. LEGAL ARGUMENT

### A. The Complaint Does Not Establish Subject Matter Jurisdiction.

The subject matter jurisdiction of the federal district courts is limited and is set forth generally in 28 U.S.C. §§ 1331 and 1332. Under these statutes, a federal district court's jurisdiction is available only when a "federal question" is presented, or if asserting state-law claims under the court's diversity jurisdiction, when the plaintiff and the defendants are citizens of different states and the amount in controversy exceeds the sum or value of $75,000. "[I]t is common ground that in our federal system of limited jurisdiction any party or the court *sua sponte*, at any stage of the proceedings, may raise the question of whether the court has subject matter jurisdiction." *United Food & Commercial Workers Union, Local 919, AFL-CIO v. CenterMark Prop. Meriden Square, Inc.*, 30 F.3d 298, 301 (2d Cir. 1994); see Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

Dismissal is proper when a plaintiff fails to properly plead subject matter jurisdiction in the complaint. Fed. R. Civ. P. 12(b)(1). A "jurisdictional attack may be facial or factual." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). If the challenge is based solely upon the allegations in the complaint (a "facial attack"), the court generally presumes the allegations in the complaint are true. *Warren v. Fox Family Worldwide, Inc.*, 328 F.3d 1136, 1139 (9th Cir. 2003). The plaintiff bears the burden of establishing subject matter jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).

In this case, the Complaint demonstrates on its face that there are no grounds for diversity jurisdiction since both plaintiff and the Archdiocese are residents of Los Angeles. (Complaint, ¶ 1.) On its face, the Complaint likewise fails to establish federal question jurisdiction. To invoke the Court's federal-question jurisdiction, a plaintiff's claims must arise "under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. An action arises under federal law if the complaint "establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Bay Shore Union Free Sch. Dist. v. Kain*, 485 F.3d

730, 734-35 (2d Cir. 2007) (quoting *Empire Healthchoice Assur., Inc. v. McVeigh*, 547 U.S. 677, 690 (2006) (internal quotation marks omitted)).  Mere invocation of federal-question jurisdiction, without any facts demonstrating a federal-law claim, does not create federal-question jurisdiction. *See Nowak v. Ironworkers Local 6 Pension Fund*, 81 F.3d 1182, 1188-89 (2d Cir. 1996).

Here, plaintiff alleges claims under the Ralph Civil Rights Act (California Civil Code section 51.7) and the Bane Act (California Civil Code section 52.1).  Neither is a federal statute.  Both are state statutes creating private causes of action under limited circumstances outlined by state law.  Plaintiff also alleges a claim for False Imprisonment, a cause of action governed by state common law.  None of these claims create federal question jurisdiction.

Perhaps in a desperate attempt to plead around this jurisdictional bar, plaintiff alleges a First Amendment Violation, which states in whole: "Plaintiff brings this claim against all Defendants because their rights violations were driven by the fact the Plaintiff was exercising her rights to free press." (Complaint, ¶ 36.) This one sentence claim is legally invalid and cannot give rise to jurisdiction for several reasons.  First, the Archdiocese is not the government or any other kind of state actor.  *See Jones v. Williams* (9th Cir. 2002) 297 F.3d 930, 934 ("Section 1983 does not create any substantive rights; rather it is the vehicle whereby plaintiffs can challenge actions by governmental officials.").  Second, plaintiff has not alleged how the Archdiocese deprived plaintiff of a First Amendment right.  *See Catsouras v. Department of California Highway Patrol*, 181 Cal.App.4th 856, 890 (2010) ("By the plain terms of § 1983, two—and only two—allegations are required in order to state a cause of action under that statute. First, the plaintiff must allege that some person has deprived him of a federal right. Second, he must allege that the person who has deprived him of that right acted under color of state or territorial law.")  Since there are no viable claims against the Archdiocese for which the Court has jurisdiction, the Complaint should be dismissed.

      **B.**    **Plaintiff's Complaint Fails To State A Claim for Relief Against The Archdiocese.**

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a complaint is properly dismissed when its allegations fail to state a claim upon which relief can be granted. This includes when a complaint's allegations disclose a legal issue that precludes recovery or when the complaint fails to allege a cognizable claim under the law. *See e.g. SmileCare Dental Grp. v. Delta Dental Plan of California, Inc.,* 88 F.3d 780, 783 (9th Cir. 1996) ("The court may dismiss a complaint as a matter of law for "(1) lack of a cognizable legal theory or (2) insufficient facts under a cognizable legal claim."); *Seismic Reservoir 2020, Inc. v. Paulsson*, 785 F.3d 330, 335 (9th Cir. 2015) ("Rule 12(b)(6) authorizes a court to dismiss a claim on the basis of a dispositive issue of law."); *United States v. Stanley,* 483 U.S. 669, 692 (1987) ("Of course, if the plaintiff fails either to plead a cause of action or to demonstrate the damages are appropriate as a matter of law, the complaint is dismissed under Federal Rule of Civil Procedure 12(b)(6).").

"[T]o survive a motion to dismiss, a complaint must contain sufficient factual matter to state a facially plausible claim to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-678 (2009). A complaint does not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678. Therefore, "to be entitled to the presumption of truth, allegations in a complaint or counterclaim may not simply recite the elements of a cause of action. . . ." *Starr v. Baca,* 652 F.3d 1202, 1216 (9th Cir. 2011). "Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The Court also need not accept as true any "legal conclusion couched as a factual allegation." *Id.*

Leave to amend a complaint may be denied when "the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." *Schreiber Distrib. Co. v. Serv-Well Furniture Co*., 806 F.2d 1393, 1401 (9th Cir. 1986). Thus, leave to amend "is properly denied . . . if amendment would be futile." *Carrico v. City and Cty. of San Francisco*, 656 F.3d 1002, 1008 (9th Cir. 2011).

In this case, plaintiff alleges no facts—none—that outline a claim for relief against the Archdiocese. At best, the Complaint's lone mention of the Archdiocese in paragraph

4

MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT

89216165.1

16 can be construed as a "naked assertion" not entitled to the presumption of truth. Moreover, that lone mention states no facts that would constitute an element of a claim, much less, all requisite elements of a claim. That lone mention likewise fails to demonstrate what relief can be granted because there simply is no factual recitation of what the Archdiocese did to cause plaintiff harm. No amendment can cure these glaring deficiencies. Paragraphs seven through eleven of the Complaint detail the sequence of events that allegedly violated plaintiff's civil rights, and nowhere in that recitation is the Archdiocese alleged to be an actor or perpetrator. Simply put, the Complaint does not state a claim for which relief can be granted because it does not and cannot state that the Archdiocese had anything to do with the events that took place on that morning in December of 2020.

## IV. CONCLUSION

The limited jurisdiction of this Court does not permit consideration of the under-pled state law causes of action alleged in the Complaint. This defendant respectfully requests that the Court issue an Order granting this Motion and dismissing plaintiff's Complaint against the Archdiocese, without leave to amend.

DATED: April 20, 2023

**POLSINELLI LLP**

By: */s/ Mathew R. Groseclose*
Mathew R. Groseclose, Esq.
*Attorneys for Defendant, Archdiocese of Los Angeles Risk Management Corporation*

## DECLARATION OF MATHEW R. GROSECLOSE

I, Mathew R. Groseclose, declare as follows:

1. I am an attorney with Polsinelli LLP and am duly licensed to practice law in the State of California and in the United States District Court for the Central District of California. I represent the moving defendant in this action. I have personal knowledge of the facts set forth in this Declaration, and, if called as a witness, could and would testify competently to such facts under oath.

2. On April 12, 2023, my office called and spoke with plaintiff to discuss the issues in the concurrently filed Motion to Dismiss, setting forth the arguments as to why plaintiff's Complaint lacked merit and should be dismissed pursuant to Federal Rule of Civil Procedure, Rule 12(b). To date, plaintiff has failed to dismiss the Archdiocese from the action, thereby necessitating the filing of this Motion.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that this Declaration was executed this 20th day of April, 2023, at Los Angeles, California.

   */s/ Mathew R. Groseclose*
   Mathew R. Groseclose, Esq.

MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT

89216165.1

|   |   |
|---|---|
| 1 | **CERTIFICATE OF SERVICE** |

I hereby certify that on April 20, 2023, I electronically transmitted the foregoing document to the U.S. District Court Clerk's Office using the CM/ECF System for filing and transmitted a copy by Electronic Mail to the following:

Zhoie Perez
14926 Templar Drive
La Mirada, CA 90638
Phone: (657) 239-6005


By: ___*/s/Cassini Quarles*___
        Cassini Quarles

2
MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT

89216165.1