1    MATHEW R. GROSECLOSE (SBN 264680)
     mgroseclose@polsinelli.com
2    **POLSINELLI LLP**
     2049 Century Park East, Suite 2900
3    Los Angeles, CA 90067
     Telephone:   (310) 556-1801
4    Facsimile:    (310) 556-1802

5    *Attorneys for Defendants,*
     *Archdiocese of Los Angeles Risk Management Corporation and Father Leszek Semik*

6

7

8                     **UNITED STATES DISTRICT COURT**

9                     **CENTRAL DISTRICT OF CALIFORNIA**

10

11

12   ZHOIE PEREZ                          Case No. 2:22-cv-08227-SVW-(AS)

13              Plaintiff(s),            **FATHER LESZEK SEMIK'S**
                                         **NOTICE OF MOTION AND**
14   v.                                  **MOTION TO DISMISS PLAINTIFF'S**
                                         **COMPLAINT; MEMORANDUM OF**
15   CITY OF LOS ANGELES, OFFICER        **POINTS AND AUTHORITIES;**
     RIOS, OFFICER WALKER, CLAUDE        **DECLARATION OF MATHEW R.**
16   JABSI, NAVIA BRITO, LESZEK SEMIK,   **GROSECLOSE**
     THE ARCHDIOCESE OF LOS ANGELES
17   RISK MANAGEMENT CORP., AND          *[Filed Concurrently with Proposed*
     JOHN DOE 1-2                        *Order]*
18
                Defendant(s).
19                                       Hearing Date:  June 5, 2023
                                         Hearing Time: 1:30 p.m.
20                                       Department: Courtroom 10A, 10th Floor
                                         Judge: Honorable Stephen V. Wilson
21

22

23

24        **TO THE HONORABLE STEPHEN WILSON OF THE UNITED STATES**

25   **DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA, TO ALL**

26   **PARTIES HEREIN AND THEIR ATTORNEYS OF RECORD:**

27        **PLEASE TAKE NOTICE** that on June 5, 2023 at 1:30 p.m., or as soon thereafter

28   as the matter may be heard in the United States District Court for the Central District of

*Polsinelli LLP*
*2049 Century Park East, Suite 2900*
*Los Angeles, CA 90067*
*(310) 556-1801*

89228601.1

1 California, located at First Street Courthouse, 350 W. 1st Street, Courtroom 10A, 10th

2 Floor, Los Angeles, California 90012, Defendant Father Leszek Semik ("Father") will and

3 hereby does move this Court for an Order, pursuant to Rules 12(b)(1) and 12(b)(6) of the

4 Federal Rules of Civil Procedure, dismissing Plaintiff Zhoie Perez's ("Plaintiff") First

5 Amended Complaint ("Complaint") as to Father, without leave to amend.

6      This Motion is based on the grounds that: (1) There is no subject matter jurisdiction

7 for the claims alleged against Father; and (2) Plaintiff fails to state a claim upon which relief

8 can be granted.  Counsel for Father attempted to resolve the issues raised herein without

9 motion practice; however, Plaintiff refused to dismiss or amend the Complaint, thereby

10 necessitating the filing of this Motion. (Declaration of Mathew R. Groseclose).

11      This Motion is based upon this Notice, the below Memorandum of Points and

12 Authorities in support thereof, the Declaration of Mathew R. Groseclose, the records and

13 pleadings on file herein, and any other evidence and argument as may be presented at the

14 time of the hearing on this Motion.

DATED:  April 20, 2023           **POLSINELLI LLP**

By:   */s/ Mathew R. Groseclose*
     Mathew R. Groseclose, Esq.
*Attorneys for Defendant, Father Leszek Semik*

MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT
89228601.1

# TABLE OF CONTENTS

I.   INTRODUCTION ................................................................................. 1

II.  STATEMENT OF FACTS .................................................................... 1

III. LEGAL ARGUMENT ........................................................................... 2

     A.   The Complaint Does Not Establish Subject Matter Jurisdiction. ....... 2

     B.   Plaintiff's Complaint Fails To State A Claim for Relief Against
          Father. ....................................................................................... 3

IV.  CONCLUSION ..................................................................................... 5

MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT

89228601.1

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Ashcroft v. Iqbal,*
    556 U.S. 662 (2009) ...........................................................................................4

*Bay Shore Union Free Sch. Dist. v. Kain*,
    485 F.3d 730 (2d Cir. 2007) ..............................................................................2

*Bell Atl. Corp. v. Twombly,*
    550 U.S. 544 (2007) ...........................................................................................4

*Carrico v. City and Cty. of San Francisco,*
    656 F.3d 1002 (9th Cir. 2011) ..........................................................................4

*Catsouras v. Department of California Highway Patrol,*
    181 Cal.App.4th 856 (2010) ..............................................................................3

*Empire Healthchoice Assur., Inc. v. McVeigh*,
    547 U.S. 677 (2006) ...........................................................................................2

*Jones v. Williams*
    (9th Cir. 2002) 297 F.3d 930 ............................................................................3

*Kokkonen v. Guardian Life Ins. Co. of Am.*,
    511 U.S. 375 (1994) ...........................................................................................2

*Nowak v. Ironworkers Local 6 Pension Fund*,
    81 F.3d 1182 (2d Cir. 1996)..............................................................................3

*Safe Air for Everyone v. Meyer*,
    373 F.3d 1035 (9th Cir. 2004) ..........................................................................2

*Schreiber Distrib. Co. v. Serv-Well Furniture Co.*,
    806 F.2d 1393 (9th Cir. 1986) ..........................................................................4

*Seismic Reservoir 2020, Inc. v. Paulsson*,
    785 F.3d 330 (9th Cir. 2015) ............................................................................4

*SmileCare Dental Grp. v. Delta Dental Plan of California, Inc.*,
    88 F.3d 780 (9th Cir. 1996) ..............................................................................4

*Starr v. Baca*,
    652 F.3d 1202 (9th Cir. 2011) ..........................................................................4

*United Food & Commercial Workers Union, Local 919, AFL-CIO v. CenterMark*
    *Prop. Meriden Square, Inc.*,
    30 F.3d 298 (2d Cir. 1994)................................................................................2

Polsinelli LLP
2049 Century Park East, Suite 2900
Los Angeles, CA 90067
(310) 556-1801

*United States v. Stanley*,
    483 U.S. 669 (1987)............................................................................................4

*Warren v. Fox Family Worldwide, Inc.*,
    328 F.3d 1136 (9th Cir. 2003) ........................................................................2

**Statutes**

28 U.S.C. § 1331............................................................................................................2

28 U.S.C. § 1332............................................................................................................2

Bane Act (California Civil Code section 52.1)............................................................3

Ralph Civil Rights Act (California Civil Code section 51.7) .....................................3

**Other Authorities**

Fed. R. Civ. P. 12(b)(1)................................................................................................2

Fed. R. Civ. P. 12(h)(3)................................................................................................2

Federal Rule of Civil Procedure 12(b)(6) ............................................................2, 3, 4

MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT

89228601.1

## <u>MEMORANDUM OF POINTS AND AUTHORITIES</u>

## I.    <u>INTRODUCTION</u>

Plaintiff's Complaint does not belong in any court.  Procedurally, the Complaint fails to state facts demonstrating the existence of subject matter jurisdiction over the claims alleged against Father Leszek Semik.  Substantively, the Complaint fails to allege any of the requisite facts to sustain a claim for relief against Father.  The Court should therefore grant this Motion, without leave to amend.

## II.    <u>STATEMENT OF FACTS</u>

Plaintiff alleges that, one morning in December of 2020, Plaintiff was doing a news story at a church. (Complaint, ¶ 7.) [Docket No. 37.] Plaintiff alleges that staff and congregants informed plaintiff that they had called police regarding plaintiff's activities. (Complaint, ¶ 9.)  Plaintiff alleges that a physical altercation ensued, and thereafter, officers from the Los Angeles Police Department arrested plaintiff.  (Complaint, ¶ 13.)

Based on these allegations, plaintiff asserts the following claims for relief against Father: (1) Violation of the Ralph Civil rights Act; (2) Violation of the Bane Civil Rights Act; (3) False Imprisonment; and (4) Violation of the First Amendment. The Complaint does not allege facts sufficient to support any of these claims.  In fact, there are only two allegations in the entire Complaint that mention Father:

"…Navia Brito – Claude Jabsi – Leszek Semik, all made false allegations about me, stating that I said "I'm going to kill you all."  (Complaint, ¶ 13.)

"The actions described hereinabove against the Plaintiff committed by the two LAPD Officers, Claude Jabsi, Navia Brito, Leszek Semik, the Archdiocese of Los Angeles Risk Management Corporation and John Doe 1-2 were done intentionally and with the intent to not only cause harm but to violate the Plaintiff's Constitutional Rights."  (Complaint, ¶ 16.)

These allegations cannot sustain plaintiff's claims, even if there had been jurisdiction for the matter.  Because no reasonably conceivable amendment can cure the Complaint's deficiencies, the Complaint should be dismissed as to Father, without leave to amend.

Polsinelli LLP
2049 Century Park East, Suite 2900
Los Angeles, CA 90067
(310) 556-1801

89228601.1

## III.   LEGAL ARGUMENT

### A.   The Complaint Does Not Establish Subject Matter Jurisdiction.

The subject matter jurisdiction of the federal district courts is limited and is set forth generally in 28 U.S.C. §§ 1331 and 1332. Under these statutes, a federal district court's jurisdiction is available only when a "federal question" is presented, or if asserting state-law claims under the court's diversity jurisdiction, when the plaintiff and the defendants are citizens of different states and the amount in controversy exceeds the sum or value of $75,000. "[I]t is common ground that in our federal system of limited jurisdiction any party or the court *sua sponte*, at any stage of the proceedings, may raise the question of whether the court has subject matter jurisdiction." *United Food & Commercial Workers Union, Local 919, AFL-CIO v. CenterMark Prop. Meriden Square, Inc.*, 30 F.3d 298, 301 (2d Cir. 1994); see Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

Dismissal is proper when a plaintiff fails to properly plead subject matter jurisdiction in the complaint. Fed. R. Civ. P. 12(b)(1). A "jurisdictional attack may be facial or factual." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). If the challenge is based solely upon the allegations in the complaint (a "facial attack"), the court generally presumes the allegations in the complaint are true. *Warren v. Fox Family Worldwide, Inc.*, 328 F.3d 1136, 1139 (9th Cir. 2003). The plaintiff bears the burden of establishing subject matter jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).

In this case, the Complaint demonstrates on its face that there are no grounds for diversity jurisdiction since both plaintiff and Father are residents of Los Angeles. (Complaint, ¶ 1.)  On its face, the Complaint likewise fails to establish federal question jurisdiction.  To invoke the Court's federal-question jurisdiction, a plaintiff's claims must arise "under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. An action arises under federal law if the complaint "establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Bay Shore Union Free Sch. Dist. v. Kain*, 485 F.3d

2

730, 734-35 (2d Cir. 2007) (quoting *Empire Healthchoice Assur., Inc. v. McVeigh*, 547 U.S. 677, 690 (2006) (internal quotation marks omitted)).  Mere invocation of federal-question jurisdiction, without any facts demonstrating a federal-law claim, does not create federal-question jurisdiction. *See Nowak v. Ironworkers Local 6 Pension Fund*, 81 F.3d 1182, 1188-89 (2d Cir. 1996).

Here, plaintiff alleges claims under the Ralph Civil Rights Act (California Civil Code section 51.7) and the Bane Act (California Civil Code section 52.1).  Neither is a federal statute.  Both are state statutes creating private causes of action under limited circumstances outlined by state law.  Plaintiff also alleges a claim for False Imprisonment, a cause of action governed by state common law.  None of these claims create federal question jurisdiction.

Perhaps in a desperate attempt to plead around this jurisdictional bar, plaintiff alleges a First Amendment Violation, which states in whole: "Plaintiff brings this claim against all Defendants because their rights violations were driven by the fact the Plaintiff was exercising her rights to free press." (Complaint, ¶ 36.) This one sentence claim is legally invalid and cannot give rise to jurisdiction for several reasons.  First, Father is not the government or any other kind of state actor.  *See Jones v. Williams* (9th Cir. 2002) 297 F.3d 930, 934 ("Section 1983 does not create any substantive rights; rather it is the vehicle whereby plaintiffs can challenge actions by governmental officials.").  Second, plaintiff has not alleged how Father deprived plaintiff of a First Amendment right.  *See Catsouras v. Department of California Highway Patrol*, 181 Cal.App.4th 856, 890 (2010) ("By the plain terms of § 1983, two—and only two—allegations are required in order to state a cause of action under that statute. First, the plaintiff must allege that some person has deprived him of a federal right. Second, he must allege that the person who has deprived him of that right acted under color of state or territorial law.")  Since there are no viable claims against Father for which the Court has jurisdiction, the Complaint should be dismissed.

**B.     Plaintiff's Complaint Fails To State A Claim for Relief Against Father.**

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a complaint is properly

3

1   dismissed when its allegations fail to state a claim upon which relief can be granted. This
2   includes when a complaint's allegations disclose a legal issue that precludes recovery or
3   when the complaint fails to allege a cognizable claim under the law. *See e.g. SmileCare*
4   *Dental Grp. v. Delta Dental Plan of California, Inc.,* 88 F.3d 780, 783 (9th Cir. 1996) ("The
5   court may dismiss a complaint as a matter of law for "(1) lack of a cognizable legal theory
6   or (2) insufficient facts under a cognizable legal claim."); *Seismic Reservoir 2020, Inc. v.*
7   *Paulsson*, 785 F.3d 330, 335 (9th Cir. 2015) ("Rule 12(b)(6) authorizes a court to dismiss
8   a claim on the basis of a dispositive issue of law."); *United States v. Stanley,* 483 U.S. 669,
9   692 (1987) ("Of course, if the plaintiff fails either to plead a cause of action or to
10  demonstrate the damages are appropriate as a matter of law, the complaint is dismissed
11  under Federal Rule of Civil Procedure 12(b)(6).").

12          "[T]o survive a motion to dismiss, a complaint must contain sufficient factual matter
13  to state a facially plausible claim to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-678 (2009).
14  A complaint does not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual
15  enhancement.'" *Iqbal*, 556 U.S. at 678. Therefore, "to be entitled to the presumption of
16  truth, allegations in a complaint or counterclaim may not simply recite the elements of a
17  cause of action. . . ." *Starr v. Baca,* 652 F.3d 1202, 1216 (9th Cir. 2011). "Factual
18  allegations must be enough to raise a right to relief above the speculative level." *Bell Atl.*
19  *Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The Court also need not accept as true any
20  "legal conclusion couched as a factual allegation." *Id.*

21          Leave to amend a complaint may be denied when "the court determines that the
22  allegation of other facts consistent with the challenged pleading could not possibly cure the
23  deficiency." *Schreiber Distrib. Co. v. Serv-Well Furniture Co*., 806 F.2d 1393, 1401 (9th
24  Cir. 1986). Thus, leave to amend "is properly denied . . . if amendment would be futile."
25  *Carrico v. City and Cty. of San Francisco*, 656 F.3d 1002, 1008 (9th Cir. 2011).

26          In this case, plaintiff alleges no facts—none—that outline a claim for relief against
27  Father. At best, paragraphs 13 and 16 can be construed as "naked assertions" not entitled
28  to the presumption of truth. But even if the truth were to be presumed for purposes of this

Motion—i.e., that Father falsely stated that plaintiff had said, "I'm going to kill you all," this would not form a claim for relief, or even constitute an element of such a claim. No amendment can cure these glaring deficiencies, and consequently, this Motion should be granted without leave to amend.

**IV.   <u>CONCLUSION</u>**

The limited jurisdiction of this Court does not permit consideration of the under-pled state law causes of action alleged in the Complaint.  This defendant respectfully requests that the Court issue an Order granting this Motion and dismissing plaintiff's Complaint against Father, without leave to amend.

DATED:  April 20, 2023                         **POLSINELLI LLP**

                                  By:  <u>/s/ Mathew R. Groseclose</u>
                                     Mathew R. Groseclose, Esq.
                                     *Attorneys for Defendant, Father Leszek Semik*

## <u>DECLARATION OF MATHEW R. GROSECLOSE</u>

I, Mathew R. Groseclose, declare as follows:

1.      I am an attorney with Polsinelli LLP and am duly licensed to practice law in the State of California and in the United States District Court for the Central District of California.  I represent the moving defendant in this action.  I have personal knowledge of the facts set forth in this Declaration, and, if called as a witness, could and would testify competently to such facts under oath.

2.      On April 12, 2023, my office called and spoke with plaintiff to discuss the issues in the concurrently filed Motion to Dismiss, setting forth the arguments as to why plaintiff's Complaint lacked merit and should be dismissed pursuant to Federal Rule of Civil Procedure, Rule 12(b).  To date, plaintiff has failed to dismiss Father from the action, thereby necessitating the filing of this Motion.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that this Declaration was executed this 20th day of April, 2023, at Los Angeles, California.

   _/s/ Mathew R. Groseclose_
   Mathew R. Groseclose, Esq.

Polsinelli LLP
2049 Century Park East, Suite 2900
Los Angeles, CA 90067
(310) 556-1801

89228601.1

1

2

## **CERTIFICATE OF SERVICE**

3

4           I hereby certify that on April 20, 2023, I electronically transmitted the foregoing

5    document to the U.S. District Court Clerk's Office using the CM/ECF System for filing and

6    transmitted a copy by Electronic Mail to the following:

7    Zhoie Perez
     14926 Templar Drive
8    La Mirada, CA 90638
     Phone: (657) 239-6005
9

10

11   By:   */s/Cassini Quarles*
              Cassini Quarles

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT

89228601.1