UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | CV 22-08227-SVW (AS) | Date | April 21, 2023 |
|---|---|---|---|
| Title | *Zhoie Perez v. City of Los Angeles, et al.* | | |

| Present: The Honorable | Alka Sagar, United States Magistrate Judge | |
|---|---|---|
| Alma Felix | | N/A |
| Deputy Clerk | | Court Reporter / Recorder |
| Attorneys Present for Plaintiff: | | Attorneys Present for Defendant: |
| N/A | | N/A |

**Proceedings (In Chambers):**   **ORDER DENYING MOTION TO COMPEL (Dkt. No. 31)**

On March 14, 2023, Plaintiff filed a motion to compel Defendant Jabsi to provide further responses and production of documents to Plaintiff's Requests for Production of Documents ("RFP") ("Motion," Dkt. No. 31), along with the Declaration of Zhoie Perez and exhibits. ("Perez Decl.," Dkt. No. 32). On March 28, 2023, pursuant to this Court's Order (Dkt. No. 36), Defendant Jabsi filed an opposition to Plaintiff's motion to compel, along with the Declaration of Claude Jabsi and an exhibit. ("Opposition," Dkt. No. 39).

The Court has reviewed the parties' submissions, declarations, and attached exhibits. For the reasons stated below, the Court DENIES Plaintiff's motion to compel.

   **A. Legal Standard**

A party "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). Nevertheless, information "need not be admissible in evidence to be discoverable." Id. Thus, relevance, for purposes of discovery, is defined broadly, and "[d]iscovery of nonprivileged information not admissible in evidence remains available so long as it is otherwise within the scope of discovery." Fed. R. Civ. P. 26(b)(1) advisory committee's note (2015); see Garneau v. City of Seattle, 147 F.3d 802, 812 (9th Cir. 1998). However, under amended Rule 26(b), discovery must be "proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

| Case No. | CV 22-08227-SVW (AS) | Date | April 21, 2023 |
|---|---|---|---|
| Title | *Zhoie Perez v. City of Los Angeles, et al.* | | |

discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). This proportionality requirement "is designed to avoid . . . sweeping discovery that is untethered to the claims and defenses in litigation." Mfg. Automation & Software Sys., Inc. v. Hughes, 2017 WL 5641120, at *5 (C.D. Cal. Sept. 21, 2017).

Motions to compel are governed by Rule 37, which allows a party to "move for an order compelling disclosure or discovery." Fed. R. Civ. P. 37(a)(1). "A party seeking discovery may move for an order compelling an answer [or]. . . production . . . if . . . a party fails to produce documents . . . as requested under Rule 34." Fed. R. Civ. P. 37(a)(3)(B)(iv). Rule 34 provides that a party may serve on any other party a request to produce documents or electronically stored information within the party's possession, custody, or control that is otherwise within the scope of Rule 26. Fed. R. Civ. P. 34(a)(1)(A). "Upon a motion to compel discovery, the movant has the initial burden of demonstrating relevance." United States v. McGraw-Hill Companies, Inc., 2014 WL 1647385, at *8 (C.D. Cal. Apr. 15, 2014). Further, district courts have "broad discretion" to control discovery and in determining relevancy for discovery purposes. See Hallett v. Morgan, 296 F.3d 732, 751 (9th Cir. 2002) (citation and alteration omitted).

### B. Discussion

Plaintiff seeks to compel Defendant Jabsi to provide complete responses and produce all responsive documents to Plaintiff's RFP No. 1. (Motion at 1-2, 6). This request seeks documents related to insurance policies issued to Jabsi on his Range Rover automobile for the months of October, November, and December of 2020, including, but not limited to, policies, statements, and insurance cards. (Perez Decl., Ex. A at 3). Defendant objected to the request on the grounds that it was vague, ambiguous, overbroad, and unduly burdensome. (Id. at 4). Notwithstanding those objections, Defendant confirmed that he has no responsive documents in his possession, custody, or control. (Id.). As such, the Court finds that Defendant Jabsi sufficiently answered

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

| Case No. | CV 22-08227-SVW (AS) | Date | April 21, 2023 |
|---|---|---|---|
| Title | *Zhoie Perez v. City of Los Angeles, et al.* | | |

this request, and Plaintiff's motion to compel further responses and production of documents is DENIED.[1]

Plaintiff's motion for sanctions of $600 for her fees incurred in preparing and filing the motion is DENIED. (Motion at 5-6). Even if the Court had granted Plaintiff's motion, discovery sanctions are "designed to reimburse the movant's reasonable fees incurred in filing the motion and, here, Plaintiff is representing h[er]self, has not incurred any costs, and is not eligible to receive sanctions under Fed. R. Civ. P. 37." Moore v. Lankford, 2021 WL 1263959, at *2 (S.D. Cal. Apr. 6, 2021); see also Rosenblum v. Blackstone, 2020 WL 8515207, at *2 (C.D. Cal. Feb. 28, 2020) ("Plaintiff, a pro se prisoner, cannot obtain monetary sanctions under Rule 37(b), and Plaintiff has not demonstrated he incurred any costs in connection with the matter."); Pickholtz v. Rainbow Techs., Inc., 284 F.3d 1365, 1376 (Fed. Cir. 2002) ("Rule 37 does not empower the district court to award attorney fees to a pro se litigant.").

**IT IS SO ORDERED.**

cc:   Stephen V. Wilson
      United States District Judge

Initials of Preparer   AF        0 : 00

---

[1] The Court notes that the parties failed to adequately meet and confer prior to the filing of this motion, as required by the Court's Local Rule 37-1. (Motion at 2, 4-6; Opposition at 2). While the Court does not deny Plaintiff's motion to compel on these grounds, the Court places the parties on notice that further requests for rulings on discovery disputes, whether by Rule 37 motion or the Court's informal discovery dispute resolution procedure, will not be entertained unless the parties have certified that they have met and conferred in good faith as to all issues in dispute. L.R. 37-1.