MATHEW R. GROSECLOSE (SBN 264680)
mgroseclose@polsinelli.com
**POLSINELLI LLP**
2049 Century Park East, Suite 2900
Los Angeles, CA 90067
Telephone: (310) 556-1801
Facsimile: (310) 556-1802

*Attorneys for Defendant,*
*Archdiocese of Los Angeles Risk Management Corporation*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ZHOIE PEREZ<br><br>Plaintiff(s),<br><br>v.<br><br>CITY OF LOS ANGELES, OFFICER RIOS, OFFICER WALKER, CLAUDE JABSI, NAVIA BRITO, LESZEK SEMIK, THE ARCHDIOCESE OF LOS ANGELES RISK MANAGEMENT CORP., AND JOHN DOE 1-2<br><br>Defendant(s). | Case No. 2:22-cv-08227-SVW-(AS)<br><br>**ARCHDIOCESE OF LOS ANGELES RISK MANAGEMENT CORPORATION'S REPLY IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S COMPLAINT**<br><br>Hearing Date: TBD, per Docket No. 58<br>Hearing Time: TBD, per Docket No. 58 |

**TO THE HONORABLE MAGISTRATE JUDGE ALKA SAGAR, THE HONORABLE STEPHEN WILSON OF THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA, TO ALL PARTIES HEREIN AND THEIR ATTORNEYS OF RECORD:**

Defendant Archdiocese of Los Angeles Risk Management Corporation ("Archdiocese") hereby submits its Reply to plaintiff's Opposition to the Motion to Dismiss plaintiff's First Amended Complaint ("Complaint"), without leave to amend.

## I. INTRODUCTION

Plaintiff's Opposition demonstrates that there is no jurisdiction for the claims alleged against the Archdiocese, and that plaintiff cannot allege sufficient facts to state a claim upon which relief can be granted. Most importantly, the Opposition shows that plaintiff has no additional facts to allege. Because plaintiff cannot cure the Complaint's deficiencies, the Court should grant the Motion to Dismiss without leave to amend.

## II. LEGAL ARGUMENT

For the Court's convenience, the Archdiocese has addressed plaintiff's arguments in the order that they appear in the Opposition papers.

### A. There Is No Subject Matter Jurisdiction For Claims Against The Archdiocese.

Plaintiff argues that this case belongs in this Court because of what is "clearly documented on LAPD Body Worn Camera footage" and an LAPD police report, which allegedly demonstrates "injustice" that occurred in the County of Los Angeles. This action's literal subject matter—injustice—and the physical location of that alleged injustice, are plaintiff's bases for this Court's jurisdiction. But this incorrectly presumes that this Court is a court of general jurisdiction. It is not. Federal district courts are "courts of limited jurisdiction," possessing "only that power authorized by Constitution and statute." *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005). In fact, the Court "presumes that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Here, plaintiff has failed to meet that burden.

The Opposition appears to argue that a federal question exists because "the First and Fourth Amendment rights were clearly violated as a result of the lies told by these Defendants." This argument is legally incorrect and factually unsupported.

First, federal question jurisdiction only arises when a claim is found "under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Specifically, the Court may have jurisdiction if "federal law creates the cause of action" or "plaintiff's right

to relief necessarily depends on resolution of a substantial question of federal law." *Bay Shore Union Free Sch. Dist. v. Kain*, 485 F.3d 730, 734-35 (2d Cir. 2007). Neither is true here. "[I]t is "undisputed that the First Amendment of the United States Constitution only applies to government actors; it does not apply to private corporations or persons." *Federal Agency of News LLC v. Facebook, Inc.*, 432 F.Supp.3d 1107, 1121 (N.D. Cal. 2020). The same is true of the Fourth Amendment. *Wyatt v. Cole*, 504 U.S. 158, 161 (1992). Moreover, state law actions under California's Civil Code are just that—causes of action created by state law. Thus, even if the Complaint contained facts demonstrating how the Archdiocese violated plaintiff's rights under the First and Fourth Amendments, federal law does not create a cause of action for plaintiff against the Archdiocese.

Second, there are no facts in the Complaint demonstrating how the Archdiocese violated plaintiff's rights under the First and Fourth Amendments. The Opposition references a police report and body camera footage; these references do not constitute facts in a pleading apprising the Archdiocese of how it allegedly violated plaintiff's rights. The Opposition's vague reference to "lies" told by the Archdiocese likewise cannot sustain the pleading. There is no allegation that the Archdiocese told a lie about plaintiff, or what that lie was. There is no allegation demonstrating how alleged statements of parishioners or employees of St. Anastasia Catholic Church are imputed to the Archdiocese. And there is no allegation how an alleged statement of such parishioners or Church employees violated First and Fourth Amendment freedoms. Any one of these failures justifies an order granting the Archdiocese's Motion. All of these failures justify an order granting this Motion without leave to amend.

**B.     Plaintiff Did Not Distinguish Applicable Authority.**

Plaintiff attempts to distinguish authorities cited by the Archdiocese based on the facts in each published case. But whether the facts in cited cases concerned union disputes, environmental advocacy or royalty payments, all cited authorities correctly set forth applicable rules limiting this Court's jurisdiction. Plaintiff has not and cannot dispute that those authorities in the Motion to Dismiss accurately and correctly set forth why plaintiff

3

has failed to meet the burden of demonstrating subject matter jurisdiction for the claims alleged against the Archdiocese.

   **C. Plaintiff's Authorities Do Not Apply, and Plaintiff Offers No Facts To Demonstrate How Plaintiff Could Cure the Factually-Devoid Complaint.**

Plaintiff does not provide reporter citations for cases in the Opposition, and it is therefore difficult to determine what authorities are being relied upon. However, to the extent that the Opposition's reference to "*Wickershaw*" is actually a citation of *Wickersham v. City of Columbia*, 481 F.3d 591 (8th Cir. 2007), the Archdiocese has distinguished that decision in an abundance of caution.

Plaintiff cites "*Wickershaw*" and other authorities to argue that private companies and non-governmental actors can be held to account for "co-conspiring with government actors to violate persons [sic] Constitutional rights." This doctrine, which requires a "state action" analysis, is very limited, and it is an exception to the general rule. That exception is not applicable here.

In *Wickersham*, the plaintiff was prevented from collecting signatures on a petition at an air show at a municipal airport. The Court held that the nonprofit corporation that operated the air show at that airport qualified as a state actor. *Wickersham v. City of Columbia*, 481 F.3d 591, 593 (8th Cir. 2007). The 8th Circuit accurately summarized the crux of the inquiry:

> "To ascertain whether there is state action in a case, we examine the record to determine 'whether the conduct at issue is fairly attributable to the state.' We are guided in this inquiry by two additional queries: whether the claimed deprivation 'resulted from the exercise of a right or privilege having its source in state authority' and whether the party engaging in the deprivation 'may be appropriately characterized as a state actor.' Since [the private nonprofit's] authority to impose speech restrictions at its air show derives from the city's grant to it of temporary control over the airport, [the] first prerequisite for state action is met. The key issue is whether [the private

nonprofit] may appropriately be considered a state actor in the circumstances presented." *Wickersham, supra*, 481 F.3d at 597 (internal citations omitted).

In this case, there is no conduct at issue that is "fairly attributable" to the state. Really, there is no conduct at issue because the Complaint does not allege any facts regarding the Archdiocese. But assuming *arguendo*, that the Opposition's reference to "lies" are the conduct at issue, then that conduct cannot be attributable to the state. That conduct would be attributable to the individuals who allegedly lied. And even if this Court were to consider the additional queries posed by the 8th Circuit, neither would demonstrate state action. Plaintiff's claimed deprivation did not result from the Archdiocese's exercise of a privilege traditionally held by state authority. And the allegations in the Complaint do not show how the Archdiocese is a state actor. In fact, the *Wickersham* court acknowledged other jurisprudence in which the 8th Circuit expressly held that a private entity's actions with regard to the expressive conduct of another do not, as a general matter, create the type of entanglement that renders a private entity a state actor, even if the expressive conduct occurred on public property. *See Reinhart v. City of Brookings*, 84 F.3d 1071, 1072-73 (8th Cir. 1996).

The legal failings of the Complaint and Opposition warrant an order granting this Motion. This defendant also urges the Court to remain mindful of the utter absence of factual allegations that demonstrate any viable cause of action—even under state law—against this defendant. Pursuant to well-established pleading standards (*Ashcroft v. Iqbal*, 556 U.S. 662, 677-678 (2009).), plaintiff's inability to state facts that could address any of these deficiencies necessitates an order in favor of this defendant.

### III. CONCLUSION

The Archdiocese requests that the Court grant the Motion to Dismiss plaintiff's First Amended Complaint against the Archdiocese, without leave to amend.

///

///

///

| | | |
|---|---|---|
| 1 | DATED:  May 17, 2023 | **POLSINELLI LLP** |
| 2 | | |
| 3 | | By:   */s/ Mathew R. Groseclose* |
| 4 | | Mathew R. Groseclose, Esq.<br>*Attorneys for Defendant, Archdiocese of Los Angeles Risk Management Corporation* |
| 5 | | |

6
ARCHDIOCESE OF LOS ANGELES RISK MANAGEMENT CORPORATION'S REPLY IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S COMPLAINT

89673765.1

# CERTIFICATE OF SERVICE

I hereby certify that on May 18, 2023, I electronically transmitted the foregoing document to the U.S. District Court Clerk's Office using the CM/ECF System for filing and transmitted a copy by Electronic Mail to the following:

Zhoie Perez
14926 Templar Drive
La Mirada, CA 90638
Phone: (657) 239-6005
Email: contact.zhoieperez@yahoo.com
*Plaintiff, In Pro SE*

Claude Jabsi
8501 Pershing Drive, Unit No. 4
Playa Del Rey, CA 90293
Phone: (323) 630-6303
*Defendant, In Pro SE*

Hydee Feldstein Soto, City Attorney
Scott Marcus, Chief Assistant City Attorney
Cory M. Brente, Senior Assistant City Attorney
Emily S. Cohen, Deputy City Attorney
200 North Main Street
6th Floor, City Hall East
Los Angeles, CA 90012
Phone: (213) 645-9926; Fax: (213) 978-8785
*Email:* emily.s.cohen@lacity.org; playaspita@gmail.com
*Defendant, City of Los Angeles, Christopher Walker and Eduardo Rios*


By:    */s/Cassini Quarles*
        Cassini Quarles

ARCHDIOCESE OF LOS ANGELES RISK MANAGEMENT CORPORATION'S REPLY IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S COMPLAINT

89673765.1