FILED

ZHOIE PEREZ
14926 TEMPLAR DRIVE
LA MIRADA, CA 90638
Phone: (657)-239-6005
Plaintiff, *In Pro Per*

2023 JUN 12  AM 11: 41

CLERK U.S. DISTRICT COURT
CENTRAL DIST OF CALIF.
LOS ANGELES

BY_____

## UNITED STATES DISTRICT COURT

ZHOIE PEREZ,

Plaintiff

v.

CITY OF LOS ANGELES, OFFICER RIOS,
OFFICER WALKER, CLAUDE JABSI,
JOHN DOE 1-2

Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

2:22-CV-08227-SVW-AS

DECLARATION OF ZHOIE PEREZ IN
SUPPORT OF MOTION FOR AN ORDER TO
COMPEL FURTHER RESPONSES TO
DEFENDANTS SUBPOENA TO PRODUCE
DOCUMENTS AND FOR SANCTIONS
(FRCP 37(A)(1), 37(B)(iii), 37)

*Hon. Stephen V. Wilson*
*Mag. Judge Alka Sagar*

I, ZHOIE PEREZ, hereby depose and declare as follows:

1.      I am over the age of 18.

2.      This declaration is based on personal knowledge and is in support of my Motion to Compel.

3.      I am the Plaintiff In Pro Per in this matter.

4.      If called as a witness I would testify to the following.

5.      I filed my complaint against Defendant on November 10, 2022, alleging causes of action for 1) Violation of the RALPH Civil Rights Act; 2) Violation of the BANE Civil Rights Act; 3) False Imprisonment; 4) First Amendment Violation (32 U.S.C. 1983); 5) Illegal Seizure (42 U.S.C. §1983) and; 6) Unlawful Search and Seizure.

6.      CITY OF LA filed it's answer on December 5, 2022.

7.      The court issued a scheduling order on December 13, 2022. Pursuant to the courts scheduling order, all discovery motions are to be filed and served by October 16, 2023.

8.      I caused a subpoena for production of documents to be served upon CITY OF LA on January 6, 2023 . The subpoena requested the production of documents and things as follows: 1) All body-worn camera footage from officer Rios (Badge #16793) and Officer Walker (Badge #17769) related

- 1

to the incident on December 13, 2020, involving Plaintiff Zhoie Perez; 2) The police and or incident report for the above-mentioned incident including any police and or incident report taken related to any vehicle collision involving "Zhoie Perez" on the date of the incident. 3) Any and all documents, including but not limited to internal emails and memos related to or mentioning "Zhoie Perez" or the YouTube channel "Furry Potato" between December 1, 2020, and January 1, 2023.

9.      CITY OF LA provided it's responses to the subpoena for production of documents on January 20, 2023. A true and correct copy of Defendant City of Los Angeles' Response to Subpoena to Produce Documents is attached hereto as **Exhibit A.**

10.     CITY OF LA complied with request number two in its entirety by providing police and incident reports related to the incident.

11.     The City responded to request number one by stating it would comply in providing body worn camera videos for both Officers Walker and Rios under protective order, but to date have failed to produce the videos or a protective order and have refused and continue to refuse to communicate with me regarding the production of said videos.

12.     CITY OF LA failed to comply with request number three in its entirety arguing that the request was "vague, ambiguous, and overbroad as to "any and all documents". Overly broad as to time and scope. Unduly burdensome. Attorney-client privilege. Attorney Work Product Privilege. Irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Right to privacy" and that "Plaintiff fails to demonstrate good cause for the request."

13.     On February 7, 2023, I hand delivered a meet and confer request asking that CITY OF LA provide the documents requested by subpoena. A true and correct copy of the meet and confer request is attached hereto as **Exhibit B.**

14.     The meet and confer request went unanswered and I later attempted to communicate with CITY OF LA to set up a date to meet and confer in person. I left voicemail messages for counsel for CITY OF LA on February 27 and 28th.

15.     To date, CITY OF LA has not returned my calls, nor have they acknowledged the written meet and confer letter hand delivered to them.

16.     If CITY OF LA is allowed to withhold this body worn footage, it would prejudice me  in the matter as the entirety of the encounter and subsequent interaction between myself  and

Defendants would have been recorded on Officer Rios and Officer Walker's body worn video footage.

17.     I have expended a total of $600.00 in this matter for assistance with the preparation and filing of this motion.

18.     I respectfully request that the court grant my motion to compel in it's entirety and award me sanctions against CITY OF LA and its counsel in the amount of $600.00.


I declare under penalty of perjury that the foregoing is true and correct.


Executed within the United States on June 12        , 2023.


ZHOIE PEREZ, Declarant

- 3

Exhibit A

HYDEE FELDSTEIN SOTO, City Attorney (10686x)
SCOTT MARCUS, Chief Assistant City Attorney –SBN 184980
CORY M. BRENTE, Senior Assistant City Attorney – SBN 115453
EMILY S. COHEN, Deputy City Attorney – SBN 285709
200 North Main Street, 6th Floor, City Hall East
Los Angeles, CA 90012
Phone No.: (213) 645-9926
Fax No.:   (213) 978-8785
Email: emily.s.cohen@lacity.org

*Attorneys for Defendants,* CITY OF LOS ANGELES, CHRISTOPHER WALKER and EDUARDO RIOS

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ZHOIE PEREZ, an individual, <br><br> Plaintiff, <br><br> v. <br><br> CITY OF LOS ANGELES, OFFICER RIOS, OFFICER WALKER, CALUDE JABSI; and JOHN DOE 1-5, <br><br><br> Defendants. | **CASE NO. CV22-08227-SVW-AS** <br> *Hon. Stephen V. Wilson, Courtroom 10A* <br> *Mag. Judge Alka Sagar* <br><br> **DEFENDANT CITY OF LOS ANGELES' RESPONSE TO PLAINTIFF'S SUBPOENA TO PRODUCE DOCUMENTS** |

**PROPOUNDING PARTY:**   Plaintiff, **ZHOIE PEREZ**

**RESPONDING PARTY:**   Defendant, **CITY OF LOS ANGELES**

**SET NUMBER:**   **ONE**

Defendant City of Los Angeles (hereinafter, "CITY" or "DEFENDANT") hereby responds to Plaintiff Zhoie Perez's Subpoena to Produce Documents as follows:

///

///

1

## PRELIMINARY STATEMENT & GENERAL OBJECTIONS

The following responses and objections of are given without prejudice to the responding party's right to produce evidence of any subsequently discovered documents or documents which the responding party may later recall or discover, or documents not known to the responding party, which, in good faith, were overlooked or omitted in responding to the Request. The City responds to all of the requests on the Request only upon information and belief. The City specifically reserves the right to present additional documents as may be disclosed through its continuing discovery and investigation. The City reserves the right to amend and/or modify these responses in the event of error, inadvertent mistake and/or omission.

The following General Objections are incorporated into each response to the Request whether or not specific reference is made thereto.

1.   The City objects to each and every Request on the grounds that discovery is continuing in this action and it has not completed its factual investigation. Accordingly, without asserting an obligation to do so, and without waiving the objections asserted herein, the City reserves the right to amend and/or supplement these responses as and when additional facts or documents are discovered. Additionally, as the City's responses are based on facts and documents which the City has identified to date, they do not preclude the City from later relying on facts or documents discovered or generated pursuant to or subject to further investigation or discovery.

2.   The City objects to each and every Request on the grounds that individually and taken as a whole, they are overbroad, unduly burdensome and harassing.

3.   The City objects to each and every Request to the extent that it is vague and ambiguous, and the City is unable to determine the meaning of Plaintiff's request. Because of the nature of the form of the request, the City makes no representation that the scope of the request responded to is the same as that contemplated by Plaintiff.

4.   The City objects to each and every Request to the extent that it seeks privileged information, including, without limitation, information protected from discovery by the

attorney work product doctrine, the attorney client privilege, and any other applicable privilege.

5.    The City objects to each and every Request to the extent that the answers to the same are equally available to the propounding party from documents and information that are public and/or currently in its possession, or under its control or in the possession and control of its attorneys or agents.

6.    The City objects to each and every Request on privacy grounds to the extent that it seeks information about non-parties to this action. The City is not authorized to and cannot waive these non-parties' privacy rights protected under the U.S. and California State Constitutions.

7.    The City objects to each and every Request to the extent that it calls for information not relevant to the subject matter of the pending action and is not reasonably calculated to lead to the discovery of admissible evidence.

8.    The City objects to each request to the extent that it seeks disclosure of confidential information protected by Govt. Code Section 6250 et seq., California Civil Code § 1798 et seq., Penal Code Sections 832.5, 832.7, 832.8 and/or Section 11075, et seq., and Evidence Code Sections 1040, 1041. 1043. 1045.

9.    The City objects to each and every Request to the extent that the City's responses or disclosure of any document described in its responses is not, and shall not be, construed as an admission of any unlawful conduct alleged in Plaintiff's Complaint, or that any such information does not exist or a waiver of any applicable privilege or objection.

10.   The City objects to each request to the extent that it seeks information concerning IA investigations and said investigations are currently ongoing and any release of information would jeopardize the integrity of the investigation pursuant to Gov't. Code Section 6254, Penal Code Sections 832.5, 832.7, 832.8 and Evidence Code Sections 1040 et seq.

///

Without waiving any objections and responding as to how it reasonably understands the requests, Defendant responds as follows:

## RESPONSES TO REQUEST FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1:**

All body-worn camera footage from Officer Rios (Badge #16793) and Officer Walker (Badge #17739) related to the incident on December 13, 2020, involving Plaintiff Zhoie Perez.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

Objection. Vague, ambiguous, and overbroad. Without waiving the preceding objections and subject to them, Defendants will turn over the body worn video footage from Officer Rios and Officer Walker, for December 13, 2020 for the incident involving the Plaintiff, subject to a protective order, once City Defendants confirm that it exists.

**REQUEST FOR PRODUCTION NO. 2:**

The police and or incident report for the above-mentioned incident including any police and or incident report taken related to any vehicle collision involving "Zhoie Perez" on the date of the incident.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

Objection. Vague, ambiguous, and overbroad. Without waiving the preceding objections, and subject to them, Defendants will turn over police reports and incidents reports, Bate stamped DEFT 1001-1006 and DEFT 1007-1011, involving "Zhoie Perez" from the date and time of the incident.

**REQUEST FOR PRODUCTION NO. 3:**

Any and all documents, including but not limited to internal emails and memos related to or mentioning "Zhoie Perez" or the YouTube channel "Furry Potato" between December 1, 2020 and January 1 2023.

///

///

## RESPONSE TO REQUEST FOR PRODUCTION NO. 3:

Objection. Vague, ambiguous, and overbroad as to "any and all documents". Overly broad as to time and scope. Unduly burdensome. Attorney-client privilege. Attorney Work Product Privilege. Irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Right to privacy. Plaintiff fails to demonstrate good cause for the request. (See also Soto v. City of Concord, 162 F.R.D. 603, 613 (N.D. Cal. 1995)).

Without waiving the preceding objections, and subject to them, Defendants refer Plaintiff to Defendants discovery responses.

Dated: January 20, 2023

As to the objections only,

**HYDEE FELDSTEIN SOTO,** City Attorney
**SCOTT MARCUS,** Chief Assistant City Attorney
**CORY M. BRENTE,** Senior Assistant City Attorney

By: /s/ Emily S. Cohen

**EMILY S. COHEN,** Deputy City Attorney
*Attorneys for Defendants* CITY OF LOS ANGELES, CHRISTOPHER WALKER and EDUARDO RIOS

Exhibit B

**ZHOIE PEREZ v CITY OF LOS ANGELES**

**CASE # CV22-08227**

**DISCOVERY REQUEST MISSING**

As of today, 02-07-2023, I, Zhoie Perez the Plaintiff in the above mentioned lawsuit has **NOT** received major portions of the requested discovery documents (Body camera footage and ant and all documrnts with my name, Zhoie Perez and the YouTube channel name Furry Potato) from the Defendant, City of Los Angeles. We're at the court requirement of 30 days for you to produce said documents. I am writing you to again request that you produce the discovery requested. I will wait 2 weeks further (02-21-2023). If the discovery is **NOT** received by then I will be asking the court to intervene and ask the court to implement possible sanctions against the Defendant.

Your cooperation is appreciated as I am trying to keep the court out of this matter as much as possible. Hopefully working together we can resolve this unfortunate matter without involving the court any further.

Zhoie Perez

**Plaintiff**

1

**Zhoie Perez** <contact.zhoieperez@yahoo.com>
To: Emily Cohen

Thu, May 18 at

with the "Protective Order" that you drew up and I signed awhile ago.

Jer Defendants can state any opinion they wish, it doesn't have any relevance to my news story.

conducting an investigative news piece the day of this incident and this incident is why this lawsuit was filed.

om Yahoo Mail for iPhone

< original message




**Zhoie Perez** <contact.zhoieperez@yahoo.com>
To: Emily Cohen

Wed, May 31 at

ting to get an update on the BWV footage. It's been a couple weeks now. Is there an update on that being moved forward.

king to hopefully avoiding making a second motion to compel.

ou.

Perez

om Yahoo Mail for iPhone

ursday, May 18, 2023, 11:27 AM, Emily Cohen <emily.s.cohen@lacity.org> wrote:

erez,

ping to include Mr. Jabsi and Mr. Gerson on this email thread as they may also have an opinion on whether you release body worn video foo
m or their clients.

you please explain what you mean by "a news story that you started two years ago which is the whole reason for this lawsuit"?

meantime, can you propose a protective order that you would agree to so that I can start turning over additional discovery for your first and
nd requests?

ks,

,

ue, May 16, 2023 at 8:19 PM Zhoie Perez <contact.zhoieperez@yahoo.com> wrote:

ave zero intention on releasing any videos during litigation, and have NO intentions on EVER releasing any personal, private information of
ople like drivers licenses, phone numbers, and the like. I do intend on releasing a story using portions of the BWV where needed for the news
ry that I started 2 years ago which is the whole reason for this lawsuit.

nt from Yahoo Mail for iPhone

n Monday, May 15, 2023, 6:51 PM, Emily Cohen <emily.s.cohen@lacity.org> wrote:

o, do I understand correctly that you intend on not releasing to the public the BWV while the case is pending, but you do intend on releasing it
nce the litigation is over?

n Mon, May 15, 2023 at 6:48 PM Zhoie Perez <contact.zhoieperez@yahoo.com> wrote:

I do NOT agree to permanently withhold the public record that is the LAPD body worn footage. I strongly agree with permanently withholding
private personal information as I listed in the previous email response. But the PUBLIC RECORD has value to the public. I have NO
intentions of releasing any portion of the body worn cameras until this litigation has been resolved. But to permanently withhold Public
Records from the public is something I'm NOT interested in agreeing to.

**Zhoie Perez** <contact.zhoieperez@yahoo.com>
To: Emily Cohen

Thu, May 18 at

with the "Protective Order" that I already signed that you drew up and I signed awhile ago.

Jer Defendants can state any opinion they wish, it doesn't have any relevance to my news story.

onducting an investigative news piece the day of this incident and this incident is why this lawsuit was filed.

om Yahoo Mail for iPhone

w original message

**Zhoie Perez** <contact.zhoieperez@yahoo.com>
To: Emily Cohen

Wed, May 31 at

ting to get an update on the BWV footage. It's been a couple weeks now. Is there an update on that being moved forward.

king to hopefully avoiding making a second motion to compel.

you.

erez

m Yahoo Mail for iPhone

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| Plaintiff, | Case No.: |
| vs. | **STIPULATED PROTECTIVE ORDER** |
| Defendants. |  |

1.    A. <u>PURPOSES AND LIMITATIONS</u>

Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth in Section 12.3, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

## B. GOOD CAUSE STATEMENT

[*The "Good Cause Statement" should be edited to include or exclude specific information that applies to the particular case, i.e., what harm will result from the disclosure of the confidential information likely to be produced in this case? Below is an example]:

This action is likely to involve proprietary information for which special protection from public disclosure and from use for any purpose other than prosecution of this action is warranted. Such confidential and proprietary materials and information consist of, among other things, confidential information (including information implicating privacy rights of third parties), information otherwise generally unavailable to the public, or which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law. Plaintiff is seeking information that the City maintains as confidential and these documents need special protection from public disclosure and for use from any purpose other than prosecuting this litigation. These materials have not been publicly released.

Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that the parties are permitted reasonable necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and serve the ends of justice, a protective order for such information is justified in this matter. It is the intent of the parties that information will not be designated as confidential for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case.

2.    <u>DEFINITIONS</u>

2.1 <u>Action</u>: this pending federal law suit.

2.2 <u>Challenging Party</u>: a Party or Non-Party that challenges the designation of information or items under this Order.

2.3 "CONFIDENTIAL" Information or Items: information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c), and as specified above in the Good Cause Statement.

2.4 Counsel: Outside Counsel of Record and House Counsel (as well as their support staff).

2.5 Designating Party: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL."

2.6 Disclosure or Discovery Material: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.7 Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action.

2.8 House Counsel: attorneys who are employees of a party to this Action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.9 Non-Party: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.10   Outside Counsel of Record: attorneys who are not employees of a party to this Action but are retained to represent or advise a party to this Action and have appeared in this Action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party, and includes support staff.

2.11   Party: any party to this Action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.12   Producing Party: a Party or Non-Party that produces Disclosure or Discovery Material in this Action.

2.13   Professional Vendors: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.14   Protected Material: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL."

2.15   Receiving Party: a Party that receives Disclosure or Discovery Material from a Producing Party.

3.   <u>SCOPE</u>

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.

Any use of Protected Material at trial shall be governed by the orders of the trial judge. This Order does not govern the use of Protected Material at trial.

1  4. DURATION

2  Even after final disposition of

14  this litigation, the confidentiality obligations imposed by this Order shall remain  in

15  effect until a Designating Party agrees otherwise in writing or a court order otherwise

16  directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims

17  and defenses in this Action, with or without prejudice; and (2) final judgment herein

18  after the completion and exhaustion of all appeals, rehearings, remands, trials, or

19  reviews of this Action, including the time limits for filing any motions or

20  applications for extension of time pursuant to applicable law.

22

23  5. DESIGNATING PROTECTED MATERIAL

24       5.1 Exercise of Restraint and Care in Designating Material for Protection.

25  Each Party or Non-Party that designates information or items for protection under

26  this Order must take care to limit any such designation to specific material that

27  qualifies under the appropriate standards. The Designating Party must designate for

28  protection only those parts of material, documents, items, or oral or written

communications that qualify so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber the case development process or to impose unnecessary expenses and burdens on other parties) may expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the inapplicable designation.

5.2 <u>Manner and Timing of Designations</u>. Except as otherwise provided in this Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a) for information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix at a minimum, the legend "CONFIDENTIAL" (hereinafter "CONFIDENTIAL legend"), to each page that contains protected material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

A Party or Non-Party that makes original documents available for inspection need not designate them for protection until after the inspecting Party has indicated which documents it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the "CONFIDENTIAL legend" to each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

(b) for testimony given in depositions that the Designating Party identify the Disclosure or Discovery Material on the record, before the close of the deposition all protected testimony.

(c) for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information is stored the legend "CONFIDENTIAL." If only a portion or portions of the information warrants protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

5.3 <u>Inadvertent Failures to Designate</u>. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

# 6. CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1 <u>Timing of Challenges</u>. Any Party or Non-Party may challenge a designation of confidentiality at any time that is consistent with the Court's Scheduling Order.

6.2 <u>Meet and Confer</u>. The Challenging Party shall initiate the informal   dispute resolution process set forth in the Court's Procedures and Schedules. see http://www.cacd.uscourts.gov/honorable-alka-sagar

6.3 The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges, and those made for an  improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived or withdrawn the confidentiality designation, all parties  shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

# 7. ACCESS TO AND USE OF PROTECTED MATERIAL

7.1 <u>Basic Principles</u>. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this Action only for prosecuting, defending, or attempting to settle this  Action. Such Protected Material may be disclosed only to the categories of persons and under the conditions  described  in  this  Order.  When  the  Action  has  been terminated, a Receiving Party must comply with the provisions of section  13 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a  location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2 <u>Disclosure of "CONFIDENTIAL" Information or Items</u>. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a) the Receiving Party's Outside Counsel of Record in this Action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

(b) the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this Action;

(c) Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d) the court and its personnel;

(e) court reporters and their staff;

(f) professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(g) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

(h) during their depositions, witnesses, and attorneys for witnesses, in the Action to whom disclosure is reasonably necessary provided: (1) the deposing party requests that the witness sign the form attached as Exhibit A hereto; and (2) they will not be permitted to keep any confidential information unless they sign the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material may be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order; and

1    (i) any mediator or settlement officer, and their supporting personnel,

2    mutually agreed upon by any of the parties engaged in settlement discussions.

3

4    8. <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN</u>

5    <u>OTHER LITIGATION</u>

6    If a Party is served with a subpoena or a court order issued in other litigation

7    that compels disclosure of any information or items designated in this Action as

8    "CONFIDENTIAL," that Party must:

9    (a) promptly notify in writing the Designating Party. Such notification shall

10    include a copy of the subpoena or court order;

11    (b) promptly notify in writing the party who caused the subpoena or order to

12    issue in the other litigation that some or all of the material covered by the subpoena

13    or order is subject to this Protective Order. Such notification shall include a copy of

14    this Stipulated Protective Order; and

15    (c) cooperate with respect to all reasonable procedures sought to be pursued

16    by the Designating Party whose Protected Material may be affected.

17    If the Designating Party timely seeks a protective order, the Party served with the

18    subpoena or court order shall not produce any information designated in this action

19    as "CONFIDENTIAL" before a determination by the court from which the subpoena

20    or order issued, unless the Party has obtained the Designating Party's permission.

21    The Designating Party shall bear the burden and expense of seeking protection in

22    that court of its confidential material and nothing in these provisions should be

23    construed as authorizing or encouraging a Receiving Party in this Action to disobey

24    a lawful directive from another court.

25

26    9.    A    NON-PARTY'S    PROTECTED    MATERIAL    SOUGHT    TO    BE

27    <u>PRODUCED IN THIS LITIGATION</u>

28

1    (a) The terms of this Order are applicable to information produced by a Non-

2  Party in this Action and designated as "CONFIDENTIAL." Such information

3  produced by Non-Parties in connection with this litigation is protected by the

4  remedies and relief provided by this Order. Nothing in these provisions should be

5  construed as prohibiting a Non-Party from seeking additional protections.

6    (b) In the event that a Party is required, by a valid discovery request, to

7  produce a Non-Party's confidential information in its possession, and the Party is

8  subject to an agreement with the Non-Party not to produce the Non-Party's

9  confidential information, then the Party shall:

10    (1) promptly notify in writing the Requesting Party and the Non-Party that

11  some or all of the information requested is subject to a confidentiality agreement

12  with a Non-Party;

13    (2) promptly provide the Non-Party with a copy of the Stipulated Protective

14  Order in this Action, the relevant discovery request(s), and a reasonably specific

15  description of the information requested; and

16    (3) make the information requested available for inspection by the Non-Party,

17  if requested.

18    (c) If the Non-Party fails to seek a protective order from this court within 14 days

19  of receiving the notice and accompanying information, the Receiving Party may

20  produce the Non-Party's confidential information responsive to the discovery

21  request. If the Non-Party timely seeks a protective order, the Receiving Party shall

22  not produce any information in its possession or control that is subject to the

23  confidentiality agreement with the Non-Party before a determination by the court.

24  Absent a court order to the contrary, the Non-Party shall bear the burden and expense

25  of seeking protection in this court of its Protected Material.

26

27  10.    UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

28

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

## 11.   INADVERTENT   PRODUCTION   OF   PRIVILEGED   OR   OTHERWISE PROTECTED MATERIAL

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review. Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the parties may incorporate their agreement in the stipulated protective order submitted to the court.

## 12. MISCELLANEOUS

12.1 Right to Further Relief. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

12.2 Right to Assert Other Objections. By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this

1   Stipulated Protective Order. Similarly, no Party waives any right to object on any
2   ground to use in evidence of any of the material covered by this Protective Order.
3        12.3 Filing Protected Material. A Party that seeks to file under seal any
4   Protected Material must comply with Civil Local Rule 79-5. Protected Material may
5   only be filed under seal pursuant to a court order authorizing the sealing of the
6   specific Protected Material at issue. If a Party's request to file Protected Material
7   under seal is denied by the court, then the Receiving Party may file the information
8   in the public record unless otherwise instructed by the court.
9
10
11  13. <u>FINAL DISPOSITION</u>
12       After the final disposition of this Action, as defined in paragraph 4, within 60
13  days of a written request by the Designating Party, each Receiving Party must return
14  all Protected Material to the Producing Party or destroy such material. As used in
15  this subdivision, "all Protected Material" includes all copies, abstracts, compilations,
16  summaries, and any other format reproducing or capturing any of the Protected
17  Material. Whether the Protected Material is returned or destroyed, the Receiving
18  Party must submit a written certification to the Producing Party (and, if not the same
19  person or entity, to the Designating Party) by the 60 day deadline that (1) identifies
20  (by category, where appropriate) all the Protected Material that was returned or
21  destroyed and (2)affirms that the Receiving Party has not retained any copies,
22  abstracts, compilations, summaries or any other format reproducing or capturing any
23  of the Protected Material. Notwithstanding this provision, Counsel are entitled to
24  retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing
25  transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert
26  reports, attorney work product, and consultant and expert work product, even if such
27  materials contain Protected Material. Any such archival copies that contain or
28

1   constitute Protected Material remain subject to this Protective Order as set forth in

2   Section 4 (DURATION).

3

4   14. Any violation of this Order may be punished by any and all appropriate measures

5   including, without limitation, contempt proceedings and/or monetary sanctions.

6

7   IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

8

9   DATED 04/03/2023

10

11

12  Attorneys for Plaintiff

13

14

15  DATED:_____

16

17  _____

18  Attorneys for Defendant

19  FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.

20  DATED: _____

21

22

23  _____

24  Honorable Alka Sagar

    United States Magistrate Judge

25

26

27

28

14

## EXHIBIT A
## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _ZHOIE PEREZ_ [print or type full name], of
_14926 TEMPLAR DRIVE_
_La Mirada CA 90638_ [print or type full address], declare under penalty of perjury
that I have read in its entirety and understand the Stipulated Protective Order that
was issued by the United States District Court for the Central District of California
on [date] in the case of _CV-22-08227-SVW-AS_ **[insert formal name of the case and the**
_ZHOIE PEREZ VS City of LA_
**number and initials assigned to it by the court]**. I agree to comply with and to be
bound by all the terms of this Stipulated Protective Order and I understand and
acknowledge that failure to so comply could expose me to sanctions and punishment
in the nature of contempt. I solemnly promise that I will not disclose in any manner
any information or item that is subject to this Stipulated Protective Order to any
person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the
Central District of California for the purpose of enforcing the terms of this Stipulated
Protective Order, even if such enforcement proceedings occur after termination of
this action. I hereby appoint _ZHOIE PEREZ_ [print or type full
name] of _14926 TEMPLAR DR LA MIRADA CA 90638_ [print or type full address
and telephone number] as my California agent for service of process in connection
with this action or any proceedings related to enforcement of this  Stipulated
Protective Order.

Date: _04/03/2023_

City and State where sworn and signed: _LOS ANGELES CA_

Printed name: _ZHOIE PEREZ_

Signature: _____

15