ZHOIE PEREZ
14926 TEMPLAR DRIVE
LA MIRADA, CA 90638
Phone: (657)-239-6005
Plaintiff, **In Pro Per**

FILED
2023 NOV 17 PM 12: 56
CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ZHOIE PEREZ<br><br>Plaintiff(s),<br><br>vs.<br><br>CITY OF LOS ANGELES, OFFICER RIOS, OFFICER WALKER, CLAUDE JABSI, JOHN DOE,<br><br>Defendant(s). | Case No.: **2:22-CV-08227-SVW-AS**<br><br>DEFENDANT ZHOIE PEREZ' NOTICE OF MOTION AND MOTION FOR AN ORDER TO COMPEL FURTHER RESPONSES TO DEFENDANTS SUBPOENA TO PRODUCE DOCUMENTS AND FOR SANCTIONS (FRCP 37(A)(1), 37(B)(iii), 37)<br><br>**Hon. Stephen V. Wilson**<br>**Mag. Judge Alka Sagar** |

TO PLAINTIFF CITY OF LOS ANGELES AND ITS ATTORNEY OF RECORD:

PLEASE TAKE NOTICE that Plaintiff ZHOIE PEREZ hereby moves this court for an order pursuant to Rule 37 of the Federal Rules and Local Rules of Civil Procedure, for an order compelling Defendant CITY OF LOS ANGELES to provide further written responses, documents and things to Plaintiff's subpoena to produce documents. Plaintiffs further request monetary sanctions under local rule 37-4 and F.R.C.P. 37(a)(4).

The motion will be based upon this notice of motion and motion, the accompanying memorandum of points and authorities, the declaration of Plaintiff ZHOIE PEREZ, exhibits submitted, all pleadings and papers on file in this action, and such other matter as may properly be presented at or before any hearing on the motion.

DATED NOV 17, 2023

_____
ZHOIE PEREZ, PLAINTIFF IN PRO PER

- 1 -
MOTION TO COMPEL

Local Rule 37 Compliance

Plaintiff met and conferred with Defendant's counsel by email to attempt to reach a resolution and/or prepare a stipulation, however received no cooperation or response whatsoever. Defendant has not responded in a timely fashion under the local rules.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. Summary of Action

Plaintiff (herein "PEREZ") filed their complaint against Defendant (herein "CITY OF LA") on November 10, 2022, alleging causes of action for 1) Violation of the RALPH Civil Rights Act;2) Violation of the BANE Civil Rights Act; 3) False Imprisonment; 4) First Amendment Violation (32 U.S.C. 1983); 5) Illegal Seizure (42 U.S.C. §1983) and; 6) Unlawful Search and Seizure. PEREZ DECLARATION ¶1. CITY OF LA filed it's answer on December 5, 2022. PEREZ DECLARATION ¶2. The court issued a scheduling order on December 13, 2022. Pursuant to the courts scheduling order, all discovery motions are to be filed and served by October 16, 2023. PEREZ DECLARATION ¶3.

### II. The Subpoena to Produce Documents and Defendants Failure to Respond

PEREZ caused a subpoena for production of documents to be served upon CITY OF LA. The subpoena requested the production of documents and things as follows: 1) All body-worn camera footage from certain LAPD officers from separate incidents unrelated to the lawsuit in an effort to prove obvious bias against the Plaintiff. Plaintiff also asked for the Field Investigation (FI) Cards un-redacted so that the Plaintiff can contact if needed the witnesses to see if Their testimony would be needed or a deposition would be necessary. PEREZ DECLARATION ¶4.

CITY OF LA provided it's responses to the subpoena for production of documents on . PEREZ DECLARATION ¶5.

## III. Relevant Law

### A. Order Compelling Discovery

Any party may, on notice to all other parties and "all affected persons," apply for an order compelling discovery or disclosure. [FRCP 37(a)(1)]

The party opposing the motion to compel must support each ground on which it refused discovery: "[O]bjections asserted in a party's initial response to discovery requests but not reasserted in response to a motion to compel are waived and deemed abandoned." [DIRECTV, Inc. v. Puccinelli (D KS 2004) 224 FRD 677, 681, fn. 1] Failure to bring a motion to compel waives the right to challenge objections raised to the discovery request. I.e., the discovering party cannot, at the time of trial, claim the responding party's objections were invalid or not made in good faith. [Helfand v. Gerson (9th Cir. 1997) 105 F3d 530, 536 (citing text)—by failure to bring motion to compel, plaintiffs waived objection to defendant's assertion of privilege].

Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable. [Federal Rules of Civil Procedure Rule 26(b)(1)].

A party is obliged to produce all specified relevant and nonprivileged documents or other things that are in his or her "possession, custody, or control" on the date and place specified in the request or at some other "reasonable time" as stated in the response. [FRCP 34(a)(1), (b)(2)(B); Rockwell Int'l Corp. v. H. Wolfe Iron & Metal Co. (WD PA 1983) 576 F.Supp. 511, 512]

Case 2:22-cv-08227-SVW-AS   Document 84   Filed 11/17/23   Page 4 of 7   Page ID #:428

The party who prevails on a motion to compel is entitled to his or her expenses, including reasonable attorney fees, unless the losing party was substantially justified in making or opposing the motion (or other circumstances make such an award unjust). [FRCP 37(a)(5); H. K. Porter Co., Inc. v. Goodyear Tire & Rubber Co. (6th Cir. 1976) 536 F2d 1115, 1124-1125; Kannaday v. Ball (D KS 2013) 292 FRD 640, 651]

### B. Local Rules Related to Discovery Motions

Before any discovery motion can be filed, counsel must meet "in a good faith effort" to eliminate or narrow the dispute. An in-person meeting is required if both counsel are in the same county; otherwise, by telephone. [Central District of California Local Rule 37-1].

The moving party's counsel must send a letter requesting a conference, identifying each issue or discovery request in dispute, and stating briefly the moving party's position and supporting legal authority. Within 10 days after receipt of such letter, the attorneys shall confer in person (unless the court orders otherwise). The conference shall be held at the office of moving party's counsel unless one of the attorneys is located in a different county or the parties agree to meet elsewhere. [CD CA Rule 37-1]. Failure to attend the meeting or cooperate in "good faith" in preparation of the Stipulation is ground for sanctions. [Central District of California Local Rule 37-4]

## IV. Application of Facts to Law

### A. City of LA's Failure to Meet and Confer in a timely fashion

PEREZ has made a good faith effort to meet and confer with CITY OF LA to resolve this matter and has receive no attempt from opposing counsel to try and resolve this matter without court intervention, we have waited months for an Order of Protection if that is what is needed in order for the City to provide the Plaintiff with the Body Worn Video footage.

Good cause exists for the court to hear this motion as PEREZ' failure to file a motion to compel further responses could be considered a waiver of any defects in the responses from CITY

- 4 -
MOTION TO COMPEL

OF LA. Additionally, the conduct of CITY OF LA and it's counsel is sanctionable both under Rule 37 and Central District of California Local Rule 37-4.

### B. City of LA's Failure to Provide Documents Pursuant to Request Number One

CITY OF LA responded by reserving it's objection that the request is "Vague, ambiguous, and overbroad".

If CITY OF LA is allowed to withhold this body worn footage, it would prejudice PEREZ in the matter as the entirety of the encounter and subsequent interaction between PEREZ and Defendants (LAPD) would have been recorded on Officers body worn video footage. PEREZ DECLARATION ¶6. CITY OF LA's response does not make any privacy objections or argument for the proposition that a protective order is or should be required.

### C. City of LA Should Be Sanctioned for Their Conduct

PEREZ has made several good faith attempts to meet and confer with counsel for CITY OF LA. This has been a process of asking for relevant information, being denied for an unreasonable amount of time and finally when Plaintiff files a Motion to Compel, the requests are then provided just short of the calendar date. This is an obvious and provable (two times thus far) pattern of behavior.

Sanctions should be ordered against CITY OF LA pursuant to Central District of California Local Rule 37-4 which states that failure to attend the meeting or cooperate in "good faith" in preparation of the stipulation is ground for sanctions. Furthermore, pursuant to Federal Rule of Civil Procedure 37(a)(5), the party who prevails on a motion to compel is entitled to his or her expenses, including reasonable attorney fees, unless the losing party was substantially justified in making or opposing the motion (or other circumstances make such an award unjust). PEREZ respectfully

requests that the court sanction CITY OF LA and it's counsel in the amount of $600.00, PEREZ' total fees for assistance in the preparation and filing of this motion. PEREZ DECLARATION ¶7.

## V. Conclusion

Based upon the foregoing, PEREZ respectfully requests that the court make an order compelling CITY OF LA to provide further responses, documents and things related to the following requests: Request number one for "All body-worn camera footage, involving Plaintiff Zhoie Perez".

Furthermore, PEREZ respectfully requests that the Court sanction CITY OF LA and it's counsel for failing to meet and confer as required by local rule and for its misuse of the discovery process in the amount of $600.00 to account for the fees expended by PEREZ for assistance in the preparation and filing of this motion.

Respectfully submitted on Nov. 17, 2023

ZHOIE PEREZ, Plaintiff In Pro Per

## Certificate of Service by U.S. Mail

## FED R CIV P 5(b)

I certify that, before 5:00 p.m. on NOV. 17, 2023, I placed a true and correct copy of the attached DEFENDANT ZHOIE PEREZ' NOTICE OF MOTION AND MOTION FOR AN ORDER TO COMPEL FURTHER RESPONSES TO DEFENDANTS SUBPOENA TO PRODUCE DOCUMENTS AND FOR SANCTIONS (FRCP 37(A)(1), 37(B)(iii), 37), in the United States mail, in a properly-addressed envelope, with first class postage duly paid and affixed to the envelopes, and with the envelopes addressed to:

1. Hydee Feldstein Soto

    C/O City Attorney's Office

    200 North Main Street 6th Floor, City Hall East

    Los Angeles, CA 90012

Attorneys for Defendants

I declare under penalty of perjury that all of the statements made in this Certificate of Service are true and correct and that if called to testify as a witness in this matter, I could and would competently testify to each of the facts set forth in the Certificate.

This Certificate was executed on NOV. 17, 2023 at Los Angeles CA.

Signature _[signature]_