ZHOIE PEREZ
14926 TEMPLAR DRIVE
LA MIRADA, CA 90638
657-239-6005

FILED
2023 NOV 20 PM 1:23
CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES
BY: _____

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ZHOIE PEREZ<br><br>Plaintiff,<br><br>vs.<br><br>CITY OF LOS ANGELES, OFFICER RIOS, OFFICER WALKER, CLAUDE JABSI, JOHN DOE, Defendant | Case No.: 2:22-CV-08227-SVW-AS<br><br>PLAINTIFFS RESPONSE TO DEFENDANTS MOTION TO DISMISS THIRD AMENDED COMPLAINT |

First and foremost, I apology to the Honorable Court and to the Defense Counsel for overlooking the fact that I did not submit this response. It was an oversight on my part and I also know how valuable the Honorable Courts time is and how valuable Counsels time is as well. If permitted by the Court, I am submitting my response to the Defendants "Motion to Dismiss". I totally understand that I have made a grave mistake and ask for the Honorable Courts grace in this procedural mistake that I fully take ownership of. I will be responding below if the Court still deems my response relevant. I am trying my best as a layman to adhere to the Judges Orders and again, apologize to the Judge for this error that I made. I wholeheartedly am sorry to the Honorable Court and to Defense Counsel for this error.

///

///

///

///

PLAINTIFFS RESPONSE TO DEFENDANTS MOTION TO DISMISS THIRD AMENDEDCOMPLAINT

1

# MEMORANDUM OF POINTS AND AUTHORITIES

## 1. INTRODUCTION

Defense Counsel states that the Sheriff Deputies were trying to ascertain my identity, with no crime being alleged. The Deputies, according to Defense Counsel, also states that I was detained, again, with no crime being committed. I had lodged the video of the incident to show court that there was no crime committed and yet my Constitutional Rights were violated.

Defense Counsel claims that I have NOT been able to articulate where my rights were violated. I am claiming they were violated almost from the first minute of the Deputies arriving. With no crime being articulated by the reporting party (as seen on the video) Deputies immediately placed me in handcuffs and restrained me in the back of the police vehicle. They immediately from that point started searching my belongings, finding my identification cards, (as seen in the video) prior to actually conducting an investigation to see if a crime had been committed. After being falsely imprisoned for an extended period, I was released without charges because no crime had been committed. If the Deputies would have conducted a proper investigation, there would be no need for this complaint. The video, in my opinion, shows the blatant disregard for my Constitutional Rights.

## 2. PLAINTIFF'S THIRD AMENDED COMPLAINT ALLEGES CONTRADICTORY FACTS, AND FAILS TO COMPLY WITH PRIOR COURT ORDERS AS WELL AS FEDERAL AND LOCAL RULES.

Defense Counsel alleges that I said nothing to the Deputies because it isn't on video, that would be because the Deputies took my equipment and placed it on the hood of their vehicle and the Deputies were not wearing body cameras. Convenient to basically now say that there isn't any video evidence. I didn't say anything to the congregation prior to the Deputies arriving, that

evidenced on the video, I simply told the male Deputy after being in the back of the vehicle while the female Deputy was unlawfully going through my belongings that the search and detainment. was illegal and that I was going to sue them. I was silent in regard to answering any questions that the Deputies were asking, that is true, I was invoking my Fifth Amendment Rights, but after the damage had been done, I simply informed the Deputy of their wrongdoing and the consequences that would follow.

In regard to Defense Counsel saying that I improperly served Sergeant Elizabeth Del Valle is incorrect. She was working at the female jail in Lynwood and that is where the lawsuit was delivered. How they then delivered it to some other location to a male Deputy is beyond me.

## 3. PLAINTIFF'S FIRST CAUSE OF ACTION DOES NOT STATE A CLAIM THAT ENTITLES HER TO RELIEF.

Defense is arguing that my First Amendment Rights do not exist if a crime was committed, yet there was no crime alleged prior to being detained as witnessed on the video. Subsequently, after being released, it was determined that no crime was committed because I wasn't charged with a crime. The Defense also argues "time and place", I was on a public sidewalk at all times. Defense also keeps calling this a lawful detention, again, with the video evidence there was no crime alleged by the reporting party prior to my Rights being violated. That in itself makes the detention and search illegal and unlawful.

Defense counsel also argues that my First Amendment Rights were not infringed because the Deputies kept my cameras running. I cannot believe that this was used to justify these actions. I was STOPPED from filming what I wanted to film when I wanted to film it all while never committing a crime. The Defendants stopped me from the enjoyment of being free from restraint and free to exercise my First Amendment Rights.

PLAINTIFFS RESPONSE TO DEFENDANTS MOTION TO DISMISS THIRD AMENDEDCOMPLAINT
3

### 4. PLAINTIFF'S SECOND CAUSE OF ACTION DOES NOT STATE A CLAIM THAT ENTITLES HER TO RELIEF.

These are all true statement corroborated by the video footage lodged with the Court.

#### 4.1 Plaintiff's Third Amended Complaint Contains Several Contradictory Factual Allegations.

Upon Sergeant John Does arrival (as seen on the video) he briefly asks the reporting party if a crime had been committed, they basically say no and then the Defendants put me in cuffs, and in the back of the patrol vehicle. Defense Counsel can attack my grammar all they wish, but it does not take away from the facts that the Deputies had no lawful reason to do what they did. I blew a kiss to the Sergeant and he responded by saying "Don't do that, you're scaring me". Even if the Sergeant didn't order the Deputies to "do anything" that doesn't absolve them for violating my Civil Rights.

Defense Counsel tries to argue that the reporting party was scared. That is not in question. But their fear absent any crime committed by myself is not a lawful reason to detain, search and seize anyone. Defense Counsel is simply trying to win this case on what I am referring to as legal trickery. Any reasonable human can see the video and know that the Deputies violated my Civil Rights beyond a reasonable doubt. Again, as heard on the video, the male John Doe Deputy is Heard saying, that I did nothing wrong, how and why would someone doing nothing wrong end Up in handcuffs and detained in the back of a patrol vehicle. There is NO defense to that in my opinion.

Defense keeps stating the Deputies had reasonable suspicion that a crime had been

PLAINTIFFS RESPONSE TO DEFENDANTS MOTION TO DISMISS THIRD AMENDEDCOMPLAINT
4

Committed, yet on the video the reporting party alleges no crime. The Deputies absent a crime have no legal and no lawful reason to stop, detain and identify a person. This is why the video is so very crucial in this case. I may not be able to articulate my case as easily as the lawyers defending the deputies, but I believe the video clears up any gaps I may have in my articulation.

In regards to the confining me in a locked car and what that temperature was in not in question. The fact that the person filming says that I look like I am sleeping it off, basically states my claim that I was severely suffering from this action, instead of being awake and alert.

## 5.  QUALIFIED IMMUNITY APPLIES TO DEFENDANTS' ACTIONS.

I am arguing that these Defendants do not have the right to Qualified Immunity simply because Constitutional Rights were violated and these rights are clearly known and any reasonable Officer/Deputy should have known they were committing these Constitutional violations. Again, (video proof) upon arrival the Sergeant asked the reporting party if a crime had been committed, the answer was no, I was immediately detained in cuffs and in the back of the vehicle and immediately having my person and property seized and searched. This is NOT a stop and ID state and in California I am not required by law to identify myself until I have been arrested at the time of booking. Defense Counsel is trying to argue that in some instances I have to identify prior to that. That is NOT a true statement for this state.  From Defense Counsels argument - When an officer claims qualified immunity, "precedent in existence at the time of the officer's actions must render the unlawfulness of his conduct 'beyond debate.'" Precedent states The officer must be able to articulate facts that reasonably indicate that the subject was involved in or was about to become involved in criminal conduct. Again, upon the Sergeants arrival and brief conversation with the reporting party, no crime was alleged, on video.

PLAINTIFFS RESPONSE TO DEFENDANTS MOTION TO DISMISS THIRD AMENDEDCOMPLAINT
5

Defense states because of the reporting parties irrational fear (as no crime had been committed) that of course I should be subject to searches and seizures is in my opinion ludicrous.

## 6. PLAINTIFF'S CLAIMS FOR ARBITRARY DETENTION, FALSE IMPRISONMENT AND FALSE ARREST ARE BARRED BY HER FAILURE TO COMPLY WITH THE TORT CLAIMS ACT.

I will keep this one short and precise. No crime was alleged upon the Deputies short Investigation and I was detained in cuffs in a patrol vehicle.

## 7. PLAINTIFF FAILS TO STATE A CLAIM FOR MONELL LIABILITY.

It is also viable to bring a Monell Claim if this is an unofficial custom, or the County was deliberately indifferent in a failure to train or supervise the Deputies. As this has happened a number of times with this Department one can be informed that this is obviously a failure on the Defendants to have properly train these Deputies on the most basic of Constitutional Rights.

## 8. CONCLUSION.

I may not be as articulate as the Defendants lawyer and not as versed in Procedure as their Counsel, but I do truly believe that what was done to me violates my Constitutional Rights. How Can someone that did not violate any legal statute just simply be swept off the public sidewalk, searched, detained, etc. Even if we dismiss the cruel practices of putting me in a car in the sun with the windows rolled up and no air conditioning, this was clearly violating my Rights as a journalist, Veteran and citizen of this country.

By _/s/ ZHOIE PEREZ_

Dated: November 17, 2023

ZHOIE PEREZ IN PRO PER

PLAINTIFFS RESPONSE TO DEFENDANTS MOTION TO DISMISS THIRD AMENDEDCOMPLAINT
6

PROOF OF SERVICE

I, DARLIE BREWSTER I am over the age of 18 years and not a party to the within action;

On November 18, 2023, I served the PLAINTIFFS RESPONSE TO DEFENDANTS MOTION TO DISMISS THIRD AMENDED COMPLAINT on the interested parties in this action by placing a true copy thereof, enclosed in a sealed envelope, addressed as follows:

Paul B. Beach, Esq.

959 South Coast Drive,

Suite 260

Costa Mesa, California 92626

It would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in Los Angeles, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on November 18, 2023, in Los Angeles, California.

_____

DARLIE BREWSTER

Declarant4 4 As required, the above-referenced document is accompanied by an unsigned affidavit of service, to be signed by the Declarant following service. The method of service and date of service listed herein are to be used in calculating dates triggered by service of this document. The Declarant will maintain the signed original of this affidavit and will submit it to the Court if appropriate.

PLAINTIFFS RESPONSE TO DEFENDANTS MOTION TO DISMISS THIRD AMENDEDCOMPLAINT

7