MATHEW R. GROSECLOSE (SBN 264680)
mgroseclose@polsinelli.com
**POLSINELLI LLP**
2049 Century Park East, Suite 2900
Los Angeles, CA 90067
Telephone:   (310) 556-1801
Facsimile:    (310) 556-1802

*Attorneys for Defendants,*
*Archdiocese of Los Angeles Risk Management Corporation and Father Leszek Semik*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ZHOIE PEREZ<br><br>Plaintiff(s),<br><br>v.<br><br>CITY OF LOS ANGELES, OFFICER RIOS, OFFICER WALKER, CLAUDE JABSI, NAVIA BRITO, LESZEK SEMIK, THE ARCHDIOCESE OF LOS ANGELES RISK MANAGEMENT CORP., AND JOHN DOE 1-2<br><br>Defendant(s). | Case No. 2:22-cv-08227-SVW-(AS)<br><br>**ARCHDIOCESE OF LOS ANGELES RISK MANAGEMENT CORPORATION AND FATHER LESZEK SEMIK'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF MATHEW R. GROSECLOSE**<br><br>*[Filed Concurrently with Proposed Order]*<br><br>Hearing Date:  February 26, 2024<br>Hearing Time: 1:30 p.m.<br>Department: Courtroom 10A, 10th Floor<br>Judge: Honorable Stephen V. Wilson |

**TO THE HONORABLE STEPHEN WILSON OF THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA, TO ALL PARTIES HEREIN AND THEIR ATTORNEYS OF RECORD:**

     **PLEASE TAKE NOTICE** that on February 26, 2024 at 1:30 p.m., or as soon thereafter as the matter may be heard in the United States District Court for the Central District of California, located at First Street Courthouse, 350 W. 1st Street, Courtroom 10A, 10th Floor, Los Angeles, California 90012, Defendant Archdiocese of Los Angeles Risk Management Corporation ("Archdiocese") and Defendant Father Leszek Semik ("Father") will and hereby do move this Court for an Order, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, dismissing Plaintiff Zhoie Perez's ("Plaintiff") First Amended Complaint ("Complaint") as to the Archdiocese and Father, without leave to amend.

     This Motion is based on the grounds that Plaintiff fails to state a claim upon which relief can be granted as to the three (3) remaining state law claims against the Archdiocese and Father. This Motion should be considered on the merits pursuant to *In re Apple iPhone Antitrust Litig.*, 846 F.3d 313, 317 (9th Cir. 2017) and in furtherance of "the just, speedy, and inexpensive determination of every action and proceeding." *See* Fed. R. Civ. P. 1.

     This motion is made following the conference of counsel pursuant to L.R. 7-3, which took place on January 8, 2024. Counsel for the Archdiocese and Father attempted to resolve the issues raised herein without motion practice; however, Plaintiff refused to dismiss or amend the Complaint, thereby necessitating the filing of this Motion. (Declaration of Mathew R. Groseclose).

     This Motion is based upon this Notice, the below Memorandum of Points and Authorities in support thereof, the Declaration of Mathew R. Groseclose, the records and pleadings on file herein, and any other evidence and argument as may be presented at the time of the hearing on this Motion.

DATED: January 17, 2024            **POLSINELLI LLP**

                                             By:   */s/ Mathew R. Groseclose*
                                                      Mathew R. Groseclose, Esq.
                                          *Attorneys for Defendants, Archdiocese of Los Angeles Risk Management Corporation and Father Leszek Semik*

# TABLE OF CONTENTS

I. INTRODUCTION ........................................................................................... 1

II. STATEMENT OF FACTS ............................................................................. 1

III. LEGAL ARGUMENT .................................................................................... 2

    A. This Court Should Find That The Archdiocese and Father Have Not Waived Any Arguments And Consider The Motion On The Merits ......................... 2

    B. Plaintiff's Complaint Fails To State A Claim for Relief Against The Archdiocese and Father. ................................................................................ 3

    C. Plaintiff's Claim One For Violation Of The Ralph Civil Rights Act Is Insufficiently Pled Against The Archdiocese and Father. ............................ 4

    D. Plaintiff's Claim Two For Violation Of The Bane Civil Rights Act Is Insufficiently Pled Against The Archdiocese and Father. ............................ 5

    E. Plaintiff's Claim Three For False Imprisonment Is Insufficiently Pled Against The Archdiocese and Father. ........................................................... 6

IV. CONCLUSION ............................................................................................... 7

Polsinelli LLP
2049 Century Park East, Suite 2900
Los Angeles, CA 90067
(310) 556-1801

i
MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT
92838010.1

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Allstate Ins. Co. v. Countrywide Fin. Corp.*,
 824 F. Supp. 2d 1164 (C.D. Cal. 2011) ................................................................2

*In re Apple iPhone Antitrust Litig.*,
 846 F.3d 313 (9th Cir. 2017) ..............................................................................2, 2

*Ashcroft v. Iqbal*,
 556 U.S. 662 (2009) ..................................................................................................3

*Austin B. v. Escondido Union School Dist.*,
 149 Cal. App. 4th 860 (2007) ...................................................................................4

*Bell Atl. Corp. v. Twombly*,
 550 U.S. 544 (2007) ...............................................................................................3, 4

*Cabesuela v. Browning-Ferris Industries of California, Inc.*,
 68 Cal. App. 4th 101 (1998) .......................................................................................5

*Carrico v. City and Cty. of San Francisco*,
 656 F.3d 1002 (9th Cir. 2011) ...................................................................................4

*Easton v. Sutter Coast Hospital*,
 80 Cal. App. 4th 485 (2000) .......................................................................................6

*Gabrielle A. v. Cnty. of Orange*,
 10 Cal. App. 5th 1268 (2017) ................................................................................4, 5

*Jon Davler, Inc. v. Arch Ins. Co.*,
 229 Cal. App. 4th 1025 (2014) ..................................................................................6

*King v. State of California*,
 242 Cal. App. 4th 265 (2015) ....................................................................................5

*Saheli v. White Mem'l Med. Ctr.*,
 21 Cal. App. 5th 308 (2018) ......................................................................................4

*Schreiber Distrib. Co. v. Serv-Well Furniture Co.*,
 806 F.2d 1393 (9th Cir. 1986) ...................................................................................4

*Seismic Reservoir 2020, Inc. v. Paulsson*,
 785 F.3d 330 (9th Cir. 2015) .....................................................................................3

*SmileCare Dental Grp. v. Delta Dental Plan of California, Inc.*,
 88 F.3d 780 (9th Cir. 1996) .......................................................................................3

*Starr v. Baca*,
  652 F.3d 1202 (9th Cir. 2011) ............................................................................................. 3

*United States v. Stanley*,
  483 U.S. 669 (1987) .............................................................................................................. 3

**Statutes**

Bane Civil Rights Act ............................................................................................................... 1, 5, 6

Cal. Civ. Code § 51.7, subd. ............................................................................................................ 4

Cal. Civ. Code § 52.1, subd. (a) ...................................................................................................... 5

Cal. Civ. Code § 52.1, subd. (j) ...................................................................................................... 5

Civil Code section 51.7 .................................................................................................................... 5

Ralph Civil Rights Act ................................................................................................................. 1, 4

**Other Authorities**

First Amendment ............................................................................................................................. 1

CACI No. 3063 ................................................................................................................................ 4

Fed. R. Civ. P. 1 ..................................................................................................................... 2, 1, 2, 3

Federal Rules of Civil Procedure Rule 12(b)(6) ................................................................... 2, 2, 3

L.R. 7-3 ............................................................................................................................................. 2

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Plaintiff's Complaint fails to sufficiently plead the requisite facts to sustain a claim for relief as to the three (3) remaining state law claims against the Archdiocese and Father. The Court should therefore grant this Motion, without leave to amend.

On December 5, 2023, the Court granted the Archdiocese and Father's Motion to Dismiss in part, dismissing plaintiff's Claim Four and finding that the arguments with respect to Claims One through Three were conclusory and undeveloped. [Docket Nos. 72 and 92.] Therefore, this Motion develops those arguments as to why Claims One through should be dismissed against the Archdiocese and Father. Because the new arguments developed below have not previously been considered by the Court, this Motion should be considered on the merits to avoid unnecessary and costly delays, contrary to the direction of Rule 1 of the Federal Rules of Civil Procedure.

## II. STATEMENT OF FACTS

Plaintiff alleges that, one morning in December of 2020, Plaintiff was doing a news story at a church. (Complaint, ¶ 7.) [Docket No. 37.] Plaintiff alleges that staff and congregants informed plaintiff that they had called police regarding plaintiff's activities. (Complaint, ¶ 9.) Plaintiff alleges that a physical altercation ensued, and thereafter, officers from the Los Angeles Police Department arrested plaintiff. (Complaint, ¶ 13.)

Based on these allegations, plaintiff asserts the following claims for relief against the Archdiocese and Father: (1) Violation of the Ralph Civil Rights Act; (2) Violation of the Bane Civil Rights Act; (3) False Imprisonment; and (4) Violation of the First Amendment.

On December 5, 2023, the Court granted the Archdiocese and Father's Motion to Dismiss in part, dismissing plaintiff's Claim Four and finding that the arguments with respect to Claims One through Three were conclusory and undeveloped. [Docket Nos. 72 and 92.] Therefore, this Motion develops those arguments as to why Claims One through should be dismissed against the Archdiocese and Father.

The Complaint does not allege facts sufficient to support any of these state law

Polsinelli LLP
2049 Century Park East, Suite 2900
Los Angeles, CA 90067
(310) 556-1801

claims. There is only one allegation in the entire Complaint that mentions the Archdiocese and there are only two that mention Father:

> "The actions described hereinabove against the Plaintiff committed by the two LAPD Officers, Claude Jabsi, Navia Brito, Leszek Semik, the Archdiocese of Los Angeles Risk Management Corporation and John Doe 1-2 were done intentionally and with the intent to not only cause harm but to violate the Plaintiff's Constitutional Rights." (Complaint, ¶ 16.)

> "…Navia Brito – Claude Jabsi – Leszek Semik, all made false allegations about me, stating that I said "I'm going to kill you all." (Complaint, ¶ 13.)

These factually-devoid allegations cannot sustain plaintiff's remaining state law claims against the Archdiocese and Father. Because no reasonably conceivable amendment can cure the Complaint's deficiencies, the Complaint should be dismissed as to the Archdiocese and Father, without leave to amend.

### III. LEGAL ARGUMENT

#### A. This Court Should Find That The Archdiocese and Father Have Not Waived Any Arguments And Consider The Motion On The Merits

"A defendant who omits a defense under Rule 12(b)(6)—failure to state a claim upon which relief can be granted—does not waive that defense." *See In re Apple iPhone Antitrust Litig.*, 846 F.3d 313, 317 (9th Cir. 2017). "Denying late-filed Rule 12(b)(6) motions and relegating defendants to the three procedural avenues specified in Rule 12(h)(2) can produce unnecessary and costly delays, contrary to the direction of Rule 1." Id. at 318. That rule directs that the Federal Rules "be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1. If a later Rule 12(c) motion were required to be filed, "the parties would repeat the briefing they have already undertaken, and the Court would have to address the same questions in several months." *Allstate Ins. Co. v. Countrywide Fin. Corp.*, 824 F. Supp. 2d 1164, 1175 (C.D. Cal. 2011).

Here, the new arguments developed below as to why Claims One through Three should be

1  dismissed as to the Archdiocese and Father have not previously been considered by the Court and
2  therefore should be considered on the merits to avoid unnecessary and costly delays, contrary to
3  the direction of Rule 1.  Denying the Archdiocese and Father's Motion on these procedural grounds
4  would not serve those goals.  In light of the purpose of the Federal Rules and the procedural history
5  of this case, this Court should find that the Archdiocese and Father's motion for dismissal pursuant
6  to Rule 12(b)(6) is timely and permissible.

### B.   Plaintiff's Complaint Fails To State A Claim for Relief Against The Archdiocese and Father.

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a complaint is properly dismissed when its allegations fail to state a claim upon which relief can be granted. This includes when a complaint's allegations disclose a legal issue that precludes recovery or when the complaint fails to allege a cognizable claim under the law. *See e.g. SmileCare Dental Grp. v. Delta Dental Plan of California, Inc.,* 88 F.3d 780, 783 (9th Cir. 1996) ("The court may dismiss a complaint as a matter of law for "(1) lack of a cognizable legal theory or (2) insufficient facts under a cognizable legal claim."); *Seismic Reservoir 2020, Inc. v. Paulsson*, 785 F.3d 330, 335 (9th Cir. 2015) ("Rule 12(b)(6) authorizes a court to dismiss a claim on the basis of a dispositive issue of law."); *United States v. Stanley,* 483 U.S. 669, 692 (1987) ("Of course, if the plaintiff fails either to plead a cause of action or to demonstrate the damages are appropriate as a matter of law, the complaint is dismissed under Federal Rule of Civil Procedure 12(b)(6).").

"[T]o survive a motion to dismiss, a complaint must contain sufficient factual matter to state a facially plausible claim to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-678 (2009). A complaint does not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678.  Therefore, "to be entitled to the presumption of truth, allegations in a complaint or counterclaim may not simply recite the elements of a cause of action. . . ." *Starr v. Baca,* 652 F.3d 1202, 1216 (9th Cir. 2011).  "Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  The Court also need not accept as true any

1  "legal conclusion couched as a factual allegation." *Id.*

2  Leave to amend a complaint may be denied when "the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986). Thus, leave to amend "is properly denied . . . if amendment would be futile." *Carrico v. City and Cty. of San Francisco*, 656 F.3d 1002, 1008 (9th Cir. 2011).

### C. Plaintiff's Claim One For Violation Of The Ralph Civil Rights Act Is Insufficiently Pled Against The Archdiocese and Father.

The Ralph Act broadly provides that all persons "have the right to be free from any violence, or intimidation by threat of violence, committed against their persons or property" because of, among other things, the person's race, religion, national origin, sex, sexual orientation, or position in a labor dispute. *See* Cal. Civ. Code § 51.7, subd. (a).; *Saheli v. White Mem'l Med. Ctr.*, 21 Cal. App. 5th 308, 321 (2018). Under the Ralph Act, a plaintiff must establish that the defendant threatened or committed violent acts against the plaintiff or their property, and a motivating reason for doing so was a prohibited discriminatory motive, or that the defendant aided, incited, or conspired in the denial of a protected right. *See* CACI No. 3063; *Austin B. v. Escondido Union School Dist.*, 149 Cal. App. 4th 860, 880-881, (2007); *Gabrielle A. v. Cnty. of Orange*, 10 Cal. App. 5th 1268, 1291 (2017).

In this case, plaintiff alleges no facts—none—that outline a claim for relief under the Ralph Act against the Archdiocese and Father. At best, the Complaint's mentions of the Archdiocese and Father can be construed as "naked assertions" not entitled to the presumption of truth. Moreover, those mentions of the Archdiocese and Father state no facts that would constitute an element of a claim under the Ralph Act, much less, all requisite elements of such a claim. There simply is no factual recitation of what the Archdiocese and Father did to cause plaintiff harm. No amendment can cure these glaring deficiencies. Paragraphs seven through eleven of the Complaint detail the sequence of events that allegedly violated plaintiff's civil rights, and nowhere in that recitation is the Archdiocese or Father alleged to be an actor or perpetrator. Simply put, the Complaint does

4
MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT

92838010.1

not state a claim for which relief can be granted because it does not and cannot state that the Archdiocese and Father had anything to do with the events that took place on that morning in December of 2020.

### D. Plaintiff's Claim Two For Violation Of The Bane Civil Rights Act Is Insufficiently Pled Against The Archdiocese and Father.

The Bane Act prohibits interfering "by threat, intimidation, or coercion, or attempts to interfere by threat, intimidation, or coercion, with the exercise or enjoyment by any individual or individuals of rights secured by the Constitution or laws of the United States, or of the rights secured by the Constitution or laws of this state." *See* Cal. Civ. Code § 52.1, subd. (a). "Speech alone is not sufficient to support an action ..., except upon a showing that the speech itself threatens violence against a specific person or group of persons; and the person or group of persons against whom the threat is directed reasonably fears that, because of the speech, violence will be committed against them or their property and that the person threatening violence had the apparent ability to carry out the threat." *See* Cal. Civ. Code § 52.1, subd. (j); *Gabrielle A. v. Cnty. of Orange*, 10 Cal. App. 5th 1268, 1289–90, (2017).

"[T]o state a cause of action under section 52.1 there must first be violence or intimidation by threat of violence. Second, the violence or threatened violence must be due to plaintiff's membership in one of the specified classifications set forth in Civil Code section 51.7 or a group similarly protected by constitution or statute from hate crimes." *Cabesuela v. Browning-Ferris Industries of California, Inc.*, 68 Cal. App. 4th 101, 111, (1998); *Gabrielle A. v. Cnty. of Orange*, 10 Cal. App. 5th 1268, 1290 (2017). The essence of a Bane Act claim is that the defendant, by the specified improper means (i.e., "threat[], intimidation or coercion"), tried to or did prevent the plaintiff from doing something he or she had the right to do under the law or to force the plaintiff to do something that he or she was not required to do under the law. *King v. State of California*, 242 Cal. App. 4th 265, 294 (2015).

Once again, plaintiff alleges no facts—none—that outline a claim for relief under

5
MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT

92838010.1


the Bane Act against the Archdiocese and Father. At best, the Complaint's mentions of the Archdiocese and Father can be construed as "naked assertions" not entitled to the presumption of truth. Moreover, those mentions of the Archdiocese and Father state no facts that would constitute an element of a claim under the Bane Act, much less, all requisite elements of such a claim. There simply is no factual recitation that the Archdiocese or Father committed any violent acts, threats, intimidation or coercion to cause plaintiff harm. Further, there are no facts stating how the Archdiocese and Father intentionally interfered with plaintiff's civil rights. No amendment can cure these glaring deficiencies. Paragraphs seven through eleven of the Complaint detail the sequence of events that allegedly violated plaintiff's civil rights, and nowhere in that recitation is the Archdiocese or Father alleged to be an actor or perpetrator. Simply put, the Complaint does not state a claim for which relief can be granted because it does not and cannot state that the Archdiocese and Father had anything to do with the events that took place on that morning in December of 2020. As such, plaintiff's Bane Act claim must fail.

### E. Plaintiff's Claim Three For False Imprisonment Is Insufficiently Pled Against The Archdiocese and Father.

"The elements of a tortious claim of false imprisonment are: (1) the nonconsensual, intentional confinement of a person, (2) without lawful privilege, and (3) for an appreciable period of time, however brief." *Easton v. Sutter Coast Hospital*, 80 Cal. App. 4th 485, 496, (2000). False imprisonment involves coercion, by force, threat, or otherwise. *Jon Davler, Inc. v. Arch Ins. Co.*, 229 Cal. App. 4th 1025, 1034, (2014).

Put simply, plaintiff's Complaint does not contain any facts that the Archdiocese or Father in any way restrained, confined or detained plaintiff. At best, the Complaint's mentions of the Archdiocese and Father can be construed as "naked assertions" not entitled to the presumption of truth. No amendment can cure these glaring deficiencies. Because plaintiff has failed to sufficiently plead this claim against the Archdiocese and Father, it must be dismissed.

///

## IV. CONCLUSION

Plaintiff has not sufficiently pled each of the requisite elements of the three (3) remaining state law claims against the Archdiocese and Father. As such, these Defendants respectfully request that the Court issue an Order granting this Motion and dismissing plaintiff's Complaint against the Archdiocese and Father, without leave to amend.

DATED: January 17, 2024

**POLSINELLI LLP**

By: */s/ Mathew R. Groseclose*
Mathew R. Groseclose, Esq.
*Attorneys for Defendant, Archdiocese of Los Angeles Risk Management Corporation*

## **DECLARATION OF MATHEW R. GROSECLOSE**

I, Mathew R. Groseclose, declare as follows:

1. I am an attorney with Polsinelli LLP and am duly licensed to practice law in the State of California and in the United States District Court for the Central District of California. I represent the moving defendants in this action. I have personal knowledge of the facts set forth in this Declaration, and, if called as a witness, could and would testify competently to such facts under oath.

2. On January 8, 2024, my office called and spoke with plaintiff to discuss the issues in the concurrently filed Motion to Dismiss, setting forth the arguments as to why plaintiff's Complaint lacked merit and should be dismissed pursuant to Federal Rule of Civil Procedure, Rule 12(b). To date, plaintiff has failed to dismiss the Archdiocese and Father from the action, thereby necessitating the filing of this Motion.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that this Declaration was executed this 17th day of January, 2024, at Los Angeles, California.

                                                */s/ Mathew R. Groseclose*
                                                Mathew R. Groseclose, Esq.

Polsinelli LLP
2049 Century Park East, Suite 2900
Los Angeles, CA 90067
(310) 556-1801

MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT

92838010.1

# **CERTIFICATE OF SERVICE**

I hereby certify that on January 17, 2024, I electronically transmitted the foregoing document to the U.S. District Court Clerk's Office using the CM/ECF System for filing and transmitted a copy by Electronic Mail to the following:

Zhoie Perez
5062 Lankershim Blvd., Unit 39
North Hollywood, CA 91601
Phone: (657) 239-6005
*Defendant, In Pro SE*
Email: contact.zhoieperez@yahoo.com

Claude Jabsi
8501 Pershing Drive, Unit No. 4
Playa Del Rey, CA 90293
Phone: (323) 630-6303
*Defendant, In Pro SE*
Email: playaspita@gmail.com

Christina P. Schmidt
Emily S. Cohen, Deputy City Attorney
Hydee Feldstein Soto, City Attorney
Scott Marcus, Chief Assistant City Attorney
Cory M. Brente, Senior Assistant City Attorney
200 North Main Street
6th Floor, City Hall East
Los Angeles, CA 90012
Phone: (213) 978-6941; Fax: (213) 978-8785
*Defendant, City of Los Angeles, Christopher Walker and Eduardo Rios*
Email: christina.schmidt@lacity.org
         emily.s.cohen@lacity.org
Ingrid P. Farino: ingrid.farino@lacity.org


By: __*/s/Cassini Quarles*__
         Cassini Quarles