MATHEW R. GROSECLOSE (SBN 264680)
mgroseclose@polsinelli.com
**POLSINELLI LLP**
2049 Century Park East, Suite 2900
Los Angeles, CA 90067
Telephone:    (310) 556-1801
Facsimile:     (310) 556-1802

*Attorneys for Defendants,*
*Archdiocese of Los Angeles Risk Management Corporation and Father Leszek Semik*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ZHOIE PEREZ<br><br>Plaintiff(s),<br><br>v.<br><br>CITY OF LOS ANGELES, OFFICER RIOS, OFFICER WALKER, CLAUDE JABSI, NAVIA BRITO, LESZEK SEMIK, THE ARCHDIOCESE OF LOS ANGELES RISK MANAGEMENT CORP., AND JOHN DOE 1-2<br><br>Defendant(s). | Case No. 2:22-cv-08227-SVW-(AS)<br><br>**DEFENDANT FATHER LESZEK SEMIK'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT; DEMAND FOR JURY TRIAL**<br><br>Department: Courtroom 10A, 10th Floor<br>Judge: Honorable Stephen V. Wilson |

Defendant Father Leszek Semik ("Defendant") hereby responds as follows to the allegations in Plaintiff Zhoie Perez's ("Plaintiff")'s First Amended Complaint ("Complaint").

1.   Defendant lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 1, and therefore, denies the allegations.

2.   Defendant denies the allegations in Paragraph 2.

3.   Paragraph 3 states a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 3.

4. Defendant lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 4, and therefore, denies the allegations.

**JURISDICTION AND VENUE**

5. Defendant lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 5, and therefore, denies the allegations.

6. Paragraph 6 states a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 6.

**GENERAL ALLEGATIONS**

7. Defendant lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 7, and therefore, denies the allegations.

8. Defendant lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 8, and therefore, denies the allegations.

9. Defendant lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 9, and therefore, denies the allegations.

10. Defendant lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 10, and therefore, denies the allegations.

11. Defendant lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 11, and therefore, denies the allegations.

12. Defendant lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 12, and therefore, denies the allegations.

13. Defendant lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 13, and therefore, denies the allegations.

14. Defendant lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 14, and therefore, denies the allegations.

15. Defendant lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 15, and therefore, denies the allegations.

16. Defendant denies the allegations in Paragraph 16.

17. Defendant lacks knowledge or information sufficient to admit or deny the

1  allegations in Paragraph 17, and therefore, denies the allegations.

## FIRST CAUSE OF ACTION

18. Defendant responds that no response is required to Paragraph 18. To the extent a response is required, Defendant denies the allegations in Paragraph 18.

19. Defendant denies the allegations in Paragraph 19.

20. Defendant lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 20, and therefore, denies the allegations.

21. Paragraph 21 states a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 21.

22. Defendant lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 22, and therefore, denies the allegations.

23. Defendant lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 23, and therefore, denies the allegations.

24. Defendant denies the allegations in Paragraph 24.

## SECOND CAUSE OF ACTION

25. Defendant responds that no response is required to Paragraph 25. To the extent a response is required, Defendant denies the allegations in Paragraph 25.

26. Defendant denies the allegations in Paragraph 26.

27. Defendant denies the allegations in Paragraph 27.

28. Defendant lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 28, and therefore, denies the allegations.

29. Defendant lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 29, and therefore, denies the allegations.

30. Defendant denies the allegations in Paragraph 30.

31. Defendant denies the allegations in Paragraph 31.

32. Paragraph 32 states a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 32.

///

## THIRD CAUSE OF ACTION

33. Defendant responds that no response is required to Paragraph 33. To the extent a response is required, Defendant denies the allegations in Paragraph 33.

34. Defendant lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 34, and therefore, denies the allegations.

35. Defendant lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 35, and therefore, denies the allegations.

## FOURTH CAUSE OF ACTION

36. Defendant responds that no response is required to Paragraph 36 because Defendant's Motion to Dismiss this cause of action has been granted. To the extent a response is required, Defendant denies the allegations in Paragraph 36.

## FIFTH CAUSE OF ACTION

37. Defendant responds that no response is required to Paragraph 37 because this cause of action is not alleged against Defendant. To the extent a response is required, Defendant lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 37, and therefore, denies the allegations.

## SIXTH CAUSE OF ACTION

38. Defendant responds that no response is required to Paragraph 38 because this cause of action is not alleged against Defendant. To the extent a response is required, Defendant lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 38, and therefore, denies the allegations.

## PRAYER FOR RELIEF

Defendant denies that Plaintiff is entitled to any relief against Defendant. Instead, Defendant should be granted relief as prayed for herein.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

**(Failure to State a Claim for Relief)**

1. Defendant alleges that the Complaint, and each and every separate claim for

relief therein, fails to state facts sufficient to plead a claim for relief.

## SECOND AFFIRMATIVE DEFENSE

**(Statutory and Common Law Limitations)**

2. Plaintiff's alleged damages are barred, reduced and/or limited pursuant to any other applicable limitations of awards, prejudgment interest, caps on recovery, and setoffs permitted by law, including, but not limited to applicable state law regarding non-economic loss or injury, and applicable state law related to amounts paid or provided by collateral sources.

## THIRD AFFIRMATIVE DEFENSE

**(Statute of Limitations)**

3. Defendant alleges that the Complaint is barred by applicable statutes of limitations.

## FOURTH AFFIRMATIVE DEFENSE

**(No Causation)**

4. Plaintiff is barred from any recovery as against Defendant, because all damages, injuries, or losses, which may be proven to have been sustained by Plaintiff, were the direct and proximate result of the independent negligence or other conduct of the Plaintiff and/or other independent third parties, and were not proximately caused by any act or omission by Defendant, or of any agent or employee of Defendant.

## FIFTH AFFIRMATIVE DEFENSE

**(Failure to Mitigate Damages)**

5. Defendant alleges that Plaintiff failed to mitigate her damages.

## SIXTH AFFIRMATIVE DEFENSE

**(Equitable Doctrines)**

6. Plaintiff's claims are barred, in whole or in part, by the doctrines of laches, waiver, unclean hands, estoppel and/or ratification.

///

///

## SEVENTH AFFIRMATIVE DEFENSE

### (Comparative Fault of Plaintiff)

7. Defendant alleges that Plaintiff's own lack of reasonable care was a substantial factor in causing the harm, and the alleged damages, if any, must be reduced by the percentage of responsibility apportioned to Plaintiff.

## EIGHTH AFFIRMATIVE DEFENSE

### (Independent, Intervening or Superseding Causes)

8. Defendant alleges that independent, intervening, and superseding forces and/or actions of third parties and/or plaintiff proximately caused or contributed to plaintiff's alleged losses or damages, barring recovery from Defendant.

## NINTH AFFIRMATIVE DEFENSE

### (Indemnification)

9. Defendant alleges that, if it is held liable for the events set forth in the Complaint, said liability will be based solely on a derivative form of liability, not resulting from the negligent conduct of Defendant, but rather only from an obligation imposed by law and resulting from the conduct of other parties or third parties to this action. As such, Defendant will be entitled to complete and total implied indemnity from said parties or other entities.

## TENTH AFFIRMATIVE DEFENSE

### (Uncertainty)

10. Defendant alleges that the Complaint and each cause of action are vague, ambiguous, and uncertain.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Injuries not Caused by Defendant)

11. If plaintiff sustained injuries or incurred the expenses alleged, the same were caused without any negligence, defect, or failure on the part of Defendant.

///

///

**TWELFTH AFFIRMATIVE DEFENSE**

**(Complied with Requirements)**

12. Defendant complied with all requirements of Local, State and Federal codes, regulations and statutes, and as such, have no liability for the damages alleged in the Complaint.

**THIRTEENTH AFFIRMATIVE DEFENSE**

**(Failure to Follow Warnings)**

13. Plaintiff's claims are barred because any injuries or damages sustained by plaintiff were directly and proximately caused by the failure to heed warnings and instructions.

**FOURTEENTH AFFIRMATIVE DEFENSE**

**(Negligence of Others)**

14. If plaintiff sustained damages, such damages were directly and proximately caused by the negligence and other wrongful conduct of third parties, and plaintiff's recovery, if any, should be reduced in proportion to the negligence and other wrongful conduct of such third parties.

**FIFTEENTH AFFIRMATIVE DEFENSE**

**(Several Liability for Non-Economic Damages)**

15. Under *Civil Code* section 1431.2, the liability of a defendant for non-economic damages is several only, and cannot be joint. If a judgment is rendered against Defendant, then Defendant shall be liable only for the amount of non-economic damages allocated to Defendant in direct proportion to Defendant's respective percentages of fault, if any, and the trier of fact should render separate judgments in accordance with *Civil Code* section 1431.2.

**SIXTEENTH AFFIRMATIVE DEFENSE**

**(Foreseeability)**

16. As a separate and affirmative defense to each cause of action, Defendant alleges that it cannot be held liable for the unforeseeable alleged activity of third parties and

1  that Defendant had no duty to protect plaintiff from the particular harm alleged. *Toomer v.*
2  *U.S.*, 615 F.3d 1233, 1237-39 (2010).

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (Statutory Immunity)

17.   As a separate and affirmative defense to each cause of action, Defendant alleges that the Civil Code confers Defendant with immunity from liability.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (Absolute Privilege)

18.   As a separate and affirmative defense to each cause of action, Defendant alleges that plaintiff's claims against Defendant are precluded by the privilege afforded by Civil Code section 47.

## NINETEENTH AFFIRMATIVE DEFENSE

### (No Punitive Damages)

19.   Defendant alleges that the Complaint does not state requisite facts to support a claim for punitive damages or a prayer for such damages, and even if such had been pled, statutory authority, including but not limited to California *Civil Code* § 3294, is invalid on its face and/or as applied Defendant.

## RESERVATION OF DEFENSES

Defendant reserves its right to amend this Answer to allege additional defenses that may become available or apparent during discovery in this matter.

WHEREFORE, Defendant prays for judgment as follows:

1.   That Plaintiff takes nothing by reason of the Complaint;
2.   That Plaintiff's claims be dismissed with prejudice;
3.   That Defendant be awarded costs of suit and reasonable attorney's fees;
4.   For such other relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Defendant hereby demands a trial by jury as provided in Federal Rule of Civil Procedure 38.

DATED:  January 18, 2024

**POLSINELLI LLP**

By:  */s/ Mathew R. Groseclose*
Mathew R. Groseclose, Esq.
*Attorneys for Defendants, Archdiocese of Los Angeles Risk Management Corporation and Father Leszek Semik*

# CERTIFICATE OF SERVICE

I hereby certify that on January 18, 2024, I electronically transmitted the foregoing document to the U.S. District Court Clerk's Office using the CM/ECF System for filing and transmitted a copy by Electronic Mail to the following:

Zhoie Perez
5062 Lankershim Blvd., Unit 39
North Hollywood, CA 91601
Phone: (657) 239-6005
*Defendant, In Pro SE*
Email: contact.zhoieperez@yahoo.com

Claude Jabsi
8501 Pershing Drive, Unit No. 4
Playa Del Rey, CA 90293
Phone: (323) 630-6303
*Defendant, In Pro SE*
Email: playaspita@gmail.com

Christina P. Schmidt
Emily S. Cohen, Deputy City Attorney
Hydee Feldstein Soto, City Attorney
Scott Marcus, Chief Assistant City Attorney
Cory M. Brente, Senior Assistant City Attorney
200 North Main Street
6th Floor, City Hall East
Los Angeles, CA 90012
Phone: (213) 978-6941; Fax: (213) 978-8785
*Defendant, City of Los Angeles, Christopher Walker and Eduardo Rios*
Email: christina.schmidt@lacity.org
emily.s.cohen@lacity.org
Ingrid P. Farino: ingrid.farino@lacity.org

By: */s/Cassini Quarles*
Cassini Quarles
Polsinelli LLP
2049 Century Park East, Suite 2900
Los Angeles, CA 90067
(310) 556-1801