## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV 22-8227 SVW (AS) | Date | April 2, 2024 |
|---|---|---|---|
| Title | Zhoie Perez v. City of Los Angeles, et al. | | |

Present: The Honorable   Alka Sagar, United States Magistrate Judge

| Alma Felix | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
|---|---|
| N/A | N/A |

**Proceedings:**        **(IN CHAMBERS) ORDER RE: FURTHER BRIEFING**

On March 28, 2023, Plaintiff filed a First Amended Complaint ("FAC") against various defendants, including Leszek Semik and the Archdiocese of Los Angeles Risk Management Corporation ("Archdiocese"). (Dkt. No. 37). The FAC makes no factual allegations specifically against the Archdiocese, but alleges that in December 2020, Semik falsely told police officers Plaintiff "said 'I'm going to kill you all[,]'" which led to Plaintiff's arrest and confinement for over eight hours. (FAC, ¶¶ 13, 34). The FAC raises four claims against the Archdiocese and Semik: (1) violation of the Ralph Civil Rights Act, Cal. Civ. Code § 51.7; (2) violation of the Tom Bane Civil Rights Act, Cal. Civ. Code § 52.1; (3) false imprisonment; and (4) a First Amendment violation brought pursuant to 42 U.S.C. § 1983 ("Section 1983"). (FAC, ¶¶ 18-36). However, the Section 1983 claim has been dismissed and only the three state law claims remain pending. (See Dkt. Nos. 72, 92).

On January 17, 2024, the Archdiocese and Semik ("the Moving Defendants") filed a Motion to Dismiss the FAC ("Motion") pursuant to Fed. R. Civ. P. 12(b)(6), arguing the Complaint fails to state a claim for relief against the Moving Defendants. (Dkt. No. 94). The next day, January 18, 2024, the Moving Defendants each filed an Answer to the FAC. (Dkt. Nos. 97-98). On February 2, 2024, Plaintiff filed an Opposition to the Motion, and the Moving Defendants filed a Reply on February 6, 2024. (Dkt. Nos. 100, 103).

In December 2020 – when the incident alleged in the FAC occurred – California law recognized that a citizen's complaints to the police about suspected criminal activity are privileged. Cal. Civ. Code § 47(b) (2020); see also Hagberg v. Cal. Fed. Bank, 32 Cal. 4th 350, 355 (2004) ("[W]hen a citizen contacts law enforcement personnel to report suspected criminal activity on the part of another person[,] . . . such statements are privileged pursuant to [Cal. Civ. Code § 47(b)] and can be the basis for tort liability only if the plaintiff can establish the elements of the tort of malicious prosecution." (footnote omitted)). The Moving Defendants asserted this defense in their Answers. (See Dkt. Nos. 97-98 ("As a separate and affirmative defense to each cause of action, Defendant alleges that plaintiff's claims against Defendant are precluded by the privilege afforded by Civil Code section 47.")). However, the parties did not discuss Cal.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 22-8227 SVW (AS) | Date | April 2, 2024 |
|----------|---------------------|------|---------------|
| Title | Zhoie Perez v. City of Los Angeles, et al. | | |

Civ. Code § 47(b) in relation to the Motion to Dismiss.  They are requested to do so.  See Herterich v. Peltner, 20 Cal. App. 5th 1132, 1137 (2018) (requesting "supplemental briefing as to the applicability of the affirmative defense of the litigation privilege to plaintiff's complaint").  In particular, the parties are requested to file supplemental briefing discussing the applicability of Cal. Civ. Code § 47(b) to Plaintiff's state law claims against the Moving Defendants as well as the retroactive effect, if any, of Cal. Civ. Code § 47(b)(5), which was effective January 1, 2021.  See Gonzalez v. City of Los Angeles, 2021 WL 4442409, *7 (C.D. Cal.), report and recommendation accepted by, 2021 WL 4434341 (C.D. Cal. 2021).

Accordingly, the Moving Defendants may file a supplemental brief addressing the issues discussed herein – and only those issues – no later than fourteen (14) days from the date of this Order.  Thereafter, Plaintiff may file a supplemental brief no later than fourteen (14) days from the date the Moving Defendants file their supplemental brief.  Each party's supplemental brief shall not exceed ten (10) pages.  Absent further order, no supplemental reply shall be filed.

IT IS SO ORDERED.

|  | 0 | : | 00 |
|---|---|---|---|
| Initials of Preparer | | AF | |