MATHEW R. GROSECLOSE (SBN 264680)
mgroseclose@polsinelli.com
**POLSINELLI LLP**
2049 Century Park East, Suite 2900
Los Angeles, CA 90067
Telephone:     (310) 556-1801
Facsimile:     (310) 556-1802

*Attorneys for Defendants,*
*Archdiocese of Los Angeles Risk Management Corporation and Father Leszek Semik*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ZHOIE PEREZ<br><br>Plaintiff(s),<br><br>v.<br><br>CITY OF LOS ANGELES, OFFICER RIOS, OFFICER WALKER, CLAUDE JABSI, NAVIA BRITO, LESZEK SEMIK, THE ARCHDIOCESE OF LOS ANGELES RISK MANAGEMENT CORP., AND JOHN DOE 1-2<br><br>Defendant(s). | Case No. 2:22-cv-08227-SVW-(AS)<br><br>**ARCHDIOCESE OF LOS ANGELES RISK MANAGEMENT CORPORATION AND FATHER LESZEK SEMIK'S SUPPLEMENTAL BRIEF IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT**<br><br>Hearing Date:  TBD<br>Hearing Time:  TBD |

**TO THE HONORABLE COURT, TO ALL PARTIES HEREIN AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that Defendant Archdiocese of Los Angeles Risk Management Corporation ("Archdiocese") and Defendant Father Leszek Semik ("Father") hereby submit this Supplemental Brief in support of their pending Motion to Dismiss plaintiff's amended Complaint [Docket No. 94]. This Brief is submitted pursuant to the Court's Order [Docket No. 105], and this Brief offers no legal argument beyond the limited issue identified in the Court's Order.

## I. Civil Code Section 47(b) Does Not Relieve Plaintiff of the Obligation to Plead Requisite Elements of the Claims for Civil Rights Violations.

Civil Code section 47(b) should not change the outcome the Court should reach after concluding its analysis of the pending Rule 12(b)(6) Motion to Dismiss because the Archdiocese's Motion demonstrates that plaintiff has not pled, and cannot plead, the requisite elements of every claim alleged against the Archdiocese. Civil Code section 47(b) does not add elements to any of the claims alleged, and that section does not relieve plaintiff of the obligation to plead any elements of the claims alleged.

Civil Code section 47(b), when applied to the evidence in this case, would demonstrate that the communications by Father to law enforcement would be protected by an absolute privilege. The Archdiocese would therefore be entitled to judgment because the only conduct at issue in this matter are those communications. In a similar vein, the statutory exception found in Civil Code section 47(b)(5), when applied to the evidence in this case, demonstrates that the Archdiocese is entitled to judgment. There will be no evidence that any of Father's communications were knowingly or recklessly false.

Civil Code section 47(b)(5) is only an exception to the statutory extension of privilege to certain communications. It is not and has never been held to be a statutory basis for liability or ground for an independent claim for relief. *See, e.g.*, *Williams v. Taylor*, 129 Cal.App.3d 745 (2004). For that reason, Civil Code section 47(b), as well as subsection (b)(5), should not change the Court's conclusion regarding the pending Motion to Dismiss because the Archdiocese has not argued in the Motion that Father's communications were privileged as a matter of law. Instead, the Motion demonstrates that those communications, privileged or not, are not a comprehensive factual prerequisite for any of the claims alleged. Plaintiff has not and cannot plead requisite elements of the claims in the operative Complaint.[1] The Court should therefore grant the Archdiocese's Motion without leave to

---

[1] The Order soliciting this supplemental brief [Docket No. 105] stated that no argument should be offered on any other issue. So the Archdiocese incorporates by reference its arguments from the Motion, which set forth the requisite elements of the claims alleged and details each failure of plaintiff to plead certain elements of all claims.

amend.

## II. Application of Civil Code Section 47 Demonstrates that the Amended Complaint Should Be Dismissed, or Alternatively, That Defendants Will Be Entitled to Summary Judgment on a Later Date.

The Archdiocese and Father will argue in a soon-to-be-filed motion for summary judgment, and at trial, if either is necessary, that Father's communications to law enforcement were privileged as a matter of law. At this stage though, Defendants are seeking an expeditious exit from this frivolous litigation through the Motion to Dismiss. Plaintiff did allege in paragraph 13 [Docket No. 37] that Father made "false allegations", saying that plaintiff said, "I'm going to kill you all." In this Brief, Defendants contend that this pleading is insufficient to demonstrate that a "person ma[de] a false report that another person has committed, or is in the act of committing, a criminal act… knowing that the report is false, or with reckless disregard for the truth or falsity of the report." *See* Civil Code section 47(b)(5). Plaintiff does not allege that Father made knowingly or recklessly false statements regarding the commission of a criminal act.

If the pleading is insufficient to demonstrate that the statutory exception to privilege applies, then the general rule of absolute privilege would apply to Father's statements to law enforcement. *See Hagberg v. California Federal Bank*, 32 Cal.4th 350 (2004) (holding that statements made to law enforcement to report suspected criminal activity on the part of another person are privileged and cannot be the basis for tort liability except for the tort of malicious prosecution). Here, plaintiff has not alleged malicious prosecution against Defendants, or any elements of that claim.

The Supreme Court has explained that the absolute privilege serves to "assure utmost freedom of communication between citizens and public authorities whose responsibility is to investigate and remedy wrongdoing." *Silberg v. Anderson* , 50 Cal.3d 205, 213 (2004). The Supreme Court also found that the overwhelming majority of cases conclude that when a citizen contacts law enforcement personnel to report suspected criminal activity and to instigate law enforcement personnel to respond, the communication enjoys an unqualified

privilege under section 47(b). *Hagberg, supra,* 32 Cal.4th at 364. By doing so, the Court affirmed that public policy dictates that parties have unfettered access to make police reports. *See Williams v. Taylor*, 129 Cal.App.3d 745 (2004).

Defendants did not present an argument in the pending Motion to Dismiss under Civil Code section 47(b) out of concern that a protracted pleadings battle could ensue. Although plaintiff did not allege a knowingly or recklessly false report regarding a commission of a crime, Defendants did not want to invite the opportunity for an amendment to the Complaint. That said, it is worth noting that plaintiff rejected the Court's last invitation to file a Second Amended Complaint [Docket No. 92], so it is evident that plaintiff has chosen to rest on the facts alleged in the operative pleading. But even if the First Amended Complaint's allegations leave the Court unable to determine whether the general rule of absolute privilege to apply to Father's communications at the pleadings stage, the fact remains that plaintiff has failed to plead requisite elements for all claims alleged. [Docket No. 94.] Consequently, the Court should grant the Motion to Dismiss, regardless of how the Court considers the privileged status of Father's communications to law enforcement.

DATED: April 16, 2024          **POLSINELLI LLP**

By:   */s/ Mathew R. Groseclose*
      Mathew R. Groseclose, Esq.
*Attorneys for Defendants, Archdiocese of Los Angeles Risk Management Corporation and Father Leszek Semik*

# **CERTIFICATE OF SERVICE**

I hereby certify that on April 16, 2024, I electronically transmitted the foregoing document to the U.S. District Court Clerk's Office using the CM/ECF System for filing and transmitted a copy by Electronic Mail to the following:

Zhoie Perez
5062 Lankershim Blvd., Unit 39
North Hollywood, CA 91601
Phone: (657) 239-6005
*Defendant, In Pro SE*
Email: contact.zhoieperez@yahoo.com

Claude Jabsi
8501 Pershing Drive, Unit No. 4
Playa Del Rey, CA 90293
Phone: (323) 630-6303
*Defendant, In Pro SE*
Email: playaspita@gmail.com

Christina P. Schmidt
Emily S. Cohen, Deputy City Attorney
Hydee Feldstein Soto, City Attorney
Scott Marcus, Chief Assistant City Attorney
Cory M. Brente, Senior Assistant City Attorney
200 North Main Street
6th Floor, City Hall East
Los Angeles, CA 90012
Phone: (213) 978-6941; Fax: (213) 978-8785
*Defendant, City of Los Angeles, Christopher Walker and Eduardo Rios*
Email: christina.schmidt@lacity.org
       emily.s.cohen@lacity.org
Ingrid P. Farino: ingrid.farino@lacity.org


By: ___*/s/Cassini Quarles*___
         Cassini Quarles

---

MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT

94561032.1