UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ZHOIE PEREZ,<br><br>            Plaintiff,<br><br>     v.<br><br>CITY OF LOS ANGELES, et al.,<br><br>            Defendants. | NO. CV 22-8227 SVW (AS)<br><br>**REPORT AND RECOMMENDATION OF A UNITED STATES MAGISTRATE JUDGE** |

This Report and Recommendation is submitted to the Honorable Stephen V. Wilson, United States District Judge, pursuant to 28 U.S.C. § 636 and General Order 05-07 of the United States District Court for the Central District of California.

**I.**

**INTRODUCTION**

On November 10, 2022, Zhoie Perez ("Plaintiff") filed a pro se Complaint ("Complaint") raising federal and state law claims against the City of Los Angeles ("City"), Los Angeles Police Department Officers Rios and Walker, Claude Jabsi, and John Does 1-5. (Docket

("Dkt.") No. 1). On December 2, 2022, Jabsi filed an Answer to the Complaint, and on December 5, 2022, the City and Officers Rios and Walker (collectively "City Defendants") filed an Answer to the Complaint. (Dkt. Nos. 5, 8).

On February 14, 2023, Plaintiff filed a Motion for Leave to File a First Amended Complaint, which the Court granted on March 15, 2023. (Dkt. Nos. 22, 35).

On March 28, 2023, Plaintiff filed a First Amended Complaint ("FAC") against the City Defendants, Jabsi, Navia Brito, Leszek Semik, the Archdiocese of Los Angeles Risk Management Corporation ("Archdiocese") and John Does 1-2. (Dkt. No. 37). The FAC raises the following four claims against each Defendant: (1) violation of the Ralph Civil Rights Act ("Ralph Act"), Cal. Civ. Code § 51.7; (2) violation of the Tom Bane Civil Rights Act ("Bane Act"), Cal. Civ. Code § 52.1; (3) false imprisonment; and (4) a First Amendment violation brought pursuant to 42 U.S.C. § 1983 ("Section 1983"). (FAC, ¶¶ 18-36). Additionally, in Claims Five and Six, Plaintiff raises Section 1983 claims against the City Defendants, alleging they violated Plaintiff's Fourth and Fourteenth Amendment rights to be free from an unlawful search and seizure. (FAC, ¶¶ 37-38).

On April 20, 2023, Jabsi filed an Answer to the FAC, and the Archdiocese and Semik (collectively "Moving Defendants") each filed Motions to Dismiss the FAC pursuant to Fed. R. Civ. P. 12(b)(1) and (12)(b)(6). (Dkt. Nos. 51, 54-55).

1    On April 26, 2023, Claims One to Three of the FAC were dismissed
2 with prejudice against the City Defendants. (Dkt. No. 60). The next
3 day, the City Defendants filed an Answer to the FAC. (Dkt. No. 61).

5    On May 8, 2023, Plaintiff filed an Opposition to the Archdiocese's
6 Motion to Dismiss. (Dkt. No. 62). The Moving Defendants each filed
7 Replies on May 18, 2023. (Dkt. Nos. 66-67).

9    On December 5, 2023, the Court granted the Moving Defendants'
10 Motions to Dismiss Claim Four with leave to amend, but denied the
11 Motions to Dismiss Claims One through Three. (Dkt. Nos. 72, 92).
12 Plaintiff was afforded thirty days to file a Second Amended Complaint
13 curing the FAC's pleading defects, and if Plaintiff did not timely file
14 a Second Amended Complaint, the Moving Defendants were ordered "to file
15 an Answer to Claims One through Three of the First Amended Complaint no
16 later than fourteen (14) days . . . from the expiration of Plaintiff's
17 time to file a Second Amended Complaint. . . ." (Dkt. No. 92).

19    Plaintiff did not timely file a Second Amended Complaint. On
20 January 17, 2024, the Moving Defendants filed a second Motion to
21 Dismiss the FAC ("Second Motion") pursuant to Fed. R. Civ. P. 12(b)(6),
22 and they each filed an Answer to the FAC on January 18, 2024. (Dkt.
23 Nos. 94, 97-98). On February 2, 2024, Plaintiff filed an Opposition to
24 the Second Motion, and the Moving Defendants filed a Reply on February
25 6, 2024. (Dkt. Nos. 100, 103).

27    On April 2, 2024, the Court requested "supplemental briefing
28 discussing the applicability of Cal. Civ. Code § 47(b) to Plaintiff's

state law claims against the Moving Defendants as well as the retroactive effect, if any, of Cal. Civ. Code § 47(b)(5), which was effective January 1, 2021." (Dkt. No. 105). On April 16, 2024, the Moving Defendants filed a supplemental brief, but Plaintiff did not timely respond to the Court's Order. (Dkt. No. 106).

For the reasons set forth below, the Moving Defendants' Second Motion should be GRANTED.

## II.
## PLAINTIFF'S ALLEGATIONS

Plaintiff is "a Transgender woman of color," who in December 2020, "was doing a news story" on "the staff and the congregants" of the St. Anastasia Catholic Church "violating the Health Department requirements at that time for religious services by not adhering to mask and social distancing mandates." (FAC, ¶¶ 7-8, 19). Plaintiff was filming from the public sidewalk and never entered the church's property. (FAC, ¶¶ 8, 14). After Plaintiff had been filming for eleven minutes, staff and congregants called the police on Plaintiff. (FAC, ¶ 9).

After seventeen minutes, Jabsi arrived in his vehicle, stopped, approached Plaintiff, and grabbed and threatened her. (FAC, ¶ 10). Plaintiff pulled away and showed Jabsi her pepper spray in an attempt to diffuse the situation. (Id.). Jabsi then returned to his vehicle, drove into the church parking lot and parked his vehicle, "threatening [Plaintiff] along the way." (Id.). Jabsi – joined by two other men – then ran toward Plaintiff, and Jabsi attacked her, striking her and her

4

equipment until Plaintiff sprayed him with pepper spray and Jabsi retreated to his vehicle. (Id.). Thereafter, Jabsi drove his vehicle toward Plaintiff, barely missing her. (Id.). He then backed his vehicle up and drove at Plaintiff a second time, striking her and knocking her back about eight feet. (Id.). Jabsi then tried to hit Plaintiff a third time, but missed. (Id.). Jabsi subsequently backed his vehicle onto church property and yelled at Plaintiff "'You're lucky I didn't fucking kill you.'" (Id.). Following these incidents, Brito attacked Plaintiff twice. (FAC, ¶ 10).

Approximately seventeen minutes later, Officers Rios and Walker arrived and, without performing any investigation, handcuffed Plaintiff and put her in the back of their patrol vehicle. (FAC, ¶ 11). Plaintiff requested that Officers Rios and Walker arrest the two people who attacked her, but the Officers let them leave and arrested Plaintiff instead. (FAC, ¶¶ 12-13). Plaintiff complains that Brito, Jabsi and Semik all made false allegations about Plaintiff, stating she said "'I'm going to kill you all.'" (FAC, ¶ 13).

Plaintiff was transported to the police station, where she was held for over eight hours before being released without being charged with a crime. (FAC, ¶¶ 13, 15).

Based on these allegations, Plaintiff raises the six claims detailed in Part I above. (FAC, ¶¶ 18-38). Plaintiff seeks damages (Claims One to Six) and civil penalties (Claims One and Two). (FAC at 11-12).

5

**III.**

**DISCUSSION**

**A.  Multiple Motions To Dismiss**

As set forth above, this is the second Rule 12(b)(6) motion the Moving Defendants have filed. (See Dkt. Nos. 54-55, 94). The Court denied the Moving Defendants' initial attempt to dismiss Plaintiff's state law claims (Claims One to Three). (See Dkt. Nos. 72, 92). The Second Motion sets forth additional arguments for dismissing Claims One through Three. (Dkt. No. 94). The Moving Defendants have not waived these arguments by failing to include them in their initial Motions to Dismiss. See In re Apple iPhone Antitrust Litig., 846 F.3d 313, 317-18 (9th Cir. 2017) ("A defendant who omits a defense under Rule 12(b)(6) — failure to state a claim upon which relief can be granted — does not waive that defense."), affirmed by, 139 S. Ct. 1514 (2019). But since these arguments undoubtedly could have been raised in the initial Motions to Dismiss, the Second Motion is procedurally improper under Rule 12(g)(2), which states that, "[e]xcept as provided in Rule 12(h)(2) or (3), a party that makes a motion under this rule must not make another motion under this rule raising a defense or objection that was available to the party but omitted from its earlier motion."[1] Fed. R. Civ. P. 12(g)(2); see also In re Apple iPhone Antitrust Litig., 846

---

[1] Rule 12(h)(2) provides, in pertinent part, that "[f]ailure to state a claim upon which relief can be granted . . . may be raised . . . "in any pleading allowed or ordered under Rule 7(a)" "by a motion under Rule 12(c)" or "at trial." Fed. R. Civ. P. 12(h)(2)(A-C). Rule 12(h)(3) states that "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

F.3d at 318 ("Rule 12(g)(2) provides that a defendant who fails to assert a failure-to-state-a-claim defense in a pre-answer Rule 12 motion cannot assert that defense in a later pre-answer motion under Rule 12(b)(6), but the defense may be asserted in other ways.").

Nevertheless, Rule 12(g)(2) should be read "in light of the general policy of the Federal Rules of Civil Procedure, expressed in Rule 1[,]" In re Apple iPhone Antitrust Litig., 846 F.3d at 318, which provides that the Federal Rules of Civil Procedure "should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1. Thus, "a court may exercise its discretion to consider a defense or objection that Rule 12(g)(2) would otherwise bar if such consideration would further the policy" set forth in Rule 1. Doe #35 v. Labrador, 679 F. Supp. 3d 1019, 1038 (D. Idaho 2023); Peterson v. Sutter Med. Found., 615 F. Supp. 3d 1097, 1110 (N.D. Cal. 2022); see also In re Apple iPhone Antitrust Litig., 846 F.3d at 318-19 ("Denying late-filed Rule 12(b)(6) motions and relegating defendants to the three procedural avenues specified in Rule 12(h)(2) can produce unnecessary and costly delays, contrary to the direction of Rule 1.").

Here, the Moving Defendants answered the FAC shortly after filing the Second Motion.[2] Thus, if the Court were to reject the Second Motion

---

[2] Filing an answer after a motion to dismiss does not moot the motion to dismiss. Brunig v. Clark, 560 F.3d 292, 294 (5th Cir. 2009); see also Street Spirit IP LLC v. eHarmony, Inc., 2023 WL 6620369, *2 (C.D. Cal. 2023) ("The filing of an answer . . . does not moot a motion under Rule 12(b), as a defendant need not 'wait to answer until the

pursuant to Fed. R. Civ. P. 12(g)(2), the Moving Defendants could – and almost certainly would – simply re-file the motion under Rule 12(c). Under these circumstances, and considering the same standard of review applies to Rule 12(b)(6) and Rule 12(c) motions, see Gregg v. Hawaii, Dep't of Public Safety, 870 F.3d 883, 887 (9th Cir. 2017) ("Because a Rule 12(c) motion is functionally identical to a Rule 12(b)(6) motion, the same standard of review applies to motions brought under either rule." (citation and internal quotation marks omitted)), the Court will exercise its discretion to consider the Second Motion. See Allstate Ins. Co. v. Countrywide Fin. Corp., 824 F. Supp. 2d 1164, 1175 (C.D. Cal. 2011) ("Rule 12(g) is designed to avoid repetitive motion practice, delay, and ambush tactics. If the Court were to evade the merits of Defendants' . . . defenses here, Defendants would be required to file answers within 14 days of this Order. They would presumably assert the [defenses] in those answers. Defendants would then file Rule 12(c) motions, the parties would repeat the briefing they have already undertaken, and the Court would have to address the same questions in several months. That is not the intended effect of Rule 12(g), and the result would be in contradiction of Rule 1's mandate[.]"); Peterson, 615 F. Supp. 3d at 1110 ("While it is true that the Sutter Defendants failed to raise this argument in their first motion to dismiss (and were able to do so) and this rule generally would bar them from raising it now, I will still consider it. If I did not, they would be able to file an answer and then immediately move for judgment on the pleadings on this basis under Rule 12(c). In these circumstances, the Ninth Circuit has explained that district courts

---

court had ruled on the motion.'" (quoting Brunig, 560 F.3d at 294)), appeal dismissed by, 2024 WL 321763 (Fed. Cir. 2024).

have discretion to address the issue to avoid this unnecessary burden and delay, which I exercise here." (citing In re Apple iPhone Antitrust Litig., 846 F.3d at 318-19)); Evans v. Arizona Cardinals Football Club, LLC, 231 F. Supp. 3d 342, 351 (N.D. Cal. 2017) ("Federal Rule of Civil Procedure 12(g)(2) 'technically prohibits successive motions to dismiss that raise arguments that could have been made in a prior motion,' but 'courts faced with a successive motion often exercise their discretion to consider the new arguments in the interests of judicial economy.' Here, there is no indication that the clubs' new arguments against plaintiffs' state law claims were interposed for delay, and resolving such arguments now will expedite disposition of the case.  This order therefore reaches the merits of the arguments as to plaintiffs' state law claims." (citations omitted)), affirmed by, 761 F. App'x 701 (9th Cir. 2019).

B.     **Rule 12(b)(6) Standard Of Review**

A Rule 12(b)(6) motion to dismiss for failure to state a claim should be granted if a plaintiff fails to proffer "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007); Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678; Hartmann v. Cal. Dep't of Corr. & Rehab., 707 F.3d 1114, 1121-22 (9th Cir. 2013).  Although a plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[,]" Twombly, 550 U.S. at 555;

Iqbal, 556 U.S. at 678, "[s]pecific facts are not necessary; the [complaint] need only give the defendant[s] fair notice of what the . . . claim is and the grounds upon which it rests." Erickson v. Pardus, 551 U.S. 89, 93 (2007) (per curiam) (citations and internal quotation marks omitted); Twombly, 550 U.S. at 555.

In considering whether to dismiss a complaint, the Court must accept the factual allegations of the complaint as true, Wood v. Moss, 572 U.S. 744, 755 n.5 (2014); Erickson, 551 U.S. at 93-94, construe the pleading in the light most favorable to the pleading party, and resolve all doubts in the pleader's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969); Berg v. Popham, 412 F.3d 1122, 1125 (9th Cir. 2005). Pro se pleadings are "to be liberally construed" and are held to a less stringent standard than those drafted by a lawyer. Erickson, 551 U.S. at 94; Haines, 404 U.S. at 520; see also Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010) ("*Iqbal* incorporated the *Twombly* pleading standard and *Twombly* did not alter courts' treatment of pro se filings; accordingly, we continue to construe pro se filings liberally when evaluating them under *Iqbal*."). Dismissal for failure to state a claim can be warranted based on either the lack of a cognizable legal theory or the absence of factual support for a cognizable legal theory. See Mendiondo v. Centinela Hosp. Med. Ctr., 521 F.3d 1097, 1104 (9th Cir. 2008). A complaint may also be dismissed for failure to state a claim if it discloses some fact or complete defense that will necessarily defeat the claim. Rivera v. Peri & Sons Farms, Inc., 735 F.3d 892, 902 (9th Cir. 2013).

\\
\\

**C.  Plaintiff's First Amendment Claim Against The Moving Defendants Should Be Dismissed With Prejudice**

Plaintiff's FAC raises a First Amendment claim (Claim Four) and three state law claims (Claims One through Three) against the Moving Defendants.  (See FAC, ¶¶ 18-35).  Since the Court dismissed Claim Four against the Moving Defendants with leave to amend, and as Plaintiff has not timely filed a Second Amended Complaint, Claim Four against the Moving Defendants should be dismissed with prejudice.  See, e.g., Holley v. Evans, 2016 WL 9045480, *1 (N.D. Cal. 2016) ("The Court dismissed with leave to amend . . . a due process claim against Captain E. Evans for failure to supervise his subordinates.  Because Holley did not file an amended complaint, the claim against Evans is dismissed with prejudice." (citation omitted)), affirmed by, 688 F. App'x 451 (9th Cir. 2017).

**D.  Plaintiff's Ralph Act Claim Against The Moving Defendants Should Be Dismissed**

In Claim One, Plaintiff contends the Moving Defendants violated the Ralph Act by subjecting her to "harassment, discrimination, threats, intimidation and imprisonment" due to "her actual and/or perceived sex, gender, sexual orientation, race and/or color."  (FAC, ¶¶ 18-24).  The Ralph Act states, in pertinent part, that:

> All persons within the jurisdiction of this state have the right to be free from any violence, or intimidation by threat of violence, committed against their persons or property

```
                because of political affiliation, or on account of any
                characteristic listed or defined in subdivision (b) or (e) of
                Section 51, or position in a labor dispute, or because
                another person perceives them to have one or more of those
                characteristics.
```

Cal. Civ. Code § 51.7(b)(2020). "Characteristics listed or defined in sections 51(b) or (e) are: sex, race, color, religion, ancestry, national origin, disability, medical condition, [genetic information,] marital status, [] sexual orientation[,]" citizenship, primary language, or immigration status. Corales v. Bennett, 567 F.3d 554, 571 (9th Cir. 2009); Cal. Civ. Code § 51(b), (e) (2020). "The elements of a Ralph Act claim are: '(1) the defendant threatened or committed violent acts against the plaintiff; (2) the defendant was motivated by his perception of plaintiff's race [or other protected characteristic]; (3) the plaintiff was harmed; and (4) the defendant's conduct was a substantial factor in causing the plaintiff's harm.'" Estate of Nunis by and through Nunis v. City of Chula Vista, 676 F. Supp. 3d 867, 886 (S.D. Cal. 2023) (citation omitted)).

Plaintiff has not stated a Ralph Act claim against either Moving Defendant. Plaintiff does not allege that either Defendant threatened her or committed a violent act against her. Indeed, Plaintiff makes no specific factual allegations against the Archdiocese,[3] and the only

---

[3] See Holtegaard v. Howroyd-Wright Emp. Agency, 2020 WL 6051328, *3 (C.D. Cal. 2020) ("As a general matter, [Fed. R. Civ. P.] 8(a) requires a plaintiff to differentiate allegations against multiple defendants.").

allegation she makes against Semik is that Semik made a false statement that led to Plaintiff's arrest. (FAC, ¶ 13). Accordingly, Plaintiff's Ralph Act claim against the Moving Defendants should be dismissed. See Iqbal, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."); Rodriguez v. Orange Cnty., 2023 WL 6472000, *7 (S.D. Cal. 2023) (granting motion to dismiss Ralph Act claim based on conclusory allegations "not supported by any facts"); Kobayashi v. McMullin, 2023 WL 3493991, *24 (C.D. Cal. 2023) ("Plaintiff's wholly conclusory allegations of discrimination due to Plaintiff's race, age, national origin, and primary language are insufficient to withstand a motion to dismiss."); Garcia v. Diaz, 2021 WL 4775638, *12 (C.D. Cal. 2021) ("Conclusory allegations that Defendants' conduct was due to Plaintiff's race are insufficient to state a Ralph Act claim."); Lopez v. Cnty. of Los Angeles, 2021 WL 6752171, *6 (C.D. Cal. 2021) (dismissing Ralph Act claim based on the plaintiff's conclusory allegations).

**E.  Plaintiff's Bane Act Claim Against The Moving Defendants Should Be Dismissed**

The Bane Act, Cal. Civ. Code § 52.1, authorizes a claim for relief against any "person or persons, whether or not acting under color of law, [who] interferes by threat, intimidation, or coercion, or attempts to interfere by threat, intimidation, or coercion, with the exercise or enjoyment by any individual or individuals of rights secured by the Constitution or laws of the United States, or of the rights secured by the Constitution or laws of this state[.]"  Cal. Civ. Code § 52.1(b)

13

(2020). Section 52.1's "provisions are limited to threats, intimidation, or coercion that interferes with a constitutional or statutory right." Venegas v. Cnty. of Los Angeles, 32 Cal. 4th 820, 843 (2004); see also Reese v. Cnty. of Sacramento, 888 F.3d 1030, 1040 (9th Cir. 2018) ("The Bane Act civilly protects individuals from conduct aimed at interfering with rights that are secured by federal or state law, where the interference is carried out 'by threats, intimidation or coercion.'"). Thus, a "plaintiff bringing a claim pursuant to the Bane Act 'must show (1) intentional interference or attempted interference with a state or federal constitutional or legal right, and (2) the interference or attempted interference was by threats, intimidation or coercion.'" Scalia v. Cnty. of Kern, 308 F. Supp. 3d 1064, 1080 (E.D. Cal. 2018) (quoting Allen v. City of Sacramento, 234 Cal. App. 4th 41, 67 (2015)); see also Jones v. Kmart Corp., 17 Cal. 4th 329, 334 (1998) (Section 52.1 requires "an attempted or completed act of interference with a legal right, accompanied by a form of coercion."). "[T]he Bane Act does not require the 'threat, intimidation or coercion' element of the claim to be transactionally independent from the constitutional violation alleged." Reese, 888 F.3d at 1043 (citation omitted). However, "[s]peech alone is not sufficient to support" a Bane Act claim "except upon a showing that the speech itself threatens violence against a specific person or group of persons; and the person or group of persons against whom the threat is directed reasonably fears that, because of the speech, violence will be committed against them or their property and that the person threatening violence had the apparent ability to carry out the threat." Cal. Civ. Code § 52.1(k) (2000).

In Claim Two, Plaintiff asserts the Moving Defendants violated the Bane Act when they interfered with her First Amendment right to free speech and subjected her to "harassment, discrimination, violence and intimidation" due to her "actual or perceived sex, gender, sexual orientation, race and/or color." (FAC, ¶¶ 25-32). However, as discussed above, Plaintiff's only allegation against the Moving Defendants is that Semik made false statement about her. (FAC, ¶ 13). This is insufficient to state a Bane Act claim since, among other things, Plaintiff does not allege Semik threatened violence against her, Cal. Civ. Code § 52.1(k) (2020); <u>Mascorro v. City of San Diego</u>, 2023 WL 8115528, *19 (S.D. Cal. 2023), and her allegations against the Moving Defendants are entirely conclusory. <u>Gerritsen v. Los Angeles Cnty. Metro. Transp. Auth.</u>, 2023 WL 6627823, *10 (C.D. Cal.), <u>report and recommendation accepted by</u>, 2023 WL 6629777 (C.D. Cal. 2023); <u>see also Julian v. Mission Cmty. Hosp.</u>, 11 Cal. App. 5th 360, 395 (2017) ("[C]onclusory allegations of forcible and coercive interference with plaintiffs' constitutional rights are inadequate to state a cause of action for a violation of section 52.1." (citation and internal quotation marks omitted)); <u>Allen</u>, 234 Cal. App. 4th at 69 (same).

**F.  <u>Plaintiff's False Imprisonment Claim Against The Moving Defendants Should Be Dismissed</u>**

In Claim Three, Plaintiff alleges the Moving Defendants falsely imprisoned her when they "worked with the officers to falsely and knowingly and without cause say that [her] actions were in violation of [the] law when in fact they were not." (FAC, ¶¶ 33-35).

15

"Under California law, the elements of a claim for false imprisonment are: '(1) the nonconsensual, intentional confinement of a person, (2) without lawful privilege, and (3) for an appreciable period of time, however brief.'" Young v. Cnty. of Los Angeles, 655 F.3d 1156, 1169 (9th Cir. 2011) (citation omitted); Hagberg v. Cal. Fed. Bank, 32 Cal. 4th 350, 372-73 (2004). Thus, for instance, "a person who accuses another of a crime is liable for false imprisonment if the accuser knowingly makes false statements to the police with the intent to induce an arrest; and for the purpose of imposing confinement upon the accused or with knowledge that confinement will, to a substantial certainty, result from the accusation." Arpin v. Santa Clara Valley Transp. Agency, 261 F.3d 912, 925 (9th Cir. 2001); Ismail v. Freeman, 936 F. Supp. 2d 1157, 1167 (C.D. Cal. 2012), affirmed by, 676 F. App'x 690 (9th Cir. 2017). Here, as discussed above, Plaintiff alleges that Semik made a false allegation about her to the police, stating Plaintiff "said 'I'm going to kill you all[,]'" which led to Plaintiff's arrest and confinement for over eight hours. (FAC, ¶¶ 13, 34).

Nevertheless, when this incident allegedly occurred in December 2020 (see FAC, ¶ 8), California law provided an absolute privilege for reports made to the police about a possible crime. Cal. Civ. Code § 47(b) (2020);[4] see also Hagberg, 32 Cal. 4th at 355 ("[W]hen a citizen

---

[4] Effective January 1, 2021, the California legislature amended § 47(b) to add the following section:

> This subdivision does not make privileged any communication between a person and a law enforcement agency in which the person makes a false report that another person has committed, or is in the act of committing, a criminal act or

16

contacts law enforcement personnel to report suspected criminal activity on the part of another person[,] . . . such statements are privileged pursuant to [Cal. Civ. Code § 47(b)] and can be the basis for tort liability only if the plaintiff can establish the elements of the tort of malicious prosecution." (footnote omitted)). Thus, even if falsely made, Semik's complaint to the police about Plaintiff was absolutely privileged and cannot support her false imprisonment claim.[5] Hagberg, 32 Cal. 4th at 355; see also Ibrahim v. Dep't of Homeland Sec., 538 F.3d 1250, 1258 (9th Cir. 2008) ("As for United Air Lines and David Nevins, [the plaintiff's] claims fail because these defendants' only supposedly tortious act was Nevins's phone call to the San Francisco police. That call is privileged under state law and thus cannot be the basis for tort liability."); Lauter v. Anoufrieva, 642 F. Supp. 2d 1060, 1091 (C.D. Cal. 2009) ("[T]he instant [false imprisonment] claim is predicated upon defendants providing information to the police. . . . Accordingly, [it] must be dismissed because,

---

is engaged in an activity requiring law enforcement intervention, knowing that the report is false, or with reckless disregard for the truth or falsity of the report.

Cal. Civ. Code § 47(b)(5) (2021). But this amendment does not apply retroactively. Stallworth v. Nike Retail Servs., Inc., 2021 WL 5989962, *10 (C.D. Cal. 2021); Gonzalez v. City of Los Angeles, 2021 WL 4442409, *7 (C.D. Cal.), report and recommendation accepted by, 2021 WL 4434341 (C.D. Cal. 2021); King v. City of Sacramento, 2022 WL 37048, *3 (E.D. Cal. 2022); Reddick v. Lowe's Home Ctrs., LLC, 2021 WL 3418728, *4 (E.D. Cal. 2021); see also Quarry v. Doe I, 53 Cal. 4th 945, 955 (2012) ("[S]tatutes ordinarily are interpreted as operating prospectively in the absence of a clear indication of a contrary legislative intent.").

[5] Because Plaintiff has failed to state a Bane Act or Ralph Act claim, the Court does not consider § 47(b)'s potential applicability to Claims One and Two.

under [Cal. Civ. Code § 47(b)], tort claims arising from such reports . . . are absolutely privileged and may not serve as predicates for tort claims, except the tort of malicious prosecution."); Grant v. Starbucks Corp., 2019 WL 8112465, *5 (C.D. Cal. 2019) ("Plaintiff's tort claims [including false imprisonment] based on Meza's 911 call to the police must be dismissed because they are subject to the absolute privilege of § 47(b). This remains true even assuming, as Plaintiff repeatedly asserts in his opposition, Cruz was aware that Plaintiff claimed he owned the vehicle prior to the 911 call. Even if Cruz knowingly instituted a false police report, § 47(b)'s absolute privilege would still apply to Plaintiff's claims." (citations omitted)); Herwick v. Budget Rent a Car Sys., Inc., 2010 WL 11549389, *2-3 (C.D. Cal. 2010) (granting motion to dismiss plaintiffs' state law claims, including false imprisonment, because "the only potentially tortious conduct Plaintiffs can point to is that Defendant Budget reported to Defendant LAPD, albeit falsely, that the vehicle in Plaintiffs' possession was stolen. However, reports to police are absolutely privileged under § 47, 'and may not serve as predicates for tort claims, except for the tort of malicious prosecution.'" (citations omitted)).

**G.  Conclusion**

For the reasons set forth herein, the Moving Defendants' Motion to Dismiss the FAC should be granted, and Claim Four against the Moving Defendants should be dismissed with prejudice. However, since it is unclear whether Plaintiff can cure the deficiencies discussed herein, and as Plaintiff has not been given the opportunity to do so as to

Claims One through Three against the Moving Defendants,[6] Claims One through Three should be dismissed with leave to amend. See Ebner v. Fresh, Inc., 838 F.3d 958, 963 (9th Cir. 2016) ("'In dismissing for failure to state a claim, a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts.'" (quoting Doe v. United States, 58 F.3d 494, 497 (9th Cir. 1995))).

## IV.

### RECOMMENDATION

It is recommended that the Court issue an Order (1) approving and accepting this Report and Recommendation; (2) granting the Moving Defendants' Second Motion to Dismiss (Dkt. No. 94) and, as to the Moving Defendants only, dismissing Claim Four with prejudice and Claims One through Three with leave to amend; (3) providing Plaintiff, within thirty (30) days from the date this Report and Recommendation is accepted, an opportunity to file a Second Amended Complaint that cures the pleading defects discussed herein related to Claims One through Three, is complete in itself without reference to any prior complaint or any other document, and does not add any new claims or new defendants without obtaining prior leave of the Court; and (4) informing Plaintiff that Claims One through Three against the Moving

---

[6] Plaintiff did not name the Moving Defendants in the initial Complaint and, as discussed above, the Court denied the Moving Defendants' initial Motions to Dismiss Claims One through Three. (See Dkt. Nos. 1, 72, 92).

Defendants will be dismissed with prejudice if Plaintiff fails to timely file a Second Amended Complaint.

DATED: May 14, 2024

                                              /s/
                                          ALKA SAGAR
                            UNITED STATES MAGISTRATE JUDGE

**<u>NOTICE</u>**

Reports and Recommendations are not appealable to the Court of Appeals, but may be subject to the right of any party to file objections as provided in the Local Rules Governing the Duties of Magistrate Judges and review by the District Judge whose initials appear in the docket number. No notice of appeal pursuant to the Federal Rules of Appellate Procedure should be filed until entry of the judgment of the District Court.